**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEPHEN KABAK, AS TRUSTEE OF THE STEPHEN KABAK & JOY SCHARY LIVING TRUST, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>          v.<br><br>BECTON, DICKINSON AND COMPANY, VINCENT A. FORLENZA, THOMAS E. POLEN, and CHRISTOPHER R. REIDY,<br><br>                              Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

PHDATA 7203866_1

Plaintiff Stephen Kabak, as Trustee of the Stephen Kabak & Joy Schary Living Trust ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his counsel, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge. Plaintiff's information and belief is based upon, among other things, his counsel's investigation, which includes without limitation: (a) review and analysis of regulatory filings made by Becton, Dickinson and Company ("Becton" or the "Company") with the United States ("U.S.") Securities and Exchange Commission ("SEC"); (b) review and analysis of press releases and media reports issued by and disseminated by Becton; and (c) review of other publicly available information concerning Becton.

## NATURE OF THE ACTION AND OVERVIEW

1.      This is a class action on behalf of persons and entities that purchased or otherwise acquired Becton securities between November 5, 2019 and February 5, 2020, inclusive (the "Class Period"). Plaintiff pursues claims against the Defendants under the Securities Exchange Act of 1934 (the "Exchange Act").

2.      Becton purports to be a medical technology company that develops, manufactures, and sells a broad range of medical supplies, devices, laboratory equipment and diagnostic products. It has three business segments: BD Medical; BD Life Sciences, and BD Interventional. The Company's Alaris pump is a large volume infusion pump that continuously or intermittently delivers fluids, medications, blood and blood products to adult, pediatric or neonatal patients.

3.      On February 6, 2020, Becton lowered its fiscal 2020 guidance, announcing that it expected revenue to increase by only 1.5 to 2.5 percent, "to reflect the impact of the remediation effort and anticipated loss of sales of the Alaris infusion system." According to the Company, the software remediation plan for the Alaris system "will require additional regulatory filings," and existing customers would have "access to the Alaris System under medical necessity." Becton further disclosed that it had recorded a $59 million charge in connection with a voluntary recall

CLASS ACTION COMPLAINT

PHDATA 7203866_1

of certain Alaris pumps.

4.      On this news, Becton's share price fell $33.74, or nearly 12%, to close at $252.25 per share on February 6, 2020, on unusually heavy trading volume.

5.      Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that certain of Becton's Alaris infusion pumps experienced software errors and alarm prioritization issues; (2) that, as a result, the Company was investing in remediation efforts to address these product issues, rather than a software upgrade to "make enhancements;" (3) that the Company was reasonably likely to face regulatory delays in connection with the software remediation; (4) that, as a result of the foregoing, Becton was reasonably likely to recall certain of its Alaris infusion pumps; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

6.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

7.      The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act (15 U.S.C. § 78aa).

9.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and Section 27 of the Exchange Act (15 U.S.C. § 78aa(c)). Substantial acts in furtherance of the alleged fraud or the effects of the fraud have occurred in this Judicial District. Many of the acts charged herein, including the dissemination of materially false and/or misleading information,

PHDATA 7203866_1

occurred in substantial part in this Judicial District. In addition, the Company's principal executive offices are located in this District.

10. In connection with the acts, transactions, and conduct alleged herein, Defendants directly and indirectly used the means and instrumentalities of interstate commerce, including the United States mail, interstate telephone communications, and the facilities of a national securities exchange.

## PARTIES

11. Plaintiff Stephen Kabak, as Trustee of the Stephen Kabak & Joy Schary Living Trust, as set forth in the accompanying certification, incorporated by reference herein, purchased Becton securities during the Class Period, and suffered damages as a result of the federal securities law violations and false and/or misleading statements and/or material omissions alleged herein.

12. Defendant Becton is incorporated under the laws of New Jersey with its principal executive offices located in Franklin Lakes, New Jersey. Becton's shares trade on the New York Stock Exchange ("NYSE") under the symbol "BDX."

13. Defendant Vincent A. Forlenza ("Forlenza") was the Chief Executive Officer ("CEO") of the Company until January 28, 2020.

14. Defendant Thomas E. Polen ("Polen") has been the CEO since January 28, 2020 and was the Chief Operating Officer ("COO") from October 2018 until January 2020.

15. Defendant Christopher R. Reidy ("Reidy") was the Chief Financial Officer ("CFO") of the Company at all relevant times.

