**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEPHEN KABAK, AS TRUSTEE OF THE STEPHEN KABAK & JOY SCHARY LIVING TRUST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>BECTON, DICKINSON AND COMPANY, VINCENT A. FORLENZA, THOMAS E. POLEN, AND CHRISTOPHER R. REIDY,<br><br>Defendants. | No.: 2:20-cv-02155-SRC-CLW<br><br>**MICHAEL KIM'S RESPONSE BRIEF IN FURTHER SUPPORT OF HIS MOTION TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>CLASS ACTION<br><br>**Motion Date: June 1, 2020** |

# TABLE OF CONTENTS

**INTRODUCTION**..................................................................................1

**ARGUMENT** .......................................................................................2

  **I.  MOVANT SHOULD BE APPOINTED AS CO-LEAD PLAINTIFF**........2

    **A. Protection of the Interests of Options Investors**.........................3

    **B. Protection of the Interests of Individual Investors** ....................4

**CONCLUSION**....................................................................................8

## TABLE OF AUTHORITIES

Page(s)

Cases

*Aguilar v. Vitamin Shoppe, Inc.*,
  No. 2:17-CV-6454-KM-MAH, 2018 WL 1960444 (D.N.J. Apr. 25, 2018)...........7

*China Agritech, Inc. v. Resh*,
  138 S. Ct. 1800 (2018)..........................................................................................3

*Comrie v. Enterasys Networks, Inc.*,
  837 A.2d 1 (Del. Ch. 2003) ................................................................................4

*Girsh v. Jepson*,
  521 F.2d 153 (2d Cir. 2008) ...............................................................................1

*In re Lernout & Hauspie Sec. Litig.*,
  138 F. Supp. 2d 39 (D. Mass. 2001)..................................................................11

*In re Orthopedic Bone Screw Prod. Liab. Litig.*,
  246 F.3d 315 (3d Cir. 2001) ...............................................................................1

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998)..............................................................7, 8, 9, 11

*Laborers Local 1298 Pension Fund v. Campbell Soup Co.*,
  No. CIV. A. 00-152 (JEI), 2000 WL 486956 (D.N.J. Apr. 24, 2000) ......2, 6, 9, 10

*Sokolow v. LJM Funds Mgmt., Ltd.*,
  No. 18-CV-01039, 2018 WL 3141814 (N.D. Ill. June 26, 2018) ..................10, 11

*Weisz v. Calpine Corp.*,
  No. 4:02-CV-1200, 2002 WL 32818827 (N.D. Cal. Aug. 19, 2002) ....................7

Statutes

15 U.S.C. § 78u-4(a)(3)(B)(i) .....................................................................................2

Other Authorities

*Risks and Hedges of Providing Liquidity in Complex Securities: The Impact of Insider Trading on Options Mark*et Makers,
15 Fordham J. Corp. & Fin. L. 387 (2010) ...........................................................4

*Securities Litigation and Its Lawyers: Changes During the First Decade After the Pslra*,
106 Colum. L. Rev. 1489 ........................................................................7

iii

Plaintiff Michael Kim ("Movant") submits this response brief in further support of his motion (Dkt. 9) for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by PSLRA, for the following relief:

(i)     Movant requests that this Court protect the interests of options investors and individual investors in Becton Dickinson and Company ("Becton") securities from November 5, 2019 through February 5, 2020, inclusive, by appointing Movant as Co-Lead Plaintiff of the Class to represent the interests of options investors and individual investors; and

(ii)    Movant requests that the Court approve his selection of The Rosen Law Firm, P.A. as Co-Lead Counsel for either the Class or the Subclass.

## INTRODUCTION

This Court has substantial discretion in deciding how to best fulfill its "fiduciary responsibility as the guardian of the rights of the absentee class members." *Girsh v. Jepson*, 521 F.2d 153, 157 (2d Cir. 2008); *see also In re Orthopedic Bone Screw Prod. Liab. Litig.*, 246 F.3d 315, 316 (3d Cir. 2001) (courts rely on "principles of equity" to fulfill their "role as a fiduciary" in the class context).  The Court must decide how to effectively manage the case taking into account the nature of the claims, breadth of the allegations, the damages or other relief sought, the potential scope of discovery, the likely quality of the defense, the potential differing interests of various class members, and the experience and effectiveness of counsel for the

1

class.

