**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*Counsel for Movant Michael Kim*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN KABAK, AS TRUSTEE OF THE STEPHEN KABAK & JOY SCHARY LIVING TRUST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>BECTON, DICKINSON AND COMPANY, VINCENT A. FORLENZA, THOMAS E. POLEN, AND CHRISTOPHER R. REIDY,<br><br>Defendants. | No.: 2:20-cv-02155-SRC-CLW<br><br>**MICHAEL KIM'S MOTION FOR RECONSIDERATION OF ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL (Dkt. No. 24)**<br><br><u>CLASS ACTION</u><br><br>**Motion Date: November 2, 2020** |

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................2

CONCLUSION ......................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Am. Pipe & Const. Co. v. Utah*,
   414 U.S. 538 (1974) ......................................................................................7

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800, 201 L. Ed. 2d 123 (2018) ...........................................................4

*Christine Asia Co. v. Yun Ma*,
   No. 115MD02631CMSDA, 2019 WL 5257534 (S.D.N.Y. Oct. 16, 2019)............6

*Harold Roucher Tr. U/A DTD 09/21/72 v. Franklin Bank Corp.*,
   No. CIV.A.4:08-CV-1810, 2009 WL 1941864 (S.D. Tex. July 6, 2009)...........6, 7

*Hassine v. Jeffes*,
   846 F.2d 169 (3d Cir. 1988) ................................................................................3

*Hedick v. Kraft Heinz Co.*,
   No. 19-CV-1339, 2019 WL 4958238 (N.D. Ill. Oct. 8, 2019)...........................3, 5

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ................................................................................3

*In re Merck & Co., Inc. Sec., Derivative & "Erisa" Litig.*,
   No. CV051151SRCCLW, 2016 WL 7486326 (D.N.J. Feb. 11, 2016)...................6

*In re New Oriental Educ. & Tech. Grp. Sec. Litig.*,
   293 F.R.D. 483 (S.D.N.Y. 2013)..........................................................................7

*In re NYSE Specialists Sec. Litig.*,
   240 F.R.D. 128 (S.D.N.Y. 2007)..........................................................................3

*Krueger v. Wyeth, Inc.*,
   No. 03CV2496 JLS (AJB), 2008 WL 481956 (S.D. Cal. Feb. 19, 2008)...............4

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
   176 F.3d 669 (3d Cir. 1999) ...............................................................................2, 3

*Pearl v. Allied Corp.*,
   102 F.R.D. 921 (E.D. Pa. 1984) ..............................................................................4

*Shah v. Zimmer Biomet Holdings, Inc.*,
   No. 3:16-CVR-815-PPS-MGG, 2020 WL 2570050 (N.D. Ind. May 21, 2020).....6

*Too v. Rockwell Med., Inc.*,
   No. 1:18-CV-04253, 2020 WL 1026410 (E.D.N.Y. Feb. 26, 2020).......................6

*Union Asset Management Holdings AG v. The Kraft Heinz Company*,
   2020 WL 563047 (N.D. Ill.).....................................................................................6

## Statutes

15 U.S.C. § 78u-4(a)(3)(B) .........................................................................................2

## Rules

Fed. R. Civ. P. 23(a)(4).................................................................................................2

Fed. R. Civ. P. 60(b) ....................................................................................................2

iii

Movant Michael Kim ("Mr. Kim") respectfully submits this memorandum of law in support of his motion for reconsideration of the Court's June 9, 2020 order appointing lead plaintiff and lead counsel (Dkt. No. 24) (the "LP Order").

## INTRODUCTION

The LP Order appointing Industriens Pensionsforsikring A/S ("Industriens") as Lead Plaintiff did not contemplate the crucial reality that options purchasers, like Mr. Kim, would be entirely omitted from the Class of Becton, Dickinson and Company ("Becton") investors. In Industriens' Amended Class Action Complaint ("Amended Complaint"), Industriens narrowed the noticed class definition from those that "purchased or otherwise acquired Becton *securities* between November 5, 2019 and February 5, 2020, inclusive" (Dkt. No. 1) (emphasis added) to only those "who purchased or otherwise acquired the *common stock* of Becton[] between November 5, 2019 and February 5, 2020, both dates inclusive." (Dkt. 31, at 1) (emphasis added). Mr. Kim suffered a significant loss of over $143,000 on transactions in Becton securities. As a result of Industriens' narrowing of the Class, options purchasers, like Mr. Kim, are left in the dust.

In response to a PSLRA early notice advising Becton investors of the pendency of this action on "behalf of persons and entities that purchased or otherwise acquired Becton[] (NYSE: BDX) securities between November 5, 2019 and February 5, 2020, inclusive," (Dkt. 9-4), Industriens sought and was appointed Lead

Plaintiff of the putative class of Becton securities purchasers. (LP Order at 1-3). As Lead Plaintiff, Industriens is a fiduciary of Class it represents and is required to protect fairly and adequately the interests of the *whole* Class—not just the part of the Class that it has a financial interest in—stock purchasers. 15 U.S.C. § 78u-4(a)(3)(B); Fed. R. Civ. P. 23(a)(4). Mr. Kim and other options purchasers relied on Industriens to safeguard their interests. By deliberately eliminating options purchasers from the Class, without any consideration, Industriens is not adequately protecting the Class. Options purchasers rightfully belong in the Class as they, as well as common stock purchasers were injured by Becton's misconduct.

## ARGUMENT

Rule 60(b) provides in relevant part, that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The moving party must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Reconsideration is the appropriate means of bringing to the Court's attention manifest errors of fact or law.

2

*Id.* at 678.

Courts must be especially vigilant to ensure that the due process rights of all class members are safeguarded through adequate representation at all times.  Lead plaintiffs under the PSLRA are fiduciaries to class and must "'represent the claims of the class vigorously'" and not have "'a conflict between [its] claims and those asserted on behalf of the class.'"  *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001) (quoting *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)).  Additionally, courts have interpreted their lead plaintiff responsibilities, and those of the lead plaintiff, "to encompass a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interest of the class members."  *In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007) (internal quotes omitted); *Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *9 (N.D. Ill. Oct. 8, 2019) (lead plaintiffs have the "responsibility to propose their own withdrawal and substitution should it be discovered that they may no longer adequately represent the interests of the purported plaintiff class.").

Industriens violated its fiduciary duty to class it was appointed to represent by failing to protect their interests.  As Lead Plaintiff, Industriens has the obligation to pursue the interests of the entire Class zealously. The intentional omission of options purchasers from the Class definition has significant implications for both options purchasers and the Class at large. The initial complaint and PSLRA early notice

3

disseminated to investors to solicit their participation in the case as lead plaintiff explicitly included all those who purchased Becton securities in the class definition. But narrowing the Class as common stock purchasers, Industriens has jeopardized the viability of valuable claims belonging to a significant component of a class that was previously and repeatedly informed it was represented in this action. Abandoning these valuable claims for no consideration is effectively a class-wide release, given that the filing of this action does not toll the statute of limitations for subsequent class actions. *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804, 201 L. Ed. 2d 123 (2018) ("*American Pipe* does not permit the maintenance of a follow-on class action past the expiration of the statute of limitations.").

Additionally, Industriens' abandonment of claims exposes it and its counsel to significant attacks concerning their adequacy, potentially imperiling class certification. *See, e.g., Pearl v. Allied Corp.,* 102 F.R.D. 921, 923-24 (E.D. Pa. 1984) (finding tactical abandonment of claims undertaken to improve odds of success of class certification suggestive of inadequacy of counsel because of the potential prejudice to class members in imperiling valuable claims); *Krueger v. Wyeth, Inc.*, No. 03CV2496 JLS (AJB), 2008 WL 481956, at *3 (S.D. Cal. Feb. 19, 2008) (same).

The Court's intervention is required to prevent manifest injustice. Mr. Kim's concern expressed in his lead plaintiff briefing that Industriens would ignore the interests of options purchasers materialized. In addressing Mr. Kim's concerns, the

4

LP Order only contemplated adding named plaintiffs to address standing issues. (*See* LP Order at 6) ("consideration can be addressed by adding named plaintiffs on which the lead plaintiff can rely for aid in representing a class"). The LP Order did not contemplate the wholesale abandonment of options purchasers' claims. Inexplicably, Industriens did not add any named plaintiffs to the Amended Complaint to assuage this now materialized concern regarding these jettisoned claims. Nor did Lead Counsel contact the undersigned to be added to the amended complaint. The decision to drop options purchasers from the Class illustrates the need to, at a minimum, appoint Mr. Kim as lead plaintiff for options purchasers and approve his selection of counsel for Becton options holders.

It is unclear why Industriens intentionally narrowed the Class definition. Indeed, options purchasers are typically included in class definitions. For example, in *Hedick*, several movants argued for separate representation of options purchasers at the lead appointment stage. *Hedick*, 2019 WL 4958238, at *9. The court declined to do so as at that stage the conflict was only speculative and hypothetical. *Id.* But, the court there cautioned that the movants should monitor whether the lead plaintiff adequately protected the interests of the entire class. *Id.* Appropriately, the consolidated complaint specifically included in the class those who purchased call

5

options and sold put options. *Hedick* Compl., 2020 WL 563047 (N.D. Ill.).[1] Failing

to include these Becton investors is no longer hypothetical.

When faced with a nearly identical fact pattern as here, the court in *Harold*

*Roucher Tr. U/A DTD 09/21/72 v. Franklin Bank Corp.*, No. CIV.A.4:08-CV-1810,

2009 WL 1941864, at \*3 (S.D. Tex. July 6, 2009) appointed a new lead plaintiff.

After appointment as lead plaintiff, the Franklin Investor Group, which had the

largest loss, filed a consolidated amended complaint which "limited the class of

plaintiffs to common stockholders of the bank instead of allowing all securities

purchasers to participate." *Id.* at \*2-3. The *Franklin Bank* court concluded that the

Franklin Investor Group's "willingness to drop the claims of preferred stockholders

from the Consolidated Amended Complaint, without notice, overcomes the

presumption that the plaintiff that suffered the greatest financial loss should serve as

lead plaintiff." *Id.* at \*9. Having only purchased preferred stock, the Harold Roucher

Trust moved for relief from the lead plaintiff order, arguing that the removal of

preferred shareholders from the class definition in the amended complaint "was not

---

[1] Securities class action settlements will often explicitly include options purchasers. *See, e.g.*, *Christine Asia Co. v. Yun Ma*, No. 115MD02631CMSDA, 2019 WL 5257534, at \*4 (S.D.N.Y. Oct. 16, 2019), (settlement class included those who "purchased call options or sold put options"); *In re Merck & Co., Inc. Sec., Derivative & "Erisa" Litig.*, No. CV051151SRCCLW, 2016 WL 7486326, at \*1 (D.N.J. Feb. 11, 2016) (similar); *Shah v. Zimmer Biomet Holdings, Inc.*, No. 3:16-CVR-815-PPS-MGG, 2020 WL 2570050, at \*6 (N.D. Ind. May 21, 2020) (similar); *Too v. Rockwell Med., Inc.*, No. 1:18-CV-04253, 2020 WL 1026410, at \*1 (E.D.N.Y. Feb. 26, 2020).

6

a careless mistake, but rather a conscious decision by the Investor Group to limit the class to common stockholders." *Id.* at *3. The court then granted the Trust's motion for relief from the lead plaintiff order and appointed it as lead plaintiff to represent preferred shareholders in the litigation. *Id.* at *10.

Likewise, in *In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 487 (S.D.N.Y. 2013), the court severed the claims of a previous lead plaintiff movant who represented options purchasers. There, despite promising to include options purchasers in the class, the lead plaintiff failed to include them in its amended complaint. The *New Oriental* court noted the substantial repercussion for the "abandoned" subclass, including significant issues with respect to a non-tolling of the statute of limitations under *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974). *Id.* at 489. The newly severed case was coordinated with the initial lead plaintiff's case for discovery and case management purposes. *Id.* Mr. Kim urges the Court to follow the *Franklin Bank* and *New Oriental* courts' decisions to appoint a lead plaintiff to protect the interests of a subclass of investors.

## CONCLUSION

For the reasons stated herein, the Court should grant Mr. Kim's motion for reconsideration and appoint him as a separate lead plaintiff for options purchasers and approve his selection of The Rosen Law Firm, P.A. as lead counsel for options purchasers.

7

Dated: October 2, 2020          Respectfully submitted,

                                **THE ROSEN LAW FIRM, P.A.**

                                /s/ Laurence M. Rosen
                                Laurence M. Rosen LR-5733
                                One Gateway Center, Suite 2600
                                Newark, NJ 07102
                                Telephone: (973) 313-1887
                                Fax: (973) 833-0399
                                lrosen@rosenlegal.com

                                *Counsel for Movant Michael Kim*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 2, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen