**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*Counsel for Movant Michael Kim*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN KABAK, AS TRUSTEE OF THE STEPHEN KABAK & JOY SCHARY LIVING TRUST, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>BECTON, DICKINSON AND COMPANY, VINCENT A. FORLENZA, THOMAS E. POLEN, AND CHRISTOPHER R. REIDY,<br><br>Defendants. | No.: 2:20-cv-02155-SRC-CLW<br><br>**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MICHAEL KIM'S MOTION FOR RECONSIDERATION OF ORDER APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL (Dkt. No. 24)**<br><br><u>CLASS ACTION</u><br><br>**Motion Date: November 2, 2020** |

# TABLE OF CONTENTS

ARGUMENT ..........................................................................................................1

CONCLUSION .....................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*China Agritech, Inc. v. Resh*,
   138 S. Ct. 1800, 201 L. Ed. 2d 123 (2018) ...........................................................1

*Harold Roucher Tr. U/A DTD 09/21/72 v. Franklin Bank Corp.*,
   No. CIV.A.4:08-CV-1810, 2009 WL 1941864 (S.D. Tex. July 6, 2009)...............5

*Hedick v. Kraft Heinz Co.*,
   No. 19-CV-1339, 2019 WL 4958238 (N.D. Ill. Oct. 8, 2019)...............................2

*In re Bank of Am. Corp. Sec., Derivative & Employment Ret. Income Sec. Act (ERISA) Litig.*,
   No. 09 MDL 2058 (DC), 2010 WL 1438980 (S.D.N.Y. Apr. 9, 2010).................3

*In re Bank of Am. Corp. Sec., Derivative, & Employee Ret. Income Sec. Act (ERISA) Litig.*,
   No. 09 MD 2058 PKC, 2011 WL 4538428 (S.D.N.Y. Sept. 29, 2011).................3

*In re Barclays Bank PLC Sec. Litig.*,
   No. 09 CIV. 1989 (PAC), 2016 WL 3235290 (S.D.N.Y. June 9, 2016) ...............4

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ..................................................................................1

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   No. 12-CV-4081, 2013 WL 4399215 (S.D.N.Y. Aug. 13, 2013) .......................3, 4

*In re New Oriental Educ. & Tech. Grp. Sec. Litig.*,
   293 F.R.D. 483 (S.D.N.Y. 2013)..........................................................................4, 5

*In re NYSE Specialists Sec. Litig.*,
   240 F.R.D. 128 (S.D.N.Y. 2007)............................................................................5

*In re SLM Corp. Sec. Litig.*,
   258 F.R.D. 112 (S.D.N.Y. 2009)............................................................................5

*In re Zynga Inc. Sec. Litig.*,
   No. 12-CV-04007-JSC, 2015 WL 6471171 (N.D. Cal. Oct. 27, 2015)..................2

*Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*,
   231 F.3d 1215 (9th Cir. 2000) ...............................................................................5

**<u>Statutes</u>**

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................................1

**<u>Rules</u>**

Fed. R. Civ. P. 23 ................................................................................................1, 6

Movant Michael Kim ("Mr. Kim") respectfully submits this memorandum of law in further support of his motion for reconsideration of the Court's June 9, 2020 order appointing lead plaintiff and lead counsel (Dkt. No. 24) (the "LP Order").

## ARGUMENT

Industriens does not deny that it sold out options purchasers, like Mr. Kim, who suffered a significant loss of over $143,000 on transactions in Becton securities. As Industriens would have it, options purchasers like Mr. Kim are left with little to no recourse. Industriens claims that, as lead plaintiff, it has absolute power over the course of the litigation, and is free to make any decision with no regard to consequence. That is not so. Industriens is a fiduciary to the class, placed in a position of trust. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001). As such, it has fiduciary responsibilities, being required to protect the rights and interests of the entire class, not simply that portion to which it has a financial interest. 15 U.S.C. § 78u-4(a)(3)(B); Fed. R. Civ. P. 23(a)(4).

Industriens' contention that it's decision to ignore the options claims will not result in prejudice because the options purchasers will be able to pursue such claims individually is both disingenuous and incorrect. The claims are effectively released given the running of the statute of limitations against absent class members. *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804, 201 L. Ed. 2d 123 (2018) ("*American Pipe* does not permit the maintenance of a follow-on class action past the expiration

1

of the statute of limitations."). Further, the notion that each options holder should instead file an expensive individual action to assert their claims is unwieldy and not feasible.

Industriens proffers that it was not in the best interests of the entire class to assert claims on behalf of options purchasers at this time; and accuses Mr. Kim of second-guessing. Opp. at 5-6 (Dkt. No. 38). However, Industriens does not have unlimited authority as lead plaintiff. It is a fiduciary to the entire class, and as such, Industriens has a responsibility to act to protect the interests of the entire class. The Order did not contemplate that Industriens would abandon a significant portion of the class, and hence must be reconsidered. Action must be taken to safeguard the interests of Mr. Kim and other options purchasers who relied on Industriens. *See Hedick v. Kraft Heinz Co.*, No. 19-CV-1339, 2019 WL 4958238, at *9 (N.D. Ill. Oct. 8, 2019) ("[A] member of the purported class will be allowed to endeavor to protect its own interests and the interests of its fellow class members by similarly moving the court to have a lead plaintiff removed upon good cause shown.").

Industriens' cases are off the mark. Industriens relies heavily on *Bank of America I* and *Bank of America II*. These cases are distinguishable because there a subclass with potentially meritorious claims was not abandoned. In *Bank of America I*, the lead plaintiff averred that it had a financial incentive to bring claims on behalf of the excluded class, and had not yet determined whether it would do so. *In re Bank*

2

*of Am. Corp. Sec., Derivative & Employment Ret. Income Sec. Act (ERISA) Litig.*,
No. 09 MDL 2058 (DC), 2010 WL 1438980, at *2 (S.D.N.Y. Apr. 9, 2010). The
court gave the lead plaintiff an opportunity to bring those claims, and, indeed, the
lead plaintiff did ultimately bring them. Here, on the other hand, Industriens does not
have a financial incentive to bring options claims, was given an opportunity to bring
them, but instead opted to cut them out of the class completely.

In *Bank of America II*, the lead plaintiff had *already* brought claims on behalf
of options purchasers that were dismissed. *In re Bank of Am. Corp. Sec., Derivative,
& Employee Ret. Income Sec. Act (ERISA) Litig.*, No. 09 MD 2058 PKC, 2011 WL
4538428, at *1 (S.D.N.Y. Sept. 29, 2011). The "tactical decision" by the lead plaintiff
there was to not revive the dismissed claims, not, like here, to inexplicably cut them
out altogether.

In the *Facebook* case, there was no abandoned subclass at all; the plaintiffs
already had their claims represented. *In re Facebook, Inc., IPO Sec. & Derivative
Litig.*, No. 12-CV-4081, 2013 WL 4399215, at *5 (S.D.N.Y. Aug. 13, 2013). There,
several members of the class were unhappy with the lead plaintiffs' decision to only
include claims brought pursuant to the Securities Act of 1933, and not the Securities
Exchange Act of 1934. *Id.* at *2. They wished to bring a complaint that also asserted
Exchange Act claims, and purported to represent those who purchased on a private
exchange (the movants had not bought on the private exchange themselves). Their

3

interests, though, were already represented in the consolidated complaint. *Id*. at *5 ("the Exchange Act Plaintiffs here are included in the Consolidated Securities Action and claims have been asserted on their behalf"). Not so here, Mr. Kim's, and the options purchasers', claims were abandoned.[1]

Contrary to Industriens, both *New Oriental* and *Franklin Bank* are on point. While it may have been a factor, the analysis of the *New Oriental* court did not turn on the broken promise to include options purchasers. Instead, the court's analysis hinged on the damage done to the "abandoned" subclass because options purchasers would be prejudiced by a lead plaintiff that would "neglect" their claims. *In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 487 (S.D.N.Y. 2013). To deny the options purchasers the ability to assert their claims would amount to "peremptorily dismiss[al] of the options class claims without any briefing on whether such a dismissal was warranted." *Id.* at 488.

Similarly, in *Franklin Bank* the court's analysis turned on the "conflict of interest" that existed between the preferred shareholders and common shareholders.

---

[1] Similarly, Industriens' reliance on *In re Barclays Bank PLC Sec. Litig.*, No. 09 CIV. 1989 (PAC), 2016 WL 3235290, at *7 (S.D.N.Y. June 9, 2016) is misplaced. There, the lead plaintiff intended to abandon only a Section 12(a)(2) claim and continue to pursue Section 11 and Section 15 claims. *Id.* Unlike in the instant case, Defendants did not offer an argument why that "leaves absent class members worse off." *Id.*

4

*Harold Roucher Tr. U/A DTD 09/21/72 v. Franklin Bank Corp.*, No. CIV.A.4:08-CV-1810, 2009 WL 1941864, at \*2 (S.D. Tex. July 6, 2009). The court remarked that it must ensure "that independent classes with conflicts are protected by subdivision and separate representation," and cited the fact that resolution of claims would come from the same insurance proceeds even though the lead plaintiff did not have incentive to pursue its claims. *Id.*

Here, that same conflict exists. It is apparent by the fact that Industriens excised options purchasers from the class--that options purchasers need separate representation so that they will be sufficiently protected and can obtain their fair share of any settlement or judgment.

Indeed, "[c]ourts have interpreted their lead plaintiff responsibilities under the PSLRA to encompass a continuing duty to monitor whether lead plaintiffs are capable of adequately protecting the interests of the class members." *See In re NYSE Specialists Sec. Litig.*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007); *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 114 (S.D.N.Y. 2009) (same); *see also Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215, 1219 (9th Cir. 2000) (discussing a "district court's continuing duty to see that a class is adequately represented by counsel" under Rule 23) (emphasis in the original). The Court should find that the interests of the options purchasers are not adequately represented by Industriens and appoint Mr. Kim as lead plaintiff for the options subclass.

5

Finally, Mr. Kim filed this motion for reconsideration upon discovery that Industriens would not, and did not intend to include, options purchasers from the class definition. That new facts/development occurred much later than within 14 days of the Order, so Mr. Kim asks that the Court accept the instant motion as he filed after discovery that options purchasers were excluded from the class definition, or recharacterize the motion to that which the Court deems appropriate in the interests of justice.

## CONCLUSION

For the reasons stated herein, the Court should grant Mr. Kim's motion for reconsideration and appoint him as a separate lead plaintiff for options purchasers and approve his selection of The Rosen Law Firm, P.A. as lead counsel for options purchasers.

Dated: October 26, 2020                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           /s/ Laurence M. Rosen
                                           Laurence M. Rosen LR-5733
                                           One Gateway Center, Suite 2600
                                           Newark, NJ 07102
                                           Telephone: (973) 313-1887
                                           Fax: (973) 833-0399
                                           lrosen@rosenlegal.com

                                           *Counsel for Movant Michael Kim*

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2020, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/ Laurence M. Rosen