**CARELLA BYRNE CECCHI**
**OLSTEIN BRODY & AGNELLO, PC**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Joshua E. D'Ancona
Eric K. Gerard (admitted *Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Counsel for Lead Plaintiff Industriens*
*Pensionsforsikring A/S and Lead Counsel*
*for the Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY, VINCENT A. FORLENZA, THOMAS E. POLEN, and CHRISTOPHER R. REIDY,<br><br>Defendants. | Case No. 2:20-cv-02155-SRC-CLW<br><br>Hon. Stanley R. Chesler<br>District Judge<br><br>Hon. Cathy L. Waldor<br>Magistrate Judge<br><br>**MOTION DAY**: February 16, 2021 |

## MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE AMENDED CLASS ACTION COMPLAINT

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................ 2

I.      Procedural Background.......................................................................................... 2

II.     Proposed Amendment............................................................................................ 4

LEGAL STANDARD......................................................................................................... 4

ARGUMENT...................................................................................................................... 6

I.      Under Rule 15(a)'s Liberal Standard, Plaintiff Should Be Granted Leave to
        Amend Its Pleading with Newly Discovered, Highly Material Information ...................... 6

II.     Defendants Cannot Meet Their Burden of Showing That Denial of
        Plaintiff's Motion Is Warranted under Rule 15(a)'s Permissive Standard ......................... 7

        A.      Plaintiff Promptly Sought Leave to Amend upon Discovery
                of Relevant New Information ...................................................................... 7

        B.      Defendants Can Make No Showing of Bad Faith or Dilatory
                Motive ........................................................................................................ 8

        C.      Defendants Will Not Be Subject to Undue Prejudice as a
                Result of the Proposed Amendment ........................................................... 8

        D.      Defendants Can Make No Showing of Futility........................................... 9

CONCLUSION................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accurate Abstracts, LLC v. Havas Edge, LLC*,
  2014 WL 3573402 (D.N.J. July 21, 2014).................................................................................5

*Adams v. Gould Inc.*,
  739 F.2d 858 (3d Cir. 1984).......................................................................................................8

*Am. Gen. Life Ins. Co. v. Altman Fam. Ins. Tr.*,
  2009 WL 5214027 (D.N.J. Dec. 22, 2009)................................................................................7

*In re AMBAC Fin. Grp., Inc., Derivative Litig.*,
  2008 WL 5262428 (S.D.N.Y. Dec. 11, 2008) ..........................................................................9

*Arthur v. Maersk, Inc.*,
  434 F.3d 196 (3d Cir. 2006)....................................................................................................5, 7

*Boldman v. Wal-Mart Stores, Inc.*,
  2016 WL 4418219 (D.N.J. Aug. 17, 2016) ..............................................................................5

*In re Bristol-Myers Squibb Sec. Litig.*,
  228 F.R.D. 221 (D.N.J. 2005)....................................................................................................8

*Campbell v. Sedgwick Detert, Moran & Arnold*,
  2013 WL 1314429 (D.N.J. Mar. 28, 2013)............................................................................6, 8

*City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*,
  908 F.3d 872 (3d Cir. 2018)......................................................................................................9

*Collinge v. IntelliQuick Delivery, Inc.*,
  2012 WL 6177893 (D. Ariz. Dec. 11, 2012) ............................................................................6

*E85 Inc. v. CIMID Corp.*,
  2009 WL 10690054 (D.N.J. Sept. 8, 2009) ..............................................................................9

*Foman v. Davis*,
  371 U.S. 178 (1962)...................................................................................................................4

*Homeland Ins. Co. of Del. v. Devereux Found.*,
  2019 WL 3714486 (E.D. Pa. Aug. 7, 2019) ..........................................................................8, 9

*Kokot v. Maxim Healthcare Servs., Inc.*,
  2019 WL 10896989 (D. Colo. Feb. 15, 2019)..........................................................................6

*Lickteig v. Cerberus Cap. Mgmt., L.P.*,
    2020 WL 7629876 (S.D.N.Y. Dec. 22, 2020) ...........................................................................6

*Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC*,
    2014 WL 1343075 (D.N.J. Apr. 4, 2014) ..............................................................................9, 10

*In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig.*,
    2013 WL 2395035 (D.N.J. May 29, 2013) ...........................................................................5, 7

*N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co., Inc.*,
    2012 WL 209349 (D.N.J. Jan. 24, 2012) ...............................................................................10

*Pohl v. U.S. E.P.A.*,
    2010 WL 2607476 (W.D. Pa. June 25, 2010)..........................................................................5

*Posey v. NJR Clean Energy Ventures Corp.*
    2015 WL 6561236 (D.N.J. Oct. 29, 2015)................................................................................9

*Rhulen v. LG Chem Am., Inc.*,
    2018 WL 515851 (D.N.J. Jan. 23, 2018) ........................................................................4, 5, 6

*Richardson v. Allied Interstate, Inc.*,
    2010 WL 3404978 (D.N.J. Aug. 26, 2010) ..............................................................................7

*TLE Mktg. Corp. v. WBM, LLC*,
    2018 WL 4401725 (D.N.J. Sept. 14, 2018) ..............................................................................5

*Toorzani v. Elmwood Park Bd. of Educ.*,
    2010 WL 1009975 (D.N.J. Mar. 16, 2010)...............................................................................7

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
    2020 WL 4038878 (D.N.J. July 17, 2020)................................................................................9

*Werner v. Werner*,
    267 F.3d 288 (3d Cir. 2001).....................................................................................................5

**Statutes**

15 U.S.C. § 78u-4(b)....................................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 15(a) ....................................................................................................................4

iii

**INTRODUCTION**

Lead Plaintiff Industriens Pensionsforsikring A/S ("Plaintiff") respectfully submits this Memorandum of Law in Support of Lead Plaintiff's Motion for Leave to Amend the Amended Class Action Complaint ("Motion").[1] Plaintiff seeks to amend the operative Amended Class Action Complaint (ECF No. 31) ("Amended Complaint" or "AC") under Federal Rule of Civil Procedure ("Rule") 15(a) to add allegations concerning facts that Plaintiff recently discovered in its continuing investigation of the events and circumstances underlying this action. These newly learned facts—which do not alter the alleged Class Period, causes of action, or parties at issue— are highly relevant to Plaintiff's claims and supply additional detail, context, and particularity to the already well-substantiated allegations set forth in the AC.[2] Consideration of these further allegations now, before the Court expends considerable time and resources ruling on Defendants' pending motion to dismiss, will promote judicial economy and the efficient administration of this matter.

Plaintiff's Motion and proposed amendment meet the criteria set forth in Rule 15(a), and Defendants cannot make a showing to the contrary. Plaintiff promptly raised the proposed amendment with Defendants upon deciding to amend and have timely filed this motion well before the deadline established by the Court (ECF No. 59); the Motion is not motivated by bad faith or dilatory motives (but is rather an effort to bring all available, relevant facts before the Court); and Defendants will suffer no undue prejudice from the amendment—nor have Defendants raised any such concern in discussions with Plaintiff. Furthermore, the proposed amendment plainly is not

---

[1] Defendants have not consented to the proposed amendment.

[2] Unless otherwise defined, capitalized terms have the meanings ascribed to them in the AC, all emphasis is added, and all internal citations and quotation marks are omitted.

1

futile, and any argument to the contrary would be purely speculative, as there has been no ruling on Defendants' motion to dismiss, and Plaintiff's new allegations materially augment those of the AC. No other equitable consideration warrants denial of leave to amend. Plaintiff's Motion should thus be granted.

## BACKGROUND

### I.      Procedural Background

This securities fraud class action alleges that, in late 2019 and early 2020, Defendants issued several materially false or misleading public statements concerning BD's ability to deliver revenues from the Alaris infusion pump system that underpinned BD's fiscal year 2020 financial guidance, including statements misrepresenting significant, ongoing regulatory and product issues in the Alaris product line.  After an original class action complaint was filed against Defendants on February 27, 2020 (ECF No. 1), the Court appointed Industriens Pensionsforsikring A/S as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") on June 9, 2020. ECF No. 24.

In accordance with a Court-ordered schedule (ECF No. 6), on August 10, 2020, Plaintiff filed the Amended Complaint, alleging three counts for: (i) violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5 against all Defendants (Count I); (ii) violations of Section 20(a) of the Exchange Act against the Individual Defendants (Count II); and (iii) violations of Sections 10(b) and 20A of the Exchange Act and SEC Rule 10b-5 for insider trading against Defendants Forlenza and Polen (Count III). AC at 79-85.

On October 9, 2020, Defendants moved to dismiss the Amended Complaint under Rule 12(b)(6) and the PSLRA along with ancillary documents, including a lengthy appendix. ECF No. 36. Plaintiff filed its opposition to Defendants' motion to dismiss and a motion to strike the appendix on November 23, 2020. ECF Nos. 54, 55. According to the Court-ordered schedule,

Defendants' reply in further support of their motion to dismiss was due on December 23, 2020. ECF No. 6. Pursuant to a stipulation between the parties, Defendants' opposition brief to the motion to strike was likewise due on December 23, 2020, and Plaintiff's reply in further support of the motion to strike was due by January 13, 2021. ECF No. 57.

Meanwhile, Plaintiff, through Lead Counsel, had continued its investigation of the facts and circumstances underlying Plaintiff's claims. During this investigation, after filing its opposition and motion on November 23, 2020, Plaintiff discovered new information of direct relevance to the allegations set forth in the Amended Complaint. *See infra* Background, Section II. Upon careful review of this information and further investigation, Plaintiff determined that an amendment of the Amended Complaint was warranted, in that it would serve the interests of justice and more fully present the claims of the putative class.

Soon after, on December 10, 2020, Lead Counsel informed opposing counsel of its intent to file a second amended complaint. Through cooperative discussions, the parties reached a stipulation regarding outstanding briefing deadlines given the proposed amendment. On December 17, 2020, the Court granted the Parties' stipulation that Defendants' pending deadline to file a reply brief in support of the motion to dismiss the Amended Complaint and an opposition to Plaintiff's motion to strike, and Plaintiff's reply date, would, with the Court's approval, be taken off calendar. ECF No. 59. In its effectuating Order, the Court directed that the stipulation be "**subject to a 60-day time limit, by which either the Second Amended Complaint is filed on consent of all parties or Plaintiff files a motion for leave to file a Second Amended Complaint**." *Id*. (emphasis in original). Defense counsel subsequently informed Lead Counsel that Defendants would not consent to the amendment at the present time. Defendants, however, did not raise any purported issues of undue delay, bad faith, undue prejudice, or futility.

## II.        Proposed Amendment

Plaintiff's proposed amendment consists predominantly of new factual allegations related to the reports of a former employee who personally worked on Alaris-related regulatory projects in BD's Regulatory Department before, during, and after the Class Period (along with minor modifications of the Amended Complaint made for clarity). This newly discovered information does not alter the scope of Plaintiff's claims or the Class Period. It does, however, impact many of the core allegations in this suit, including those concerning critical Alaris-related regulatory issues that BD encountered, BD's interactions with the Food and Drug Administration ("FDA") about Alaris, and the actions and analyses undertaken by BD's Regulatory Department regarding Alaris issues before and during the Class Period. *See* Proposed Second Amended Class Action Complaint ¶¶ 97-98, 135-54, 159-66, 182-85, 242-43, attached as Exhibit A. These new allegations dovetail with the ample pleadings of fraud in the AC but provide additional facts, detail, context, and depth to Plaintiff's claims through even more of the sort of particularized allegations required of securities class action plaintiffs at the pleading stage under the PSLRA.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that, following a twenty-one-day post-service period within which "[a] party may amend its pleading once as a matter of course," Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Yet Rule 15(a) also provides that courts "should freely give leave when justice so requires." *Id.* The Supreme Court has instructed that "this mandate is to be heeded" to give a plaintiff "an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, granting leave to amend is "liberally favored," especially where it would "promote the economic and speedy disposition of the entire controversy between the parties." *Rhulen v. LG Chem Am., Inc.*, 2018 WL 515851, at *1 (D.N.J.

4

Jan. 23, 2018).  Indeed, the Third Circuit has held that "[l]eave to amend *must* generally be granted unless equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc*., 434 F.3d 196, 204 (3d Cir. 2006).

Accordingly, courts considering a motion for leave to amend analyze whether important equitable factors such as "undue delay, bad faith, undue prejudice, and futility of the proposed amendment" militate against amendment. *In re Merck & Co., Inc. Sec., Derivative & "ERISA" Litig*., 2013 WL 2395035, at *3 (D.N.J. May 29, 2013) (Chesler, J.). Absent a showing that such factors predominate, "leave to amend should generally be freely granted." *Boldman v. Wal-Mart Stores, Inc*., 2016 WL 4418219 at *2 (D.N.J. Aug. 17, 2016); *see also TLE Mktg. Corp. v. WBM, LLC,* 2018 WL 4401725, at *3 (D.N.J. Sept. 14, 2018) ("[W]here there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted."); *Accurate Abstracts, LLC v. Havas Edge, LLC*, 2014 WL 3573402, at *2 (D.N.J. July 21, 2014) (cautioning that "[t]he Court may deny a motion to amend the pleadings *only* where there is" a demonstration of one of these equitable factors). This liberal standard applies equally to cases proceeding under the PSLRA, such as this one. *See Werner v. Werner*, 267 F.3d 288, 297 (3d Cir. 2001) (despite the "high burden[]" of the PSLRA, "[w]e will not add to the strict discovery restrictions in the [PSLRA] by narrowly construing Rule 15," finding "justice and fairness require" leave to amend to add newly discovered allegations). The burden is on the party opposing the amendment to establish that some equitable factor exists to an extent sufficient to justify denying the amendment. *Pohl v. U.S. E.P.A*., 2010 WL 2607476, at *2 (W.D. Pa. June 25, 2010).

## ARGUMENT

**I.      Under Rule 15(a)'s Liberal Standard, Plaintiff Should Be Granted Leave to Amend Its Pleading with Newly Discovered, Highly Material Information**

In light of the liberal standard of Rule 15(a), furthering "the economic and speedy disposition" of this litigation through the consideration of additional material allegations warrants granting leave to amend. *Rhulen*, 2018 WL 515851, at *1. Plaintiff's proposed amendment would allow the Court to more efficiently consider Plaintiff's claims on the merits at the pleading stage by setting forth the fullest available set of factual allegations for review at the soonest possible time. The amendment would conserve judicial resources and promote efficiency by eliminating motion practice that will likely be mooted (including the remaining briefing on the pending motion to dismiss and the pending motion to strike) while obviating the need for the Court to rule on allegations that Plaintiff intends to augment with particularized facts of clear relevance to this action. These are precisely the sort of circumstances in which other courts in this district and elsewhere have granted leave to amend. *See, e.g.*, *Campbell v. Sedgwick Detert, Moran & Arnold*, 2013 WL 1314429, at *4 (D.N.J. Mar. 28, 2013) (permitting amendment to plead newly-discovered facts); *Lickteig v. Cerberus Cap. Mgmt., L.P.*, 2020 WL 7629876, at *3 (S.D.N.Y. Dec. 22, 2020) (same); *Kokot v. Maxim Healthcare Servs., Inc.*, 2019 WL 10896989, at *3 (D. Colo. Feb. 15, 2019) ("It is proper to amend to add new facts, even if those new facts do not themselves create a new cause of action."); *Collinge v. IntelliQuick Delivery, Inc*., 2012 WL 6177893, at *3 (D. Ariz. Dec. 11, 2012) ("Given that the purpose of Rule 15 is to facilitate a decision on the merits, rather than on the pleadings or technicalities, amendment to include additional facts is appropriate at this early stage of the litigation.").

**II.      Defendants Cannot Meet Their Burden of Showing That Denial of Plaintiff's Motion Is Warranted under Rule 15(a)'s Permissive Standard**

Plaintiff's Motion has been timely raised, is not motivated by bad faith or dilatory motives, will not cause Defendants undue prejudice, and would not be futile. *See In re Merck*, 2013 WL 2395035, at *3. As Defendants cannot meet their burden of showing any of these equitable concerns (and, to be clear, they have not yet raised any), Plaintiff's Motion should be granted.

**A.      Plaintiff Promptly Sought Leave to Amend upon Discovery of Relevant New Information**

There is "no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" *Arthur*, 434 F.3d at 205. Even where plaintiffs have potentially delayed seeking leave, courts generally grant the motions, as "[d]elay alone . . . is not sufficient to justify denial of leave to amend." *Toorzani v. Elmwood Park Bd. of Educ.*, 2010 WL 1009975, at *1 (D.N.J. Mar. 16, 2010) (Chesler, J.); *see also Arthur*, 434 F.3d at 205 (reversing denial of amendment and holding eleven-month wait to seek to amend was not presumptively unreasonable); *Richardson v. Allied Interstate, Inc*., 2010 WL 3404978, at *6 (D.N.J. Aug. 26, 2010) (seven months); *Am. Gen. Life Ins. Co. v. Altman Fam. Ins. Tr.*, 2009 WL 5214027, at *3 (D.N.J. Dec. 22, 2009) (sixteen months).

Plaintiff has not delayed in seeking leave to amend at all. Shortly after submitting its brief in opposition to the motion to dismiss on November 23, 2020, Plaintiff discovered important new information in its ongoing investigation that further substantiated its claims in the Amended Complaint but that had not been available to Plaintiff earlier. After conducting further investigation and review, Lead Counsel promptly informed opposing counsel of its intent to file the Second Amended Class Action Complaint including this information on behalf of Plaintiff and the putative class. Plaintiff's diligence in contacting opposing counsel soon after discovering facts to which it had no prior access, and in filing this motion, demonstrates not even a hint of undue delay. *See*

7

*Campbell*, 2013 WL 1314429, at *4. Moreover, that Plaintiff now seeks leave to amend well within the sixty-day period provided by the Court for such a motion in its December 17, 2020 Order confirms Plaintiff's diligence.

### B.  Defendants Can Make No Showing of Bad Faith or Dilatory Motive

In analyzing whether bad faith exists, the court should "focus on the plaintiffs' motives for not amending their complaint . . . earlier." *Adams v. Gould Inc*., 739 F.2d 858, 868 (3d Cir. 1984). Here, as described above, Plaintiff promptly determined to amend in December 2020, upon learning new information which had not previously been available to it. Plaintiff then consulted with Defendants about its intention to amend. Defendants raised no purported issue of bad faith or dilatory aims in discussions regarding the proposed amendment with Plaintiff, nor is there any basis on which to do so now. There is no suggestion of bad faith or dilatory motive on this record.

### C.  Defendants Will Not Be Subject to Undue Prejudice as a Result of the Proposed Amendment

In considering a motion for leave to amend, courts deem undue prejudice to the non-moving party "the touchstone for the denial of the amendment." *In re Bristol-Myers Squibb Sec. Litig*., 228 F.R.D. 221, 228 (D.N.J. 2005). The burden is on the non-moving party to demonstrate that the amendment will cause more than "[i]ncidental prejudice" (such as the need to file responsive papers). *Id.* Rather, the opposing party must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered." *Id.*

Defendants can make no such showing. First, Plaintiff promptly provided Defendants notice of its intent to amend upon discovery and review of the new information—nearly two weeks before Defendants' December 23, 2020 filing deadlines. ECF Nos. 6, 57. *See Homeland Ins. Co. of Del. v. Devereux Found*., 2019 WL 3714486, at *4 (E.D. Pa. Aug. 7, 2019) (finding no undue

8

prejudice where plaintiff informed defendant "reasonably soon after the facts were discovered"). Second, Plaintiff acted cooperatively to minimize any burden on Defendants by agreeing to adjourn the then-pending filing deadlines, and thus agreeing that Defendants could avoid incurring any unnecessary expenses in finishing their reply brief in support of the motion to dismiss and their opposition to the motion to strike. Third, the proposed amendment does not seek to add any new claims or parties, nor does it seek to change the theory of the case, but serves only to bolster and support Plaintiff's current allegations with further particularized factual support. *E85 Inc. v. CIMID Corp.*, 2009 WL 10690054, at *2 (D.N.J. Sept. 8, 2009) (finding no prejudice where plaintiff did not change the theory of the case or add new claims).

Moreover, discovery has yet to begin, as it remains stayed pending adjudication of Defendants' motion to dismiss under the PSLRA. *See* 15 U.S.C. § 78u-4(b)(3)(B). Defendants thus have lost no opportunities to present or investigate facts and have not incurred expenses related to duplicative discovery. *See Posey v. NJR Clean Energy Ventures Corp*. 2015 WL 6561236, at *3 (D.N.J. Oct. 29, 2015) (no prejudice to defendant where "amendment [was] brought before discovery [had] begun, and therefore it is not deprived of the opportunity to present any facts or evidence"); *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, 2020 WL 4038878, at *8 (D.N.J. July 17, 2020) (defendant not prejudiced where motion to amend filed with a year remaining in the discovery period); *In re AMBAC Fin. Grp., Inc., Derivative Litig.*, 2008 WL 5262428, at *1 (S.D.N.Y. Dec. 11, 2008) (granting leave to amend while motion to dismiss pending).

### D.      Defendants Can Make No Showing of Futility

An amendment is futile if "the proposed complaint could not withstand a renewed motion to dismiss" applying "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp,* 908 F.3d 872, 878 (3d Cir. 2018). Because of the liberal standard applicable to amending complaints, courts impose "a heavy burden on

9

opponents who wish to declare a proposed amendment futile." *Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC*, 2014 WL 1343075, at \*3 (D.N.J. Apr. 4, 2014). Futility is established only where the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face." *N.Y. Pipeline Mech. Contractors, LLC v. Sabema Plumbing & Heating Co., Inc.*, 2012 WL 209349, at \*1 (D.N.J. Jan. 24, 2012) (Chesler, J.).

Futility is not remotely implicated here because the proposed amendment is neither frivolous nor the vehicle for a facially insufficient claim. In the Amended Complaint, Plaintiff has alleged substantial claims of fraud against the Defendants, providing particularized allegations that Defendants intentionally concealed substantial safety and regulatory issues with the Alaris device based upon, *inter alia*, Defendants' FDA and SEC filings and other public statements and alleged admissions, reports by market analysts, and detailed statements by former employees of BD. The proposed amendment further details and substantiates Plaintiff's claims against Defendants by providing additional factual support regarding the alleged fraud, largely provided by a former employee with direct personal knowledge of events, facts, and circumstances that are highly relevant to the events and circumstances underlying this case. Finally, any claim of futility at this point is speculative, as Plaintiff's claims in the Amended Complaint were never tested—let alone dismissed—on the merits.

## CONCLUSION

For all these reasons, Lead Plaintiff's Motion for Leave to Amend the Amended Class Action Complaint should be granted.

Dated: January 14, 2021                              Respectfully submitted,

**CARELLA BYRNE CECCHI**              **KESSLER TOPAZ**
**OLSTEIN BRODY & AGNELLO, PC**       **MELTZER & CHECK, LLP**
                                       Joshua E. D'Ancona
*s/ James E. Cecchi*                  Eric K. Gerard (admitted *Pro Hac Vice*)
James E. Cecchi                        280 King of Prussia Road

10

Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Liaison Counsel for the Putative Class*

Radnor, PA 19087
Telephone: (610) 667-7706
jdancona@ktmc.com
egerard@ktmc.com

*Counsel for Lead Plaintiff Industriens
Pensionsforsikring A/S and Lead Counsel
for the Putative Class*

## CERTIFICATE OF SERVICE

I, James E. Cecchi, hereby certify that on January 14, 2021, I caused a true and correct copy of the foregoing Memorandum of Law in Support of Lead Plaintiff's Motion for Leave to Amend the Amended Class Action Complaint to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 14, 2021

*s/ James E. Cecchi*
James E. Cecchi
**CARELLA BYRNE CECCHI
OLSTEIN BRODY & AGNELLO, PC**
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for the Putative Class*