UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>BECTON, DICKINSON AND COMPANY, VINCENT A. FORLENZA, THOMAS E. POLEN, and CHRISTOPHER R. REIDY,<br><br>Defendants. | Case No. 2:20-cv-02155-SRC-CLW<br><br>**OPINION** |

**CHESLER**, District Judge

This matter comes before the Court on Lead Plaintiff Industriens Pensionsforsikring's ("Plaintiff") motion to strike Appendix A (ECF No. 69-17) (the "Appendix") and all argument relying on the Appendix which was submitted with Defendants' Motion to Dismiss the Second Amended Class Action Complaint (ECF No. 69) (the "MTD") and Memorandum of Law in Support of Defendants' Motion to Dismiss the Second Amended Class Action Complaint (ECF No. 69-1) ("Defendants' Brief"). The motion has been fully briefed, and the Court has reviewed the papers filed by the Parties. It proceeds to rule on the motion without oral argument. See Fed. R. Civ. P. 78(b). For the reasons that follow, Plaintiff's motion will be denied.

On March 17, 2021, Defendants, with the consent of Plaintiff, sought permission to file a motion to dismiss brief of fifty pages in length and twelve-point font, exceeding the forty-page/fourteen-point font or thirty-page/twelve-point font limit provided by Local Civil Rule 7.2(d).

(ECF No. 67.) The Court granted this request on March 18, 2021. (ECF No. 68.) On March 19, 2021, Defendants filed the MTD and attached the Appendix. (ECF No. 69.) The Appendix is a thirty-page chart that purports to summarize the 25 alleged misstatements identified in Plaintiff's 98-page SAC. The Appendix is broken into six columns, consisting of (i) an arbitrary statement number identifier designated by Defendants; (ii) the paragraph within the Second Amended Class Action Complaint (the "SAC") that contains the alleged misstatement; (iii) the "source" of the alleged misstatement, (iv) the substance of the alleged misstatement, as described in the SAC; (v) the "category" of the defense that Defendants purport is applicable to the alleged misstatement; and (vi) if an alleged misstatement was purportedly forward-looking in nature, the cautionary language which Defendants identify as relevant to the statement.[1] Defendants also apply various color- and formatting-codes to identify which of Defendants' legal arguments apply to any given alleged misstatement.[2]

While Plaintiff styles its motion to strike as the presentation of various grounds on which the Court should grant its motion, they all boil down to a single contention: The Appendix impermissibly extends the argument within Defendants' Brief beyond the fifty-page limitation set forth in the Court's March 18, 2021 Order.[3] Accordingly, the Parties expend substantial time and

---

[1] These columns are labeled, respectively: (i) "Stmt.," (ii) "Compl. ¶," (iii) "Source (Speaker/Document)," (iv) "Alleged Misstatement," (v) "Category," and (6) "Cautionary Language (Where Statement is Forward-Looking)."

[2] The Court notes that the submission of the Appendix is not a surprise to Plaintiff. Defendants submitted a similar appendix with their October 9, 2020 Motion to Dismiss the [First] Amended Class Action Complaint. (ECF No. 59.) On November 23, 2020, Plaintiff moved the Court to strike that appendix. (ECF No. 55.) On December 17, 2021, this initial motion to strike was adjourned sine die in light of Plaintiff's intention to file the Second Amended Complaint. (ECF No. 59.) Accordingly, the Court registers its dismay that the Parties did not seek to resolve this dispute as part of the March 18, 2021 Order.

[3] The March 18, 2021 Order, which concerns the page-length and formatting of the Motion to Dismiss briefing, supersedes Local Rule 7.2. This Rule states in pertinent part:

energy contesting whether the contents of the Appendix constitute argument not otherwise found within Defendants' Brief.[4]  According to Plaintiff, Defendants' Brief fails to tie their arguments to specific purported misstatements, and this piece of advocacy instead is relegated to the Appendix.  By contrast, Defendants contend that any argument found within the Appendix merely summarizes arguments that are other otherwise "self-contained" within their Brief.

The Court need not dive into this squabble.  "[A] district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment."  United States v. Eleven Vehicles, Their Equip. & Accessories, 200 F.3d 203, 215 (3d Cir. 2000); Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043, 1048 (2d Cir. 1991) ("The district court's inherent discretion to depart from the letter of the Local Rules extends to every Local Rule regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule."); Slanina v. William Penn Parking Corp., Inc., 106 F.R.D. 419, 422 (W.D.Pa. 1984) ("noncompliance with the local rules may be excused by the court in its discretion").  Whether or not Plaintiff is correct that the Appendix adds to Defendants' argument in violation of the Court's March 18 Order, the Appendix compiles for the Court in a coherent fashion the alleged misstatements that Plaintiff identifies in its 98-page Second Amended Complaint.  The contents

---

> Any brief shall include a table of contents and a table of authorities and shall not exceed 40 ordinary typed or printed pages . . . excluding pages required for the table of contents and authorities.  Briefs of greater length will only be accepted if special permission of the Judge or Magistrate Judge is obtained prior to submission of the brief.

[4]  For the avoidance of doubt, Defendants are wrong in their contention that the Court is not empowered to strike the Appendix.  Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 614 (3d Cir. 2018) ("It is beyond question that a District Court has the authority to strike filings that fail to comply with its local rules.").

of the Appendix appear reasonably designed to assist in the Court's examination of the alleged misstatements at issue. Accordingly, even if the Appendix constitutes an improper extension of Defendants' briefing, the Court finds that a deviation from the March 18 Order is warranted.

Page limitations contained in the local rules are issued to benefit the Court through a procedure by which litigants cannot inundate the court with a blizzard of paper. In short, the page limitations are for the Court's benefit, not for the benefit of the litigants. Nevertheless, if Plaintiff feels prejudiced by Defendants' submission of the Appendix, Plaintiff is granted leave to submit a 15-page sur-reply within 10 days of the entry of an Order to be filed with this Opinion.

For these reasons, Plaintiff's motion to strike the Appendix will be denied.[5]

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 8, 2021

---

[5] The Court also denies Plaintiff's request to convert Defendants' Motion to Dismiss into one for summary judgment. The Appendix, if anything, comprises legal arguments rather than the "matters outside the pleadings" required to convert the motion to one for summary judgment pursuant to Fed. R. Civ. P. 12(d). Fastener Sys., Inc. v. MBNA Am., 48 F. App'x 418, 420 (3d Cir. 2002).