## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>BECTON, DICKINSON AND COMPANY, and THOMAS E. POLEN,<br><br>Defendants. | Civil Action No.: 2:20-cv-02155-SRC-CLW<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

**WHEREAS**, Lead Plaintiff Industriens Pensionsforsikring A/S ("Lead Plaintiff") and Defendants Becton, Dickinson and Company ("BD" or "the Company") and Thomas E. Polen (together with the Company, "Defendants"), are parties to Civil Action No. 2:20-cv-02155-SRC-CLW;

**WHEREAS**, Lead Plaintiff and Defendants are collectively referred to herein as the "Parties";

**WHEREAS**, the Parties believe that one or more of them will or may be required to disclose to another Party certain documents, things, and information that constitute or contain trade secrets, technical know-how, or other confidential or proprietary research, development, business, commercial, or financial information relating to the subject matter of this case;

**WHEREAS**, the Parties consider that such information may be confidential and proprietary within the meaning of Fed. R. Civ. P. 26(c)(1)(G) and, therefore, desire that a Discovery Confidentiality Order limiting use, access to, and disclosure of confidential information be entered;

WHEREAS, the Parties contemplate that confidential information produced in the case may be produced by a nonparty, and the Parties also seek to facilitate the production and protection of such confidential information;

WHEREAS, the Parties have exchanged and/or expect to exchange discovery in connection with the case and recognize that confidential information may be disclosed in the course of discovery, and in other proceedings in the case;

WHEREAS, the Parties desire to limit the extent of disclosure and use of such confidential information, and to protect such confidential information from unauthorized use and/or further disclosure;

WHEREAS, the case involves highly technical subject matter potentially involving discovery of trade secrets and proprietary information pertaining to, among other things, manufacturing processes and techniques, scientific research and development, patient medical records, financial records, and other sensitive competitive information; and

WHEREAS, each of the Parties has consented to the entry of this Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c)(1)(G) and Local Civil Rule 5.3 and the Court having considered the foregoing and for good cause shown,

IT IS HEREBY STIPULATED AND AGREED by and between the Parties and their undersigned counsel and IT IS HEREBY **ORDERED** as follows:

1.    (a)    The term "Confidential Information" shall mean any information that a producing party believes, in good faith, (i) contains or reveals a trade secret, competitively sensitive technical, marketing, financial, sales or other confidential business information, (ii) contains private or confidential personal information, (iii) contains information received from third parties pursuant to a confidentiality order, or (iii) which the producing party otherwise reasonably

believes in good faith is entitled to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G), or other applicable laws or regulations, including privacy or data protection laws. It may include, without limitation, documents produced in the case, during formal discovery or otherwise; information of nonparties which the Producing Party or Designating Party is under an obligation to maintain in confidence; initial disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; experts' reports; memoranda of law; and tangible things or objects that are appropriately designated confidential pursuant to this Discovery Confidentiality Order. The information contained therein and all copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal or otherwise disclose such confidential information shall also be deemed "Confidential Information." For the purposes of the case, information originally designated as "Confidential Information" shall not retain that status after any ruling by the Court denying such status to it. Each Party shall act in good faith in designating information as "Confidential Information."

(b)   The term "Party" means any one of Lead Plaintiff, the Company, or Mr. Polen.

(c)   The term "Producing Party" means a Party or nonparty producing and designating documents or information as Confidential Information under this Discovery Confidentiality Order.

(d)   The term "Designating Party" means a Party or nonparty designating documents or information as Confidential Information under this Discovery Confidentiality Order. The terms "Producing Party" and "Designating Party" shall not be deemed to be mutually exclusive.

(e)   The term "Non-Designating Party" means, with respect to a document or information designated as Confidential Information under this Discovery Confidentiality Order, a

Party or nonparty that did not designate that document or information as Confidential Information under this Discovery Confidentiality Order.

(f)    The term "Receiving Party" means the Party to whom Confidential Information is produced.

2.    Any party to this litigation and any third party producing discovery in connection with this action who has a valid basis to do so shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing that contains Confidential Information. Any party to this litigation or any third party covered by this Order who produces or discloses any such Confidential Information shall mark the same with this or a similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Confidential"). For non-written material, such as recordings, magnetic media, photographs, and things, a legend substantially in the above form referenced in this paragraph shall be affixed to the material, or a container for it, in any suitable manner. A Designating Party may also designate material as "CONFIDENTIAL" in accordance with this paragraph.

3.    Any Party, or any nonparty participating in a deposition, may designate deposition testimony as Confidential Information and upon designation of that testimony, will be deemed a Designating Party with respect to that testimony. With respect to any deposition that involves disclosure of Confidential Information of a Party or nonparty, each Party and nonparty participating in the deposition shall have until thirty (30) calendar days after receipt of the deposition transcript to inform the other participating Parties and nonparties of the portions of the transcript (if any) that shall be designated as containing Confidential Information. The deposition transcript shall remain Confidential until expiration of the 30-day

4

period. Each transcript or portion thereof designated Confidential shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." After the termination of the aforementioned thirty (30) calendar day period, the confidentiality protections of this Discovery Confidentiality Order shall only apply to the sections of the transcript designated as containing Confidential Information during the deposition or prior to the termination of the aforementioned thirty (30) calendar day period. Notwithstanding the foregoing, any deposition exhibits designated as Confidential Information shall retain that designation. Upon being informed that certain portions of a deposition transcript are to be designated as Confidential Information, each Party (and when applicable, each nonparty) shall immediately cause each copy of the deposition transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order. For the purposes of clarity, the deponent shall be permitted to have access to the transcript of its deposition, but shall not be permitted to disclose the transcript in a manner that is otherwise inconsistent with this Order.

4.      Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any Confidential information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.  Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar

5

legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). Attorneys' Eyes Only material is a subcategory of Confidential Information that is subject to all of the protections and procedures related to Confidential material under this order, and certain additional protections and procedures identified below.

5.    If any Confidential Information is produced by a nonparty to the case, such nonparty shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order, and each of the Parties shall be treated as a Receiving Party. Confidential Information that originated with a nonparty may be designated as such and shall be subject to the restrictions on disclosure specified herein.

6.    In the event any Producing Party produces Confidential Information that has not been designated as such or not correctly designated, the Producing Party may designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the Parties shall henceforth treat such information in accord with this Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation and informing such persons that they should not further use or disseminate the information thereon.

7.    All Confidential Information shall be used by the Receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the Receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the Receiving party to anyone other than those set forth in Paragraph 8, unless and until the

restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Information, provided that such advice and opinions shall not reveal the content of such Confidential Information except by prior written agreement of counsel for the parties, or by Order of the Court (including this Order).

8.     Confidential Information may be disclosed only to the following individuals:

(a)     The Parties to this Action.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit;

(b)     Outside counsel (herein defined to include any attorney at the parties' outside law firms);

(c)     Outside experts or consultants retained by outside counsel for purposes of this action;

(d)     Mediators, arbitrators, or other persons engaged for the purpose of alternative dispute resolution of this Action;

(e)     Secretarial, paralegal, clerical, duplicating and data processing personnel employed by the individuals identified in paragraph 8(a) through 8(d);

(f)     The Court and court personnel;

(g)     Any deponent or witness in this action may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or to which the document or thing relates, or is or was previously employed by the party

who produced the information, document or thing, or if the producing party consents to such disclosure;

(h)    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, videographers, professional translators, litigation support personnel, electronic discovery vendors, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

(i)    Any others as ordered by the Court or to whom the Producing Party or Designating Party, as applicable, has given written consent.

9.    Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party, counsel's support and administrative staff, counsel's electronic discovery vendor, the Court and court personnel, court reporters and videographers, and any deponent or witness who it appears authored, received, or is referenced by name in the document, and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court. If a Receiving Party requests in writing the agreement of a Producing Party to disclose material marked Attorneys' Eyes Only by the Producing Party to any individual not permitted under this Order, the Receiving and Producing Parties shall meet and confer on the question and, if it is not resolved after seven (7) business days, the Receiving Party may seek appropriate relief from the Court.

10.    If a party receives a governmental subpoena or other legal process that calls for disclosure of any material designated as Confidential by another party, the party from whom

disclosure is sought shall promptly: (a) give written notice of such process or discovery request, together with a copy thereof, to counsel for the producing party; (b) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (c) not make production or disclosure of such Confidential material until the producing party consents in writing to production or the Receiving party is ordered by a court of competent jurisdiction to produce or disclose such information, so long as the order is not stayed prior to the date set for production or disclosure.

11.     By written agreement of the Parties, or upon motion and order of the Court, the list of individuals designated under this Discovery Confidentiality Order to whom Confidential Information may be disclosed may be modified or expanded.

12.     Other than in-house counsel for the Parties, no person identified in paragraphs 8(a) and (c) shall be given access to Confidential Information unless such person shall first have signed Exhibit A attached hereto.

13.     Nothing herein shall prevent a Producing Party or Designating Party from disclosing or using its own Confidential Information in any manner that it considers appropriate.

14.     No information that is in the public domain or which is already known by the Receiving Party through proper means or which is or becomes available to a Party from a source other than the Party or nonparty asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Information under this Discovery Confidentiality Order.

15.     Counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes Only may object to such a designation at any time. If counsel for a party receiving documents or information designated as Confidential or Attorneys' Eyes

Only hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)    Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. The Parties, and nonparty as applicable, shall first try to dispose of such dispute in good faith on an informal basis without judicial involvement.

(b)    If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the party challenging the designation may request appropriate relief from the Court within ten (10) business days after written notice is provided, provided such request is in accordance with Local Civil Rule 37.1(a)(1). The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

16.    Any document designated Confidential or Attorneys' Eyes Only by a party or nonparty and which document is filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3. The Parties will work together in good faith to jointly prepare the motion and supporting documents required by Local Civil Rule 5.3(c)(3) and, should the need arise, will seek additional time to file any redacted public copy.

17.    If a Producing Party or Designating Party seeks to protect Confidential Information or Attorneys' Eyes Only information from public disclosure or use during a trial, court appearance or hearing which is open to the public (a "Court Disclosure"), the Producing Party or Designating Party shall make an application to the Court to restrict such disclosure or use.

18.     When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the Receiving party, the Receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).   Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity if the producing party took reasonable steps to prevent the disclosure and to rectify the error. However, nothing herein restricts the right of the Receiving party to challenge the producing party's claim of privilege or immunity if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

19.     Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Attorneys' Eyes Only information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order until the termination of the case.

20.     The recipient of any Confidential Information or Attorneys' Eyes Only information that is provided under this Order shall maintain such information in a reasonably secure and safe manner, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against unauthorized access and any other reasonably anticipated threats or hazards, and that ensures that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

(a)     Confidential Information or Attorneys' Eyes Only information in electronic

form shall be maintained in a secure litigation support site that applies standard industry practices regarding data security, including but not limited to, application of access control rights to those persons entitled to access the information under this Order.

(b)      Confidential Information or Attorneys' Eyes Only information may be downloaded from the litigation support site only by persons entitled to access such information subject to this Order. Confidential Information or Attorneys' Eyes Only information under this Order downloaded from the litigation support site in electronic format shall be stored or shipped only on devices or media (e.g., laptop, tablet, smartphone, USB drive) that are encrypted with access limited to persons entitled to access the information under this Order.

(c)      Confidential Information or Attorneys' Eyes Only information in paper format shall be maintained in the Receiving Party's counsel's law offices or comparably secure location, with access reasonably limited to persons entitled to access the information under this Order.

(d)      Electronic delivery of Confidential Information or Attorneys' Eyes Only information shall be by secure File Transfer Protocol or encrypted email addressed only to persons entitled to access the information under this Order.

(e)      Physical shipments of Confidential Information or Attorneys' Eyes Only information shall be securely sealed and addressed only to persons entitled to access the information under this Order.

21.      If a Receiving Party learns of any unauthorized disclosure of Confidential Information or Attorneys' Eyes Only information, or data breach in its systems storing such Confidential Information, it shall take reasonable efforts to immediately (a) inform the Producing

Party or Designating Party as applicable in writing of such disclosure, including to whom the material was disclosed; (b) make a reasonable effort to retrieve all copies of the Confidential Information or Attorneys' Eyes Only information only to the extent the Receiving Party has control over the unauthorized disclosed documents; (c) and to the extent the Receiving Party has control over the person or persons to whom unauthorized disclosures were made, inform the persons of the terms of this Protective Order.

22.    Notwithstanding the provisions of this Discovery Confidentiality Order, any of the Parties may redact from any document, whether or not designated Confidential Information or Attorneys' Eyes Only information under this Order, any information that is subject to a valid claim of privilege or work-product immunity, provided that the party expressly makes that claim and provides the basis therefor, in accordance with Fed. R. Civ. P. 26(b)(5).

23.    This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

24.    This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

25.    Within 60 days of the final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the Producing Party all originals and unmarked copies of documents and things containing Confidential Information should such source so request, or otherwise destroy, all copies of Confidential Information provided, however, that counsel may retain a complete copy of all

deposition transcripts and exhibits, pleadings, motion papers, affidavits, transcripts, memoranda, correspondence, exhibits, or other papers served in connection with this Action and all other documents filed with the Court, including those filed under seal for archival purposes, and any attorney work product that references Confidential Information, including excerpts, summaries and digests.  To the extent a party requests the return of Confidential Information from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

26.    This Court shall retain jurisdiction over all persons subject to this Discovery Confidentiality Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Date: November 1, 2022

By: _s/ Matthew A. Sklar_

**WINSTON & STRAWN LLP**
James P. Smith III (admitted *pro hac vice*)
Matthew L. DiRisio (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jpsmith@winston.com
mdirisio@winston.com

**MCCARTER & ENGLISH, LLP**
Matthew A. Sklar
Omar A. Bareentto
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
msklar@mccarter.com
obareentto@mccarter.com

*Attorneys for Defendants*

Date: November 1, 2022

By: _s/ Sharan Nirmul_

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**
Sharan Nirmul
David A. Bocian
Joshua E. D'Ancona
Vanessa M. Milan (admitted *pro hac vice*)
Nathaniel C. Simon (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
dbocian@ktmc.com
jdancona@ktmc.com
vmilan@ktmc.com
nsimon@ktmc.com

*Lead Counsel for Lead Plaintiff
and the Putative Class*

**CARELLA, BYRNE, CECCHI, OLSTEIN,
  BRODY & AGNELLO P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ  07068
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Liaison Counsel for the Putative Class*

IT IS SO ORDERED.

Dated:  November 2, 2022

s/ Cathy L. Waldor
Hon.Cathy L. Waldor, U.S.M.J.

15

**Exhibit A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and on behalf of all others similarly situated,

        Plaintiff,

   vs.

BECTON, DICKINSON AND COMPANY, and THOMAS E. POLEN,

        Defendants.

Civil Action No.: 2:20-cv-02155-SRC-CLW

**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER**

I, _____, being duly sworn, state that:

1.     My address is _____.

2.     My present employer is _____ and the address of my present employment is _____.

3.     My present occupation or job description is _____.

4.     I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5.     I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Information or any words, summaries, abstracts, or indices disclosed to me.

6.     I will limit use of Confidential Information disclosed to me solely for the purpose of this action.

7.     No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained or otherwise destroy the Confidential Information in the manner directed by counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____     _____
                                [Name]