**CARELLA BYRNE CECCHI**
**OLSTEIN BRODY & AGNELLO, PC**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Sharan Nirmul
David A. Bocian
Joshua E. D'Ancona
Vanessa Milan (admitted *Pro Hac Vice*)
Nathaniel Simon (admitted *Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Counsel for Lead Plaintiff Industriens Pensionsforsikring A/S and Lead Counsel for the Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY, VINCENT A. FORLENZA, THOMAS E. POLEN, and CHRISTOPHER R. REIDY,<br><br>Defendants. | Case No. 2:20-cv-02155-SRC-CLW<br><br>Hon. Stanley R. Chesler<br>District Judge<br><br>Hon. Cathy L. Waldor<br>Magistrate Judge<br><br>**MOTION DATE:** January 17, 2023 |

## MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE THIRD AMENDED CLASS ACTION COMPLAINT

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ...................................................................................1

II.  BACKGROUND ........................................................................................................3

    A.   Relevant Procedural History....................................................................3

    B.   The Proposed Amendment and Related Meet and Confer......................................4

III. ARGUMENT ..............................................................................................................5

    A.   The Proposed Amendment Is Not Futile ................................................6

    B.   The Proposed Amendment Is Timely and Not Made in Bad Faith.........................7

    C.   Defendants Will Not Suffer Undue Prejudice if Leave to Amend Is Granted.........................................................................................................7

IV.  CONCLUSION............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Air Prod. & Chems., Inc. v. Eaton Metal Prods. Co.*,
  256 F. Supp. 2d 329 (E.D. Pa. 2003) ...........................................................................7

*Energy Intel. Grp. Inc. v. PECO Energy Co.*,
  2022 WL 329566 (E.D. Pa. Feb. 2, 2022) ....................................................................7

*First Priority Emergency Vehicles, Inc. v. REV Ambulance Grp. Orlando, Inc.*,
  2019 WL 3423571 (D.N.J. July 30, 2019)................................................................5, 6

*Foman v. Davis*,
  371 U.S. 178 (1962)........................................................................................... 1-2, 5

*Freeman v. McDonnell*,
  2021 WL 395875 (D.N.J. Feb. 4, 2021) .......................................................................7

*Hakim Int'l Trading v. Standard Fire Ins. Co.*,
  2018 WL 4215007 (D.N.J. Sept. 4, 2018) ....................................................................6

*Howmedica Osteonics Corp. v. Zimmer, Inc.*,
  2011 WL 3329374 (D.N.J. Aug. 1, 2011) .....................................................................7

*Long v. Wilson*,
  393 F.3d 390 (3d Cir. 2004)................................................................................... 7-8

*In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*,
  2013 WL 396117 (D.N.J. Jan. 30, 2013) ................................................................ 6-7

**Other Authorities**

Fed. R. Civ. P. 15(a) .................................................................................................. 1-2, 5

L. Civ. R. 15.1..................................................................................................................1, 5

## I.    PRELIMINARY STATEMENT

Lead Plaintiff Industriens Pensionsforsikring A/S ("Plaintiff" or "Industriens") seeks leave to amend the Third Amended Class Action Complaint ("TAC") as reflected in the proposed Fourth Amended Class Action Complaint submitted herewith ("FAC"), solely to extend the class definition to include those who purchased Becton, Dickinson and Company ("BD") call options or sold BD put options during the Class Period (and to make attendant changes to class-related allegations).[1]   Plaintiff's request comports with the Pretrial Scheduling Order, which sets a deadline for motions for leave to amend of July 14, 2023, and comes ahead of the January 17, 2023 deadline for Plaintiff's motion for class certification, which will seek to certify the proposed amended class.  ECF No. 118.  This motion also accords with Plaintiff's representations to the Court during a November 2020 hearing, that Plaintiff would consider amending the class definition to include options investors after due consideration of the Court's forthcoming ruling on Defendants' motion to dismiss.  ECF No. 92.  The Court issued that ruling on August 11, 2022, sustaining claims against BD and its CEO Thomas E. Polen (collectively, "Defendants"), ECF No. 107 ("MTD Order"), and this motion now follows.  Plaintiff respectfully submits that the requested relief should be granted.[2]

This motion is governed by the liberal standard of Federal Rule of Civil Procedure ("Rule") 15(a).  Under that standard, the Court should "freely give" Plaintiff leave to amend unless Defendants can establish: (i) that the amendment would be futile; (ii) undue delay, bad faith, or a failure to cure deficiencies in the pleadings through amendments previously allowed; or (iii) that

---

[1] The FAC is attached to the Declaration of James E. Cecchi ("Cecchi Declaration") as Exhibit A.

[2] Defendants have represented that they presently intend to oppose this motion, reserving all rights. *See* L. Civ. R. 15.1(a).

the amendment would be unduly prejudicial to Defendants. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  None of these factors is present here.

*First*, the filing of the FAC would not be futile.  The FAC's amendments solely concern the class definition and do not include any changed or further allegations related to Defendants' alleged actions.  It does not seek to re-assert any dismissed claim.  Instead, the claims of the proposed new class members—purchasers of BD call options and sellers of BD put options—arise from the same securities law violations alleged by BD common stock purchasers that the Court sustained in the MTD Order.

*Second*, Plaintiff's amendment is not brought after undue delay or in bad faith.  To the contrary, Plaintiff's motion is presumptively timely as Plaintiff seeks leave well within the July 14, 2023 deadline to amend the pleadings.  ECF No. 118.  Moreover, Plaintiff's effort to amend the proposed class so as to include BD options traders comes after its careful consideration of the merits of such a step in light of the Court's MTD Order, and multiple communications over several weeks with counsel for the Defendants.  This is entirely consistent with Plaintiff's prior representations in this case and evinces Plaintiff's good faith in bringing the present motion.

*Third*, the filing of the FAC would not unduly prejudice Defendants. The proposed new class members' claims mirror precisely the liability claims of the current putative class members that have already been sustained and are now being litigated.  Accordingly, the amendment will not cause any significant expansion to the issues in the case.  There is also no prejudice in connection with Plaintiff's request to amend the class definition.  Rather, this will generate positive efficiencies, as it will allow all arguments related to class certification and the merits of the putative class as modified through the proposed amendment to be raised at once in the briefing on Plaintiff's forthcoming class certification motion.

## II.    BACKGROUND

Plaintiff brings this federal securities action against Defendants individually and on behalf of a class of investors in BD securities for damages related to Defendants' alleged material false and misleading representations concerning material adverse facts relating to BD's Alaris infusion pump system and the FDA's regulation of the device.  Plaintiff claims that when investors learned the truth about these matters, BD's stock price fell sharply, causing losses to those who invested in BD securities from November 5, 2019 to and February 5, 2020, both dates inclusive (the "Class Period").

### A.    Relevant Procedural History

On February 27, 2020, Plaintiff filed its initial complaint.  ECF No. 1.  On June 9, 2020, the Court appointed Industriens as Lead Plaintiff to represent the putative class.  ECF No. 24.  On October 2, 2020, a purchaser of BD call options moved for reconsideration of the Court's lead plaintiff order and requested that the Court appoint him as lead plaintiff for a separate class of investors who transacted in BD options.  ECF No. 32.  On November 4, 2020, the Court held a hearing on the motion for reconsideration, during which Plaintiff represented that it would consider amending its complaint to include BD options claimants within the class definition once Plaintiff could "apply [the Court's holdings in the motion to dismiss order] to the necessary economic analysis of the options-related damages and causation and class issues with the help of economic experts." ECF No. 92 at 11. The Court denied the motion for reconsideration. ECF No. 47.

On October 29, 2021, Plaintiff filed the TAC asserting federal securities claims "individually and on behalf of all others similarly situated who purchased or otherwise acquired the common stock of [BD] between November 5, 2019, and February 5, 2020, both dates inclusive (the 'Class Period'), and were injured thereby (the 'Class')." ECF No. 91 at 1; *see also id.* at ¶ 362. Defendants moved to dismiss the TAC. ECF No. 99. On August 11, 2022, the Court denied the

3

motion to dismiss in part and sustained claims against BD and Polen.  ECF No. 107.  On October 4, 2022, the Court entered a Pretrial Scheduling Order, providing in part that Plaintiff shall file (i) its motion for class certification by January 17, 2023; and (ii) any motion to amend pleadings by no later than July 14, 2023.  ECF No. 118.

**B.      The Proposed Amendment and Related Meet and Confer**

Following the issuance of the MTD Order, and consistent with its prior representations to the Court, Plaintiff duly considered whether to include options claimants within the proposed class definition.  Upon this analysis, Plaintiff determined to amend the class definition to include claims on behalf of investors who purchased BD call options or sold BD put options during the Class Period.  Consistent with Local Rule 15.1, Plaintiff has attached to the Cecchi Declaration as Exhibits A-B: (i) a copy of the proposed FAC; and (ii) a redlined version of the FAC that indicates the proposed amendments.

On November 18, 2022, counsel for Plaintiff notified counsel for Defendants that it intended to file an amended complaint as described herein, i.e., one that amended the class definition to include those investors who purchased BD call options or sold BD put options during the Class Period.  Plaintiff expressed that it would seek the amendment in advance of Plaintiff's motion for class certification and requested that Defendants state whether they would consent or oppose.  Plaintiff followed up on the question with Defendants two weeks later, on December 2, 2022, and Defendants responded that they were still considering the matter. On December 14, 2022, counsel for Plaintiff again followed up, and to assist Defendants' process, provided to Counsel the language of its proposed amended class definition (as follows), along with a proposed draft stipulation to the Court:

> All persons and entities who, from November 5, 2019 to February 5, 2020, inclusive (the "Class Period"), purchased or otherwise acquired BD common stock or call options, or sold BD put options, and were damaged thereby (the "Class"). Excluded

from the Class are: (i) Defendants; (ii) present or former executive officers of BD or any of BD's subsidiaries or affiliates, members of BD's Board of Directors, and members of the immediate families of each of the foregoing (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) any of the foregoing individuals' and entities' legal representatives, heirs, successors, or assigns; and (iv) any entity in which any Defendant has a controlling interest.

Plaintiff requested Defendants' position by December 16, 2022. When that date passed, Plaintiff again requested Defendants' position regarding the amendment during a December 19, 2022 meet and confer. Defendants again stated they had not determined their position. The parties met and conferred again on December 21, 2022, and Defendants requested for the first time that Plaintiff send them the proposed FAC, which Plaintiff did that day. Defendants have since indicated that they oppose the requested relief. L. Civ. R. 15.1.

## III.   ARGUMENT

Plaintiff's motion is governed by Rule 15(a). *First Priority Emergency Vehicles, Inc. v. REV Ambulance Grp. Orlando, Inc.*, 2019 WL 3423571, at *5 (D.N.J. July 30, 2019) ("A motion to amend a pleading that is filed before the deadline for amendments of pleadings has passed in a [s]cheduling [o]rder will be governed by Federal Rule of Civil Procedure 15(a) only."). Rule 15(a) provides that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit "has adopted a liberal approach under Rule 15 . . . to ensure that 'a particular claim will be decided on the merits rather than on technicalities.'" *First Priority*, 2019 WL 3423571, at *5 (quoting *Dole v. Arco Chem Co.*, 921 F.2d 484, 487 (3d Cir. 1990)).

Thus, leave to amend should be liberally granted unless the non-movant demonstrates: (i) futility of the amendment; (ii) undue delay, bad faith or dilatory motive on the part of the movant; or (iii) undue prejudice to the non-moving party. *Foman*, 371 U.S. at 182; *First Priority*, 2019 WL 3423571, at *5 ("The burden is generally on the party opposing the amendment to demonstrate

5

why the amendment should not be permitted."). Because Defendants cannot meet this burden, the Court should grant Plaintiff's motion.

### A.     The Proposed Amendment Is Not Futile

An amendment is futile only if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Hakim Int'l Trading v. Standard Fire Ins. Co.*, 2018 WL 4215007, at *2 (D.N.J. Sept. 4, 2018) (quoting *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). In determining whether an amendment is insufficient on its face, courts employ "the same standard as in a Rule 12(b)(6) motion to dismiss." *Id.* (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). "[T]he question is not whether the movant will ultimately prevail." *Id.* (citing *Antoine v. KPMG Corp.*, 2010 WL 147928, at *6 (D.N.J. Jan. 6, 2010)). If a proposed amendment is "not clearly futile, then denial of leave to amend is improper." *Id.* (citing *Meadows v. Hudson Cnty. Bd. of Elections*, 2006 WL 2482956, at *3 (D.N.J. Aug. 24, 2006)).

The proposed amendment here solely concerns amending the class definition to include purchasers of BD call options and sellers of BD put options (and any attendant, strictly class-related, allegations). The claims of these proposed class members "arise from the very same alleged Exchange Act violations" as BD common stock purchasers and which were sustained in the MTD Order. *Cf. In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 2013 WL 396117, at *5 (D.N.J. Jan. 30, 2013). Indeed, as this Court recognized in *Merck*: artificial inflation in a company's stock price may affect common stock purchasers and options traders in a similar manner because "the value of an option is tied to the market price of the underlying stock." *Id.* (concluding "the value of their securities decreases if the underlying stock price falls, and thus the option traders included in the class definition are similarly situated to purchasers of Merck

6

common stock."). Since the proposed additional class members' claims arise from the same allegations sustained by this Court in the MTD Order, the amendment is not futile.

### B. The Proposed Amendment Is Timely and Not Made in Bad Faith

Plaintiff does not bring this motion in bad faith or after undue delay. First, Plaintiff moves well within the July 14, 2023 motion to amend deadline established by the Court's Pretrial Scheduling Order, ECF No. 118, and thus the motion is presumptively timely. *See Howmedica Osteonics Corp. v. Zimmer, Inc.*, 2011 WL 3329374, at *1 n.2 (D.N.J. Aug. 1, 2011) ("Plaintiff moved for leave [to] amend by the Court's deadline and thereby seasonably exercised its opportunity to amend its pleading within the window framed by the Court."); *see also Energy Intel. Grp. Inc. v. PECO Energy Co.*, 2022 WL 329566, at *3 (E.D. Pa. Feb. 2, 2022) (concluding motion for leave to amend brought "before the deadline" to be "presumptively timely"). Second, Plaintiff seeks leave to amend the TAC on the precise grounds and at the precise point in the litigation as previously noted by Lead Counsel in this matter during the November 2020 hearing, ECF No. 92 at 11, which further supports that Plaintiff's motion is timely and not brought in bad faith. *Freeman v. McDonnell*, 2021 WL 395875, at *4 (D.N.J. Feb. 4, 2021) ("no bad faith or dilatory motive" when there are "legitimate reasons for seeking leave to [amend]").

### C. Defendants Will Not Suffer Undue Prejudice if Leave to Amend Is Granted

There is also no undue prejudice. Showing undue prejudice is a "heavier burden than claiming prejudice" and rests with the party opposing the amendment. *Air Prod. & Chems., Inc. v. Eaton Metal Prods. Co.*, 256 F. Supp. 2d 329, 332 (E.D. Pa. 2003) (internal quotation marks and citation omitted). This burden is met only where an amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a

timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). None of these factors is present here.

The proposed amendment does not result in any significant expansion of the claims or of necessary discovery. Rather, the newly proposed class members allege damages stemming from the same course of conduct by the Defendants that underlies Plaintiff's claims that were sustained in the MTD Order. And the addition of the proposed BD options traders into the class definition will not delay the resolution of this case. The deadline for Plaintiff to file its opening motion for class certification is January 17, 2023, ECF No. 118. Accordingly, under the prevailing scheduling order, Plaintiff seeks leave to amend before any class certification briefing, so as to allow that briefing to address the merits of the entire class that Plaintiff proposes to represent. Given the timing of this motion, class certification proceedings will not be prolonged or delayed as a result of the proposed amendment.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's motion should be granted.

Dated: December 22, 2022                          Respectfully submitted,

**CARELLA BYRNE CECCHI**                  **KESSLER TOPAZ**
 **OLSTEIN BRODY & AGNELLO, PC**        **MELTZER & CHECK, LLP**
                                          Sharan Nirmul
*s/ James E. Cecchi*                      David A. Bocian
James E. Cecchi                           Joshua E. D'Ancona
Donald A. Ecklund                         Vanessa M. Milan (admitted *pro hac vice*)
5 Becker Farm Road                        Nathaniel C. Simon (admitted *pro hac vice*)
Roseland, NJ 07068-1739                   280 King of Prussia Road
Telephone: (973) 994-1700                 Radnor, PA 19087
Facsimile: (973) 994-1744                 Telephone: (610) 667-7706
jcecchi@carellabyrne.com                  Facsimile:  (610) 667-7056
decklund@carellabyrne.com                 snirmul@ktmc.com
                                          dbocian@ktmc.com
*Liaison Counsel for the Putative Class*  jdancona@ktmc.com
                                          vmilan@ktmc.com
                                          nsimon@ktmc.com

8

*Counsel for Lead Plaintiff Industriens
Pensionsforsikring A/S and Lead Counsel for
the Putative Class*

<u>**CERTIFICATE OF SERVICE**</u>

I, James E. Cecchi, hereby certify that on December 22, 2022, I caused a true and correct copy of the foregoing Memorandum of Law in Support of Lead Plaintiff's Motion for Leave to Amend the Third Amended Class Action Complaint to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: December 22, 2022

*s/ James E. Cecchi*
James E. Cecchi
**CARELLA BYRNE CECCHI OLSTEIN BRODY & AGNELLO, PC**
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for the Putative Class*

10