James P. Smith III (admitted *pro hac vice*)
Matthew L. DiRisio (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
jpsmith@winston.com
mdirisio@winston.com

Matthew A. Sklar
Omar A. Bareentto
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444
msklar@mccarter.com
obareentto@mccarter.com

*Counsel for Defendants Becton, Dickinson and
Company, and Thomas E. Polen*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br>     v.<br><br>BECTON, DICKINSON AND COMPANY, and THOMAS E. POLEN,<br><br>            Defendants. | Case No. 2:20-cv-02155-SRC-CLW<br><br>Hon. Stanley R. Chesler, District Court Judge<br><br>Hon. Cathy L. Waldor, Magistrate Judge<br><br>Motion Day: Jan. 17, 2023; *see* ECF No. 125 |

**MEMORANDUM IN OPPOSITION TO LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE THIRD AMENDED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

A.  The Proposed Amendment Ignores This Court's August 11, 2022 Decision ..................... 1

B.  Plaintiff Unduly and Unjustifiably Delayed Seeking the Amendment .............................. 2

C.  The Proposed Amendment Would Be Futile (and Is Unnecessary) .................................. 2

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Pipe & Construction Co. v. Utah*,
414 U.S. 538 (1974)............................................................................................................5

*Berkery v. Verizon Commc'ns Inc.*,
658 F. App'x 172 (3d Cir. 2016) ........................................................................................5

*Forbes v. Eagleson*,
228 F.3d 471 (3d Cir. 2000)................................................................................................2

*In re Cent. Eur. Distribution Corp. Sec. Litig.*,
2012 WL 5465799 (D.N.J. Nov. 8, 2012) ..........................................................................3

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018)........................................................................................................4

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
252 F.3d 267 (3d Cir. 2001)................................................................................................2

*U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*,
839 F.3d 242 (3d Cir. 2016)................................................................................................1

*Feuerstack v. Weiner*,
2:12-CV-04253 SRCJAD, 2013 WL 3949234, at *2 (D.N.J. July 30, 2013)....................4

*Jablonski v. Pan Am. World Airways, Inc.*,
863 F.2d 289 (3d Cir. 1988)................................................................................................2

*Rolo v. City Inv. Co. Liquidating Tr.*,
155 F.3d 644 (3d Cir. 1998)................................................................................................2

*Williams v. Tech Mahindra (Am.), Inc.*,
320CV04684BRMLHG, 2021 WL 302929 (D.N.J. Jan. 29, 2021) ....................................5

*Winer Fam. Tr. v. Queen*,
503 F.3d 319 (3d Cir. 2007)................................................................................................3

**Statutes**

28 USC § 1658 (b)(1) .................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 15(a) ...................................................................................................................1

ii

Fed. R. Civ. P. 23 ................................................................................................................3

Defendants Becton, Dickinson and Company ("BD") and Thomas E. Polen (collectively, "Defendants"), through their undersigned counsel, respectfully submit this opposition to Plaintiff's Motion for Leave to Amend the Third Amended Class Action Complaint ("TAC").  ECF No. 123.

Having already amended on three separate occasions since the original complaint in this putative class action was filed, ECF Nos. 31, 60-2, 91, twice with leave of Court, Plaintiff now seeks to amend a fourth time, with class certification fast approaching, to expand the scope of the purported class to include a whole new group of BD security holders.  As shown below, under Fed. R. Civ. P. 15(a), the proposed amendment to include BD options traders in the putative class is untimely, futile and fails to recognize that this Court already dismissed with prejudice all claims against two individuals who the proposed amended complaint continues to name as purported defendants.[1]  Accordingly, the motion should be denied.

A.    The Proposed Amendment Ignores This Court's August 11, 2022 Decision

As a threshold matter, the proposed amendment is improper because it wholly fails to account for this Court's August 11, 2022 decision on Defendants' Motion to Dismiss the TAC, which dismissed all claims against Vincent Forlenza and Christopher Reidy with prejudice (along with all claims predicated on certain categories of purported misstatements).  ECF No. 106, at 43. Indeed, beyond altering the putative class definition, Plaintiff's proposed amendment leaves virtually untouched all other allegations from the TAC, including those rejected and/or rendered moot by the Court's decision and order.  Defendants obviously oppose the filing of any such anachronistic, improper and patently prejudicial amended pleading.

---

[1] Courts assessing a motion for leave to amend consider whether: (i) the amendment would be futile; (ii) there has been undue delay, bad faith, or a failure to cure deficiencies through amendments previously allowed; and (iii) the amendment would be unduly prejudicial to Defendants.  *U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016).

**B.      Plaintiff Unduly and Unjustifiably Delayed Seeking the Amendment**

This case was brought nearly three years ago.  Despite three amended complaints – two of which have been filed since the prospect of adding optionholders to the putative class was raised with the Court during the lead plaintiff/counsel selection process two years ago, ECF Nos. 60-2, 91 – Plaintiff never sought to alter the class definition or take other steps to include optionsholders' claims.  *See* ECF No. 60-2 ¶ 323 ("Plaintiff brings this action on its own behalf and . . . on behalf of a class consisting of all persons and entities who purchased the common stock of BD"); ECF No. 91 ¶ 362 (same).  Only now, on the verge of moving for class certification, does Plaintiff urge this significant expansion of the purported class, without offering any justification for its delay.  *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (affirming denial of leave to amend where movant had previous opportunities to amend); *Rolo v. City Inv. Co. Liquidating Tr.*, 155 F.3d 644, 654 (3d Cir. 1998) (affirming denial of leave to amend where the "facts and arguments . . . could have been pled much earlier in the proceedings"), *abrogation on other grounds recognized by Forbes v. Eagleson*, 228 F.3d 471 (3d Cir. 2000).[2]

**C.      The Proposed Amendment Would Be Futile (and Is Unnecessary)**

Where a proposed amendment is legally insufficient on its face, it is futile.  *See Jablonski v. Pan Am. World Airways, Inc*., 863 F.2d 289, 292 (3d Cir. 1988).  Here, (i) Plaintiff lacks standing to assert claims on behalf of a class of BD optionsholders, and (ii) in any event, any such claims are time-barred.  *See* ECF No. 38, at 5–9 (explaining Plaintiffs' rationale for not asserting optionholder claims citing precedent demonstrating its lack of standing); *see also* ECF No. 10-2

---

[2] Plaintiff first raised the prospect of this amendment with counsel for Defendants on November 18, 2022, 13 months after filing – and causing Defendants to make and this Court to decide a motion to dismiss – the substantially revised and amended TAC.  Permitting the amendment at this late date will prejudice Defendants by, among other things, potentially forcing them to file ***yet another*** motion to dismiss, at a point in time when discovery has commenced and Plaintiff's motion for class certification – the proper vehicle for any effort on Plaintiff's part (however ill-advised) to expand the class – is impending.

Sched. A (Plaintiff holding no options).  As to standing, it goes without saying that a plaintiff must have traded in the security as to which it seeks to assert a federal securities claim.  *See Winer Fam. Tr. v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007).  And it is undisputed that Plaintiff did not trade in BD options during the putative class period.  ECF No. 10-2, Sched. A.

Indeed, nearly two years ago, during the lead plaintiff/lead counsel appointment process, Plaintiff, objecting to another firm's effort to represent optionholders, "explicitly argued in its lead plaintiff briefing that ***option traders are not entitled to be included in the ultimate class*** and could properly be excluded."  *See* ECF No. 38, at 12 (emphasis added).  Moreover, Plaintiff maintained that, to the extent additional representation for optionholders somehow became necessary, Plaintiff – which, again, was not itself an options trader – could remedy that deficiency by adding additional named plaintiffs who ***had*** purchased options.  ECF No. 18, at 7; *see In re Cent. Eur. Distribution Corp. Sec. Litig.*, 2012 WL 5465799, at *10 (D.N.J. Nov. 8, 2012) ("[T]here must be a named plaintiff or another class representative to represent the claims on which the lead plaintiff lacks standing").  But Plaintiff never did so – and does not seek to do so now.[3]  The proposed amendment merely seeks to revise the putative class definition to encompass optionsholders.  But such an amendment would not confer on Plaintiff standing to assert claims on behalf of optionholders or the ability to represent such optionsholders under Fed. R. Civ. P. 23.  It would thus be futile.[4]

---

[3] Nor could it.  Pursuant to the Pretrial Scheduling Order entered on October 4, 2022 (ECF No. 118 ¶ 2), the deadline to add parties to this action was December 1, 2022.

[4] Nor is amendment of the complaint necessary in order for Plaintiff to seek a broader class in its forthcoming motion for class certification.  Briefing and expert testimony in the context of the class certification motion is the proper forum for these issues, allowing Defendants to present the Court with fully developed arguments as to why the proposed class would not comply with Rule 23 (including but not limited to the standing and statute of limitations arguments previewed herein, which, among other things, undercut Plaintiff's adequacy and typicality to serve as a class representative).  Indeed, Defendants could not consent to the requested amendment without potentially prejudicing their arguments in opposition to certification of a class of optionsholders, all of which they hereby expressly preserve.

In any event, even if Plaintiff had standing to assert them, any claims on behalf of BD optionsholders are time-barred. As noted, during the lead plaintiff/lead counsel selection process in early 2020, Plaintiff opposed a motion by a different potential plaintiff and its counsel seeking to represent optionholders in this action, leaving open the possibility that Plaintiff could take steps to add optionholders as named parties to the action to preserve such claims if it chose to do so. *See* ECF No. 18, at 7 (representing that lead plaintiff might rely on other named plaintiffs if "additional representation becomes necessary"). Neither Plaintiff's August 10, 2020 Consolidated Amended Complaint ("CAC") (ECF No. 31), nor the January 14, 2021 Second Amended Complaint ("SAC") (ECF No. 60-2) (which Defendants successfully moved to dismiss), nor the October 29, 2021 TAC (ECF No. 91) (which Defendants again moved to dismiss, succeeding in part) added an optionholder plaintiff.

The statute of limitations on any optionholder claims is two years from discovery of the facts constituting the violation. *See* 28 USC § 1658 (b)(1). Here, as the Court noted in denying a motion to reconsider Plaintiff's appointment under the PSLRA, the statute of limitations for optionholder claims began to run on August 10, 2020, when Plaintiff filed the CAC omitting optionholders from the putative class. *See* ECF No. 92, at 18 ("the fact that the options traders were included in the initial complaint gives them the option of pursuing claims which might otherwise be barred because the statute of limitations indeed was tolled until at least that amended complaint was filed which excluded the options class"); *see also China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018) (a pending putative class action does not toll the statute of limitations for future claims brought on behalf of a class).[5] That is so because while the filing of a class action

---

[5] Nor would any amendment to add an optionholder plaintiff, even if one had made before the Court-ordered December 2022 deadline, have "related back" to the filing of the original complaint for purposes of calculating the relevant limitations period. *See Feuerstack v. Weiner*, 2:12-CV-04253 SRCJAD, 2013 WL 3949234, at *2 (D.N.J. July 30, 2013).

suit tolls applicable limitations periods for putative class members under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), such tolling does not extend to plaintiffs who were not part of, or "cease[d] to be part of the class." *Williams v. Tech Mahindra (Am.), Inc.*, 320CV04684BRMLHG, 2021 WL 302929, at *5 (D.N.J. Jan. 29, 2021) (citing *Berkery v. Verizon Commc'ns Inc.*, 658 F. App'x 172, 174–75 (3d Cir. 2016)).  Accordingly, any such claims expired (at the latest) on August 10, 2022 – two years after the filing of the CAC.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion to amend the TAC.

Dated: January 10, 2023                     Respectfully submitted,

**MCCARTER & ENGLISH, LLP**

 s/ Matthew A. Sklar
Matthew A. Sklar
Omar A. Bareentto
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
msklar@mccarter.com
obareentto@mccarter.com

**WINSTON & STRAWN LLP**
James P. Smith III (admitted *pro hac vice*)
Matthew L. DiRisio (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jpsmith@winston.com
mdirisio@winston.com

*Counsel for Defendants Becton, Dickinson and Company and Thomas E. Polen*

5

## CERTIFICATE OF SERVICE

I, Matthew A. Sklar, hereby certify that on January 10, 2023, I caused a true and correct copy of the foregoing to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 10, 2023

**MCCARTER & ENGLISH, LLP**

s/ Matthew A. Sklar
Matthew A. Sklar
Omar A. Bareentto
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
msklar@mccarter.com
obareentto@mccarter.com