16. Defendants Forlenza, Polen, and Reidy (collectively the "Individual Defendants"), because of their positions with the Company, possessed the power and authority to control the contents of the Company's reports to the SEC, press releases and presentations to securities analysts, money and portfolio managers and institutional investors, *i.e.*, the market. The Individual Defendants were provided with copies of the Company's reports and press releases alleged herein to be misleading prior to, or shortly after, their issuance and had the

CLASS ACTION COMPLAINT

3

ability and opportunity to prevent their issuance or cause them to be corrected.  Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were being made were then materially false and/or misleading.  The Individual Defendants are liable for the false statements pleaded herein.

## SUBSTANTIVE ALLEGATIONS

### Background

17.     Becton purports to be a medical technology company that develops, manufactures, and sells a broad range of medical supplies, devices, laboratory equipment and diagnostic products. It has three business segments: BD Medical; BD Life Sciences, and BD Interventional. The Company's Alaris pump is a large volume infusion pump that continuously or intermittently delivers fluids, medications, blood and blood products to adult, pediatric or neonatal patients.

18.     Alaris is subject to an amended consent decree with the FDA. The original consent decree was entered into by CareFusion Corporation in 2007 and amended in 2009. Becton acquired CareFusion in 2015.

### Materially False and Misleading
### Statements Issued During the Class Period

19.     The Class Period begins on November 5, 2019. On that day, Becton announced its fourth quarter and full year 2019 financial results and provided fiscal year 2020 guidance. In a press release, the Company stated, in relevant part:

> BD (Becton, Dickinson and Company) (NYSE: BDX), a leading global medical technology company, today reported quarterly revenues of $4.584 billion for the fourth fiscal quarter ended September 30, 2019. This represents an increase of 4.1 percent over the prior-year period. On a comparable, currency-neutral basis, revenues increased 6.2 percent over the prior-year period.
>
> For the full fiscal year ended September 30, 2019, revenues of $17.290 billion increased 8.2 percent from the prior-year period. On a comparable,

CLASS ACTION COMPLAINT
4

currency-neutral basis, full fiscal year revenues of $17.281 billion grew 5.1 percent.

* * *

**Fiscal 2020 Outlook for Full Year**

The company expects full fiscal year 2020 revenues to increase 4.0 to 4.5 percent as reported, or 5.0 to 5.5 percent on a currency-neutral basis.

The company expects full fiscal year 2020 adjusted diluted earnings per share to be between $12.50 and $12.65. This represents growth of approximately 9.5 to 11.0 percent on a currency-neutral basis over fiscal 2019 adjusted diluted earnings per share of $11.68, or growth of approximately 7.0 to 8.5 percent including the estimated unfavorable impact of foreign currency. Adjusted diluted earnings per share guidance includes an adverse impact of approximately 500 basis points related to the expiration of the Gore royalty.

20.     On November 27, 2019, the Company filed its annual report on Form 10-K for the period ended September 30, 2019 (the "2019 10-K"), affirming the previously reported financial results. Therein, Becton stated, in relevant part:

**Defects or quality issues associated with our products could adversely affect the results of our operations.**

The design, manufacture and marketing of medical devices involve certain inherent risks. Manufacturing or design defects, component failures, unapproved or improper use of our products, or inadequate disclosure of risks or other information relating to the use of our products can lead to injury or other serious adverse events. These events could lead to recalls or safety alerts relating to our products (either voluntary or as required by the FDA or similar governmental authorities in other countries), and could result, in certain cases, in the removal of a product from the market. A recall could result in significant costs and lost sales and customers, enforcement actions and/or investigations by state and federal governments or other enforcement bodies, as well as negative publicity and damage to our reputation that could reduce future demand for our products. Personal injuries relating to the use of our products can also result in significant product liability claims being brought against us. In some circumstances, such adverse events could also cause delays in regulatory approval of new products or the imposition of post-market approval requirements.

21.     The above statements identified in ¶¶ 19-20 were materially false and/or misleading, and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose to investors: (1) that

PHDATA 7203866_1

certain of Becton's Alaris infusion pumps experienced software errors and alarm prioritization issues; (2) that, as a result, the Company was investing in remediation efforts to address these product issues, rather than a software upgrade to "make enhancements;" (3) that the Company was reasonably likely to face regulatory delays in connection with the software remediation; (4) that, as a result of the foregoing, Becton was reasonably likely to recall certain of its Alaris infusion pumps; and (5) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially false and/or misleading and/or lacked a reasonable basis.

**Disclosures at the End of the Class Period**

22.     On February 6, 2020, Becton lowered its fiscal 2020 guidance, announcing that it expected revenue to increase by only 1.5 to 2.5 percent, "to reflect the impact of the remediation effort and anticipated loss of sales of the Alaris infusion system." According to the Company, the software remediation plan for the Alaris system "will require additional regulatory filings," and existing customers would have "access to the Alaris System under medical necessity." In a press release, Becton stated, in relevant part:

> BD (Becton, Dickinson and Company) (NYSE: BDX), a leading global medical technology company, today reported quarterly revenues of $4.225 billion for the first fiscal quarter ended December 31, 2019. This represents an increase of 1.6 percent as reported over the prior-year period, or 2.5 percent on a currency-neutral basis.
>
> BD also announced today that it is continuing to work with the U.S. Federal Drug Administration (FDA) on its software remediation plan for the Alaris System, which will require additional regulatory filings beyond what the company previously anticipated. ***The company expects to submit its comprehensive regulatory filing in the fourth quarter of fiscal year 2020. In the interim, the company will partner with the FDA and existing customers to ensure continued access to the Alaris System under medical necessity.*** As a result, the company is lowering its full fiscal year revenue and adjusted diluted earnings per share guidance.
>
> "In the first quarter, the BD team delivered solid results, in line with our expectations," said Tom Polen, CEO and president. "As we look ahead to the balance of the fiscal year, we are focused on the resolution of the Alaris pump matter. We stand behind the safety of the Alaris System, which is used in the care of 70 percent of patients undergoing infusion therapy. Now, we need to take the

PHDATA 7203866_1

necessary steps to meet the FDA's expectations with respect to the Alaris System. We are committed to doing what is right for customers, patients and shareholders. You can expect that our purpose and values will always be at the core of who we are and how we work to resolve this situation moving forward."

\* \* \*

In the BD Interventional segment, as reported, worldwide revenues for the quarter of $1.012 billion increased 4.4 percent over the prior-year period, or 5.0 percent on a currency-neutral basis. Revenue growth was driven by performance across the Surgery, Urology and Critical Care and Peripheral Intervention units.

\* \* \*

**Fiscal 2020 Outlook for Full Year**

The company is *lowering its full fiscal year 2020 revenue and adjusted diluted earnings per share guidance to reflect the impact of the remediation effort and anticipated loss of sales of the Alaris infusion system*.

(Emphasis added.)

23.     Moreover, Becton disclosed that it had recalled certain of its Alaris systems and that it would only sell the infusion pump to existing customers who demonstrate a medical necessity. In its quarterly report on Form 10-Q for the period ended December 31, 2019, which was also filed with the SEC on February 6, 2020, the Company stated:

On February 4, 2020, the Company initiated a voluntary recall of certain Alaris$^{TM}$ pump systems in order to address software errors and other alarm prioritization matters. The estimated cost of this recall of $59 million was recorded to *Cost of products sold* during the three months ended December 31, 2019. The Company may record incremental charges in future periods associated with this recall.

\* \* \*

First quarter Medical segment revenues were unfavorably impacted by the Medication Management Solutions unit's delay of shipments of Alaris$^{TM}$ infusion pumps pending compliance with certain regulatory filing requirements of the U.S. Food and Drug Administration ("FDA"). Currently, BD will only sell pumps to existing customers who demonstrate a medical necessity for the pumps. As a result, we expect revenues from our Medication Management Solutions unit for the current fiscal year to decline significantly compared to the prior year. We expect the filing with the FDA to be made in BD's fourth fiscal quarter.

24.     On this news, Becton's share price fell $33.74, or nearly 12%, to close at $252.25

per share on February 6, 2020, on unusually heavy trading volume.

## CLASS ACTION ALLEGATIONS

25.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class, consisting of all persons and entities that purchased or otherwise acquired Becton securities between November 5, 2019 and February 5, 2020, inclusive, and who were damaged thereby (the "Class").  Excluded from the Class are Defendants, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

26.     The members of the Class are so numerous that joinder of all members is impracticable.  Throughout the Class Period, Becton's shares actively traded on the NYSE.  While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are at least hundreds or thousands of members in the proposed Class.  Millions of Becton shares were traded publicly during the Class Period on the NYSE.  Record owners and other members of the Class may be identified from records maintained by Becton or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

27.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

28.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

CLASS ACTION COMPLAINT

8

(a)     whether the federal securities laws were violated by Defendants' acts as alleged herein;

(b)     whether statements made by Defendants to the investing public during the Class Period omitted and/or misrepresented material facts about the business, operations, and prospects of Becton; and

(c)     to what extent the members of the Class have sustained damages and the proper measure of damages.

30.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## UNDISCLOSED ADVERSE FACTS

31.     The market for Becton's securities was open, well-developed and efficient at all relevant times.  As a result of these materially false and/or misleading statements, and/or failures to disclose, Becton's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired Becton's securities relying upon the integrity of the market price of the Company's securities and market information relating to Becton, and have been damaged thereby.

32.     During the Class Period, Defendants materially misled the investing public, thereby inflating the price of Becton's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading.  The statements and omissions were materially false and/or misleading because they failed to disclose material adverse information and/or misrepresented the truth about Becton's business, operations, and prospects as alleged herein.

CLASS ACTION COMPLAINT

9

33.     At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused or were a substantial contributing cause of the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Becton's financial well-being and prospects.  These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein when the truth was revealed.

## LOSS CAUSATION

34.     Defendants' wrongful conduct, as alleged herein, directly and proximately caused the economic loss suffered by Plaintiff and the Class.

35.     During the Class Period, Plaintiff and the Class purchased Becton's securities at artificially inflated prices and were damaged thereby.  The price of the Company's securities significantly declined when the misrepresentations made to the market, and/or the information alleged herein to have been concealed from the market, and/or the effects thereof, were revealed, causing investors' losses.

## SCIENTER ALLEGATIONS

36.     As alleged herein, Defendants acted with scienter since Defendants knew that the public documents and statements issued or disseminated in the name of the Company were materially false and/or misleading; knew that such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.  As set forth elsewhere herein in detail, the Individual Defendants, by

PHDATA 7203866_1

virtue of their receipt of information reflecting the true facts regarding Becton, their control over, and/or receipt and/or modification of Becton's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Becton, participated in the fraudulent scheme alleged herein.

## APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THE-MARKET DOCTRINE)

37.     The market for Becton's securities was open, well-developed and efficient at all relevant times.  As a result of the materially false and/or misleading statements and/or failures to disclose, Becton's securities traded at artificially inflated prices during the Class Period.  On February 5, 2020, the Company's share price closed at a Class Period high of $285.99 per share. Plaintiff and other members of the Class purchased or otherwise acquired the Company's securities relying upon the integrity of the market price of Becton's securities and market information relating to Becton, and have been damaged thereby.

38.     During the Class Period, the artificial inflation of Becton's shares was caused by the material misrepresentations and/or omissions particularized in this Complaint causing the damages sustained by Plaintiff and other members of the Class.  As described herein, during the Class Period, Defendants made or caused to be made a series of materially false and/or misleading statements about Becton's business, prospects, and operations.  These material misstatements and/or omissions created an unrealistically positive assessment of Becton and its business, operations, and prospects, thus causing the price of the Company's securities to be artificially inflated at all relevant times, and when disclosed, negatively affected the value of the Company shares.  Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at such artificially inflated prices, and each of them has been damaged as a result.

39.     At all relevant times, the market for Becton's securities was an efficient market for the following reasons, among others:

(a)     Becton shares met the requirements for listing, and was listed and actively traded

CLASS ACTION COMPLAINT

11

on the NYSE, a highly efficient and automated market;

(b)     As a regulated issuer, Becton filed periodic public reports with the SEC and/or the NYSE;

(c)     Becton regularly communicated with public investors via established market communication mechanisms, including through regular dissemination of press releases on the national circuits of major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services; and/or

(d)     Becton was followed by securities analysts employed by brokerage firms who wrote reports about the Company, and these reports were distributed to the sales force and certain customers of their respective brokerage firms.  Each of these reports was publicly available and entered the public marketplace.

40.     As a result of the foregoing, the market for Becton's securities promptly digested current information regarding Becton from all publicly available sources and reflected such information in Becton's share price. Under these circumstances, all purchasers of Becton's securities during the Class Period suffered similar injury through their purchase of Becton's securities at artificially inflated prices and a presumption of reliance applies.

41.     A Class-wide presumption of reliance is also appropriate in this action under the Supreme Court's holding in *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972), because the Class's claims are, in large part, grounded on Defendants' material misstatements and/or omissions.  Because this action involves Defendants' failure to disclose material adverse information regarding the Company's business operations and financial prospects—information that Defendants were obligated to disclose—positive proof of reliance is not a prerequisite to recovery.  All that is necessary is that the facts withheld be material in the sense that a reasonable investor might have considered them important in making investment decisions.  Given the importance of the Class Period material misstatements and omissions set forth above, that requirement is satisfied here.

## NO SAFE HARBOR

42.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions. In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements. In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements was made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of Becton who knew that the statement was false when made.

## FIRST CLAIM
### Violation of Section 10(b) of The Exchange Act and
### Rule 10b-5 Promulgated Thereunder
### Against All Defendants

43.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

44.     During the Class Period, Defendants carried out a plan, scheme and course of conduct which was intended to and, throughout the Class Period, did: (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; and (ii) cause Plaintiff and other members of the Class to purchase Becton's securities at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each defendant, took the actions set forth herein.

45.     Defendants (i) employed devices, schemes, and artifices to defraud; (ii) made untrue statements of material fact and/or omitted to state material facts necessary to make the

PHDATA 7203866_1

statements not misleading; and (iii) engaged in acts, practices, and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities in an effort to maintain artificially high market prices for Becton's securities in violation of Section 10(b) of the Exchange Act and Rule 10b-5. All Defendants are sued either as primary participants in the wrongful and illegal conduct charged herein or as controlling persons as alleged below.

46. Defendants, individually and in concert, directly and indirectly, by the use, means or instrumentalities of interstate commerce and/or of the mails, engaged and participated in a continuous course of conduct to conceal adverse material information about Becton's financial well-being and prospects, as specified herein.

47. Defendants employed devices, schemes and artifices to defraud, while in possession of material adverse non-public information and engaged in acts, practices, and a course of conduct as alleged herein in an effort to assure investors of Becton's value and performance and continued substantial growth, which included the making of, or the participation in the making of, untrue statements of material facts and/or omitting to state material facts necessary in order to make the statements made about Becton and its business operations and future prospects in light of the circumstances under which they were made, not misleading, as set forth more particularly herein, and engaged in transactions, practices and a course of business which operated as a fraud and deceit upon the purchasers of the Company's securities during the Class Period.

48. Each of the Individual Defendants' primary liability and controlling person liability arises from the following facts: (i) the Individual Defendants were high-level executives and/or directors at the Company during the Class Period and members of the Company's management team or had control thereof; (ii) each of these defendants, by virtue of their responsibilities and activities as a senior officer and/or director of the Company, was privy to and participated in the creation, development and reporting of the Company's internal budgets, plans, projections and/or reports; (iii) each of these defendants enjoyed significant personal contact and familiarity with the other defendants and was advised of, and had access to, other members of the

CLASS ACTION COMPLAINT
14

Company's management team, internal reports and other data and information about the Company's finances, operations, and sales at all relevant times; and (iv) each of these defendants was aware of the Company's dissemination of information to the investing public which they knew and/or recklessly disregarded was materially false and misleading.

49. Defendants had actual knowledge of the misrepresentations and/or omissions of material facts set forth herein, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose such facts, even though such facts were available to them. Such defendants' material misrepresentations and/or omissions were done knowingly or recklessly and for the purpose and effect of concealing Becton's financial well-being and prospects from the investing public and supporting the artificially inflated price of its securities. As demonstrated by Defendants' overstatements and/or misstatements of the Company's business, operations, financial well-being, and prospects throughout the Class Period, Defendants, if they did not have actual knowledge of the misrepresentations and/or omissions alleged, were reckless in failing to obtain such knowledge by deliberately refraining from taking those steps necessary to discover whether those statements were false or misleading.

50. As a result of the dissemination of the materially false and/or misleading information and/or failure to disclose material facts, as set forth above, the market price of Becton's securities was artificially inflated during the Class Period. In ignorance of the fact that market prices of the Company's securities were artificially inflated, and relying directly or indirectly on the false and misleading statements made by Defendants, or upon the integrity of the market in which the securities trades, and/or in the absence of material adverse information that was known to or recklessly disregarded by Defendants, but not disclosed in public statements by Defendants during the Class Period, Plaintiff and the other members of the Class acquired Becton's securities during the Class Period at artificially high prices and were damaged thereby.

51. At the time of said misrepresentations and/or omissions, Plaintiff and other members of the Class were ignorant of their falsity, and believed them to be true. Had Plaintiff

PHDATA 7203866_1

and the other members of the Class and the marketplace known the truth regarding the problems that Becton was experiencing, which were not disclosed by Defendants, Plaintiff and other members of the Class would not have purchased or otherwise acquired their Becton securities, or, if they had acquired such securities during the Class Period, they would not have done so at the artificially inflated prices which they paid.

52.     By virtue of the foregoing, Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

53.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases and sales of the Company's securities during the Class Period.

**SECOND CLAIM**
**Violation of Section 20(a) of The Exchange Act**
**Against the Individual Defendants**

54.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

55.     Individual Defendants acted as controlling persons of Becton within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their high-level positions and their ownership and contractual rights, participation in, and/or awareness of the Company's operations and intimate knowledge of the false financial statements filed by the Company with the SEC and disseminated to the investing public, Individual Defendants had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading. Individual Defendants were provided with or had unlimited access to copies of the Company's reports, press releases, public filings, and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

56.     In particular, Individual Defendants had direct and supervisory involvement in the

CLASS ACTION COMPLAINT

16

day-to-day operations of the Company and, therefore, had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.

57.     As set forth above, Becton and Individual Defendants each violated Section 10(b) and Rule 10b-5 by their acts and omissions as alleged in this Complaint. By virtue of their position as controlling persons, Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and other members of the Class suffered damages in connection with their purchases of the Company's securities during the Class Period.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a)     Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

(c)     Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as the Court may deem just and proper.

PHDATA 7203866_1

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

Dated: February 27, 2020

By: */s/ Lisa J. Rodriguez*

Lisa J. Rodriguez
**SCHNADER HARRISON SEGAL
   & LEWIS LLP**
Woodland Falls Corporate Park
220 Lake Drive East, Suite 200
Cherry Hill, NJ 08002
Tel: (845) 482-5741
Fax: (856) 482-6980
Email: ljrodriguez@schnader.com

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 201-9150
Facsimile:  (310) 201-9160

*Counsel for Plaintiff*

CLASS ACTION COMPLAINT
18

## SWORN CERTIFICATION OF PLAINTIFF

## BECTON, DICKINSON AND COMPANY SECURITIES LITIGATION

I, Stephen Kabak, as Trustee of the Stephen Kabak & Joy Schary Living Trust, certify that:

1.   I have reviewed the Complaint and authorize its filing and/or the filing of a Lead Plaintiff motion on my behalf. I am duly authorized to institute legal action against Becton, Dickinson and Company, and other defendants.

2.   I did not purchase the Becton, Dickinson and Company securities that are the subject of this action at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3.   I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.   My transactions in Becton, Dickinson and Company securities during the Class Period set forth in the Complaint are as follows:

     (See attached transactions)

5.   I have not sought to serve, nor served, as a representative party on behalf of a class under this title during the last three years.

6.   I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

I declare under penalty of perjury that the foregoing are true and correct statements.

2/11/2020
_____
Date

DocuSigned by:

*Stephen Kabak*
0E4EEE0AF5844BE...
_____
Stephen Kabak, Trustee

**Stephen Kabak & Joy Schary Living Trust's**
**Transactions in  Becton, Dickinson and Company (BDX)**

| Date | Transaction Type | Quantity | Unit Price |
|------|------------------|----------|------------|
| 12/13/2019 | Bought | 20 | $267.4500 |

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Stephen Kabak, As Trustees of The Stephen Kabak & Joy Schary Living Trust, individually and On Behalf of All Others Similarly Situated

## DEFENDANTS

Becton, Dickinson and Company, Vincent A. Forlenza, Thomas E. Polen, Christopher R. Reidy

**(b)** County of Residence of First Listed Plaintiff  Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bergen
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Schnader Harrison Segal & Lewis, LLP
Woodland Falls Corporate Park, 220 Lake Drive East, Suite 200
Cherry Hill, NJ 08002 - Lisa J. Rodriguez, Esq. (856) 482-5741

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 78j(h) and 78e(a)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE  2/27/2020

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____