In exercising its discretion, this Court may choose to appoint multiple lead plaintiffs, and multiple lead counsel, where the circumstances of the case justify such measures. See *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. CIV. A. 00-152 (JEI), 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000). Movant does not appear to be the party with the largest financial interest before the Court. That appears to be Industriens Pensionsforsikring A/S ("Industriens"), a foreign pension fund. However, Movant is the only party with *any* financial interest in Becton options contracts. Indeed, Movant lost over $143,000 in Becton options. This Court should appoint Movant as Co-Lead Plaintiff to account for the interests of options investors and the interests of individual investors, and approve the Movant's selection of counsel.

## **ARGUMENT**

## I.    **MOVANT SHOULD BE APPOINTED AS CO-LEAD PLAINTIFF**

The Court has the express authority to appoint more than one lead plaintiff under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) (The court "shall appoint as lead plaintiff the member *or members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members" (emphasis added)); *see also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018) (Supreme Court observing that "[d]istrict courts often permit

2

aggregation of plaintiffs into plaintiff groups" and that "80% of securities class actions in post-PSLRA data sample had two or more co-lead counsel firms").

Appointing Movant as Co-Lead Plaintiff would advance significant interests: protection of the interests of option investors; and protection of the interests of individual investors.

### A.    Protection of the Interests of Options Investors

#### 1.  The Differing Interests of Stock and Options Investors

Investors in stocks and options alike buy and sell based on predictions about the stock's or the company's future value.  But there are two major ways in which the interests and outcomes for stock investors and options investors may diverge.

First, stocks and options are valued differently and may require separate expert analysis to determine damages.  While valuing stock requires only analysis of the market price, the most common valuation model for options, the Black-Scholes method, requires analysis of "the value of the security underlying the options, the exercise price, the time to maturity ... , and interest rate and the volatility of the [underlying] stock price."  *Comrie v. Enterasys Networks, Inc.*, 837 A.2d 1, 18 n.87 (Del. Ch. 2003).  Thus, to assess his damages, Movant and other options investors will have to do more than just measure losses on stock trades, unlike other members of the class who invested only in stock.  The large loss of market value in this case – $9.5 billion – makes that analysis necessary and important.

3

Second, options investors may have to take on substantive fights that stock investors do not. For example, issues regarding the efficiencies of the options market may diverge from arguments regarding the efficiencies of the market as to the sale of stocks. *See generally* Stanislav Dolgopolov, *Risks and Hedges of Providing Liquidity in Complex Securities: The Impact of Insider Trading on Options Market Makers*, 15 Fordham J. Corp. & Fin. L. 387, 434 & n.183 (2010) (collecting cases noting that the efficiency of derivatives markets may not follow automatically from the efficiency of a stock market). Stock investors generally lack incentives to fight those battles on behalf of options investors—particularly here since competing movant Industriens has no financial interest in Becton options.

### 2. Movant Is Best Suited to Represent Options Investors

Movant has a significant financial interest in options. He suffered significant losses – over $143,000. Dkt. 9-6. He is the only options trader that has taken the initiative to come forward to be lead plaintiff. He thus has a strong incentive to represent the interests of investors in the options market. And he, along with his counsel, is highly qualified to do so. *See* Dkt. 9-2 at 3-9 (explaining Movant's and his counsel's qualifications and fitness).

### B. Protection of the Interests of Individual Investors

Courts have found that more diverse lead plaintiff groups containing individual investors are preferred. For example, in *Campbell Soup*, 2000 WL 486956, at *3, the

4

Court appointed a group of co-lead plaintiffs consisting of the Treasurer of the State of Connecticut, an institutional investor, and two individual investors.  In appointing that group, the Court reasoned that it was "desirable to have both an institutional investor, like Connecticut, and individual investors ... included as lead plaintiffs since each may bring a unique perspective to the litigation." *Campbell Soup*, 2000 WL 486956, at *3.  The Southern District of New York and the Northern District of California have reached the same conclusion.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (appointing institutional and individual investors as co-lead plaintiffs to represent a broad range of interests); *Weisz v. Calpine Corp.*, No. 4:02-CV-1200, 2002 WL 32818827, at *8 (N.D. Cal. Aug. 19, 2002) (appointing institutional and individual investors as co-lead plaintiffs to "ensure that all class members will adequately be represented").

Movant is an individual investor seeking appointment as lead plaintiff.   As noted in his opening brief, Movant has worked in corporate finance and has been investing for well over 10 years. Dkt. 9-2 at 8.  Movant, unlike Industriens, is domestic and lives in Arkansas.  Movant has a loss of $143,045.00, (*see* Dkt. 9-6) – a significant financial interest for him, providing a strong incentive for him be an "active and engaged plaintiff" who will "supervise the conduct of [this] litigation." *Aguilar v. Vitamin Shoppe, Inc.*, No. 2:17-CV-6454-KM-MAH, 2018 WL 1960444, at *11 (D.N.J. Apr. 25, 2018).  Movant will provide a unique perspective to this

5

litigation, as Industriens is a large, foreign investor.

## C. The Successful and Efficient Prosecution of This Large, Complex Case

Courts have further recognized where, as here, the case is particularly large and complex, the class will benefit from the perspectives, efforts, and funds of multiple lead plaintiffs and their counsel. *See Oxford Health Plans*, 182 F.R.D. at 45 (appointing three co-lead plaintiffs and noting that the co-lead plaintiffs can provide the class with "the substantial benefits of joint decision-making and joint funding" consistent with "the language of the PSLRA and the purpose of Congress"). There is no doubt that this case is large. Becton investors suffered enormous losses, with its stock dropping 12% – erasing $9.5 billion of market cap overnight. And the case is complex, even by securities law standards. The allegations also implicate many different aspects of Defendants' business, including its supply chain, software systems, medical device systems, product recalls, and many other issues. Litigation will likely require multiple experts, and a team of dedicated counsel. Any one of those issues would make for a significant case. Combined, they represent a large litigation.

Appointing Movant as Co-Lead Plaintiff "will best serve the interests of the proposed class . . . because such a structure will allow for pooling, not only of the [plaintiffs'] knowledge and experience, but also of the resources of the plaintiffs'

6

counsel in order to support what could prove to be a costly and time-consuming litigation." *Oxford Health*, 182 F.R.D. at 46. Those pooled strategic and financial resources will be necessary to successfully prosecute and try the case against Becton's sophisticated counsel, McCarter & English, LLP and Winston & Strawn LLP.

Moreover, this case is much larger than other cases where courts have found it appropriate to appoint multiple lead plaintiffs, with multiple lead counsel. For example, in *Campbell Soup*, which involved a $100 million loss, the court appointed three co-lead plaintiffs represented by two co-lead counsel. *See Campbell Soup*, 2000 WL 486956, at *3; Consolidated Amended Class Action Complaint, *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. CIV. A. 00-152 (JEI), 2000 WL 486956 (D.N.J. Apr. 24, 2000); *see also Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-CV-01039, 2018 WL 3141814, at *7 (N.D. Ill. June 26, 2018); Amended Complaint, *Sokolow v. LJM Funds Mgmt., Ltd.*, No. 18-CV-01039, at ¶5 (N.D. Ill. filed August 16, 2018). And it is common for courts to approve of multiple law firms as co-lead counsel in large securities fraud cases. *See, e.g.*, *Oxford Health*, 182 F.R.D. at 50 (approving three law firms as co-lead counsel); *In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 46 (D. Mass. 2001) (approving three law firms as co-lead counsel given the complexity of the case and the amount of money at stake); *see also, e.g.*, Stephen J. Choi & Robert B. Thompson, *Securities Litigation and Its Lawyers:*

7

*Changes During the First Decade After the Pslra*, 106 Colum. L. Rev. 1489, 1521 & Table 4 (2006) (over 35 percent of PSLRA cases have three or more co-lead counsel firms).

## <u>CONCLUSION</u>

For the reasons explained above, Movant respectfully requests that this Court (1) appoint Movant as Co-Lead Plaintiff of the Class to represent the interests of individual investors and options investors; and (2) approve Movant's selection of The Rosen Law Firm, P.A. as Counsel.


Dated: May 18, 2020                    Respectfully submitted,

                                       **THE ROSEN LAW FIRM, P.A.**

                                       <u>/s/ Laurence M. Rosen</u>
                                       Laurence M. Rosen LR-5733
                                       One Gateway Center, Suite 2600
                                       Newark, NJ 07102
                                       Telephone: (973) 313-1887
                                       Fax: (973) 833-0399
                                       lrosen@rosenlegal.com

                                       *[Proposed] Lead Counsel for Plaintiff and the Class*

8

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen