**CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Sharan Nirmul
David A. Bocian
Joshua E. D'Ancona
Vanessa Milan (admitted *pro hac vice*)
Nathaniel Simon (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Counsel for Lead Plaintiff Industriens
Pensionsforsikring A/S and Lead Counsel
for the Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BECTON, DICKINSON AND COMPANY, VINCENT A. FORLENZA, THOMAS E. POLEN, and CHRISTOPHER R. REIDY, <br><br> Defendants. | Case No. 2:20-cv-02155-SRC-CLW <br><br> Hon. Stanley R. Chesler <br> District Judge <br><br> Hon. Cathy L. Waldor <br> Magistrate Judge <br><br> **MOTION DATE: TO BE DETERMINED** |

## REPLY IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE THIRD AMENDED CLASS ACTION COMPLAINT

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT .....................................................................................1

II.    ARGUMENT.............................................................................................................1

    A.    Plaintiff Does Not Seek To Re-Allege Claims Dismissed In the Court's
        MTD Order ....................................................................................................1

    B.    There Is No Undue Delay or Undue Prejudice ........................................................2

    C.    The Amendment Is Not Futile ...................................................................................4

III.    CONCLUSION.............................................................................................................7

# TABLE OF AUTHORITIES

**Cases**                                                                                                     **Page(s)**

*Aly v. Valeant Pharms. Int'l Inc.*,
  1 F.4th 168 (3d Cir. 2021) ...................................................................................................6

*United States ex rel. Atkinson v. Pa. Shipbuilding Co.*,
  473 F.3d 506 (3d Cir. 2007)................................................................................................2

*In re Cmty. Bank of N. Virginia*,
  622 F.3d 275 (3d Cir. 2010), *as amended* (Oct. 20, 2010) ..........................................7

*Feuerstack v. Weiner*,
  2013 WL 3949234 (D.N.J. July 30, 2013)..........................................................................7

*Growney v. Fed. Ins. Co.*,
  2021 WL 8443400 (D.N.J. Dec. 28, 2021)..........................................................................2

*Hakim Int'l Trading v. Standard Fire Ins. Co.*,
  2018 WL 4215007 (D.N.J. Sept. 4, 2018) .......................................................................4

*Horizon Blue Cross Blue Shield of N.J. v. Focus Express Mail Pharmacy, Inc.*,
  2019 WL 4749912 (D.N.J. Sept. 30, 2019) .................................................................. 3-4

*Kamin v. Band*,
  2018 WL 5961294 (C.D. Cal. Sept. 24, 2018) .............................................................3

*Long v. Wilson*,
  393 F.3d 390 (3d Cir. 2004)................................................................................................3

*In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*,
  2013 WL 396117 (D.N.J. Jan. 30, 2013)..........................................................................4, 5

*In re MicroStrategy Inc. Sec. Litig.*,
  110 F. Supp. 2d 427 (E.D. Va. 2000) .............................................................................5

*Oetting v. Heffler*, 2015 WL 9190629
  (E.D. Pa. Dec. 17, 2015) .....................................................................................................6

*Royal Mile Co. v. UPMC*,
  40 F. Supp. 3d 552 (W.D. Pa. 2014)..................................................................................7

*Schiavone v. Fortune*,
  477 U.S. 21 (1986).................................................................................................................8

*SEPTA v. Orrstown Fin. Servs. Inc.*,
  12 F.4th 337 (3d Cir. 2021) ............................................................................................ 5-6

*SEC v. Vuuzle Media Corp.*,
  2022 WL 577968 (D.N.J. Feb. 14, 2022),
  *aff'd*, 2022 WL 1156762 (D.N.J. Apr. 19, 2022) ........................................................1

*Sun Chem. Corp. v. Fike Corp.*,
  2022 WL 1773739 (D.N.J. June 1, 2022) ................................................................2

*T Mobile Ne. LLC v. City of Wilmington*,
  913 F.3d 311 (3d Cir. 2019)..............................................................................6, 7

*Winer Fam. Tr. v. Queen*,
  503 F.3d 319 (3d Cir. 2007)....................................................................................5

**Statutes**

28 U.S.C. § 1658(b) .................................................................................................5

iii

## I.    PRELIMINARY STATEMENT

Plaintiff, through its undersigned counsel, respectfully submits this reply in further support of its Motion for Leave to Amend the TAC.[1] ECF No. 123. Plaintiff moves for leave to amend the pleading solely to include options investors as putative class members and thus conform the class definition in the operative complaint to the class definition proposed in Plaintiff's motion for class certification, filed January 17, 2023. *See* ECF No. 130.

Plaintiff's Motion is governed by the permissive standard of Rule 15(a). "Given this liberal standard under Rule 15(a), the burden is on [Defendants] to show prejudice, bad faith, undue delay, or futility."[2] *SEC v. Vuuzle Media Corp.*, 2022 WL 577968, at *14 (D.N.J. Feb. 14, 2022), *aff'd*, 2022 WL 1156762 (D.N.J. Apr. 19, 2022). Defendants fail to carry their burden here.

## II.    ARGUMENT

### A.    PLAINTIFF DOES NOT SEEK TO RE-ALLEGE CLAIMS DISMISSED IN THE COURT'S MTD ORDER

Defendants argue Plaintiff has "ignore[d]" the Court's MTD Order by including "all claims against Vincent Forlenza and Christopher Reidy [which were dismissed] with prejudice." ECF No. 127 at 1. But this is untrue. On the first page of the proposed amended complaint, Plaintiff cites the Court's rulings on Defendants' motion to dismiss and states that it does not seek to re-assert any previously dismissed claims:

> The amendments to the Third Amended Complaint ("TAC") (ECF No. 91) reflected herein are intended strictly to modify the definition of the putative Class and any attendant Class-related allegations. For purposes of efficiency and clarity, all other allegations asserted in the TAC are left intact. Plaintiff notes that the Court sustained certain claims in the TAC and dismissed others in its August 11, 2022 Opinion and Order (ECF Nos. 106 and 107). For the avoidance of doubt, the Fourth

---

[1] Capitalized terms are as defined in Plaintiff's Motion.

[2] All internal citations and quotation marks are omitted and all emphasis is added, unless otherwise noted.

1

> Amended Complaint does not seek to re-assert or otherwise re-plead claims that the Court dismissed in that Opinion and Order, but seeks to modify only Class-related allegations.

ECF No 123-4 at 1 n.1; *see also* ECF No. 123-1 at 2 ("[the FAC] does not seek to re-assert any dismissed claim").  And the Third Circuit sets no "rigid requirement as to what a plaintiff must do" in alleging dismissed claims in an amended complaint.  *Cf. United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 517 (3d Cir. 2007).  Thus, Plaintiff's amendment is entirely consistent with both the MTD Order and Third Circuit law, and leave to amend should not be denied on this ground.[3]

### B.    THERE IS NO UNDUE DELAY OR UNDUE PREJUDICE

Defendants fail to show how the Motion came after undue delay, or how the amendment would cause undue prejudice. While Defendants note that Plaintiff seeks leave to amend three years after the case was filed and after previous amendments, it is well-settled that "[t]he mere passage of time does not require that a motion to amend be denied on grounds of delay." *Sun Chem. Corp. v. Fike Corp.*, 2022 WL 1773739, at *3 (D.N.J. June 1, 2022) (quoting *Cureton v. Nat'l Collegiate Athletics Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)); *see also Growney v. Fed. Ins. Co.*, 2021 WL 8443400, at *2 (D.N.J. Dec. 28, 2021) ("delay alone is insufficient grounds to deny an amendment.") (quoting *Cornell and Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 2001)).  Instead, Defendants must show the delay is "undue," meaning "placing an unwarranted burden on the court," or "will become prejudicial," meaning it "plac[es]" them with "an unfair burden." *Growney*, 2021 WL 8443400, at *2 (quoting *Adams v. Gould*, 739 F.2d 858, 868 (3d Cir. 1984)).  Neither is shown here.

---

[3] Nevertheless, if the Court grants Plaintiff's Motion, Plaintiff will remove Forlenza and Reidy as Defendants from the caption and counts of the FAC to address Defendants' stated concerns.

2

First, far from undue delay, Plaintiff filed the Motion months before the Court-ordered deadline for any amendments to the complaint, which was stipulated by the parties.  ECF No. 118. As a matter of substance, the narrow amendment, involving a handful of changes to the class-related allegations in the TAC, should not place any unwarranted burden on the Court. Indeed, the amendment is simply to align the operative pleading with the proposed class put forth in Plaintiff's class certification motion. ECF No. 130. In that regard, Plaintiff appropriately sought leave to amend prior to filing that motion.

Second, Defendants fail to establish that the amendment imposes an unfair burden on them. In this Circuit, undue prejudice exists where the amendment: "(i) require[s] the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay[s] the resolution of the dispute; or (iii) prevent[s] the plaintiff from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Defendants merely speculate about possible prejudice, i.e., that the amendment may "potentially forc[e] them to file yet another motion to dismiss." ECF No. 127 at 2 n.2. But, as courts recognize, this does not create undue prejudice. *Kamin v. Band*, 2018 WL 5961294, at *2 (C.D. Cal. Sept. 24, 2018) ("That [d]efendant would be required to file a motion to dismiss does not rise to the level of undue prejudice to [the] [d]efendant"). Moreover (as addressed further in Section II.C, below), if, in granting Plaintiff's Motion, the Court addresses Defendants' substantive arguments regarding futility, any motion to dismiss briefing would become moot, since futility under Rule 15 and an asserted failure to state a claim under Rule 12(b)(6) are analyzed under the same legal standard. *Horizon Blue Cross Blue Shield of N.J. v. Focus Express Mail Pharmacy, Inc.*, 2019 WL 4749912, at *4 (D.N.J. Sept. 30, 2019) (when the court analyzes "futility focused on whether the [complaint]

3

could survive a motion pursuant to Rule 12(b)(6)" and "conclude[s] the claims could survive," the court "will not reconsider the same previously rejected arguments" on a motion to dismiss).[4]

### C.   THE AMENDMENT IS NOT FUTILE

Futility is determined under the Rule 12(b)(6) motion to dismiss standard. *Hakim Int'l Trading v. Standard Fire Ins. Co.*, 2018 WL 4215007, at \*2 (D.N.J. Sept. 4, 2018) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). An amendment is futile only if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Id.* (quoting *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990)). Defendants fail to establish futility.[5]

First, Defendants argue that Industriens lacks standing to assert claims on behalf of BD options investors because Industriens did not itself transact in BD options during the Class Period. ECF No. 127 at 3. This argument fails. In *Merck*, the defendants similarly argued that "because none of the [l]ead [p]laintiffs purchased a call option or sold a put option, they have no standing to litigate Rule 10b-5 claims on behalf of absent class members who traded in options contracts." *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, 2013 WL 396117, at \*5 (D.N.J. Jan. 30,

---

[4] Defendants also take issue that Plaintiff filed its Motion "on the verge of moving for class certification." ECF No. 127 at 2. But Plaintiff notified Defendants of its intent to move to amend on November 18, 2022–eight weeks before the class certification motion deadline–and provided Defendants the requisite time to consider whether they would consent so as to potentially avoid needless motion practice before the Court. Despite being asked repeatedly in the interim, Defendants declined to provide their formal position on whether they would consent to the amendment until December 21, 2022, without providing any of the reasons put forth in their opposition, and Plaintiff filed its Motion the following day.

[5] Defendants raise the noted issues in the context of futility under Rule 15, but each of these arguments relates primarily to issues under Rule 23, including as to Plaintiff's adequacy, typicality, and class standing to represent the asserted options-related claims, and is more appropriately addressed in the context of class certification briefing—as Defendants concede. ECF No. 127 at 3 n.4 ("Briefing and expert testimony in the context of the class certification motion is the proper forum for these issues. . .").

2013). This Court rejected that argument, concluding that "[t]hese investors allegedly suffered a loss as a result of the effect of [d]efendants' misconduct on the price of Merck stock, and thus [l]ead [p]laintiffs and all absent class members share an interest in proving [d]efendants' liability for the alleged Exchange Act violations." *Id.*; *see also In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 440 (E.D. Va. 2000) ("the claims of options-holders and stockholders are in most cases sufficiently similar that they should be consolidated in form and in fact, and thus litigated by the same lead plaintiff and lead counsel.").

Ignoring this Court's ruling in *Merck* (which Plaintiff cited in its opening brief), Defendants argue "[i]t goes without saying that a plaintiff must have traded in the security as to which it seeks to assert a federal securities claim." ECF No. 127 at 3 (citing *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 325 (3d Cir. 2007)).  But *Winer* does not stand for this proposition. Rather, it stands for the basic proposition that "it is still necessary for the lead plaintiff to establish its own standing based on a purchase or sale of stock" and not—as Defendants suggest—that a lead plaintiff must trade in the exact securities as all absent class members. *Winer*, 503 F.3d at 325-26. Industriens' purchases of BD common stock during the Class Period, ECF No. 91-1, establish its standing to pursue this claim individually and on behalf of those harmed in the same manner, which includes BD options investors.

Second, there is no futility based on the statute of limitations because the FAC relates back to the TAC (and earlier amendments) filed within the two-year statute of limitations for Section 10(b), 20(a) and 20(A) claims. 28 U.S.C. § 1658(b).  The Third Circuit recently remarked that "[i]t is well established that Rule 15(c) permits amended pleadings to relate back past statutes of limitations such that an amendment filed outside the limitations period is deemed timely." *SEPTA v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 345 (3d Cir. 2021) (citing 6A Charles Alan Wright,

Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1497 (3ed. 2010 and Supp. 2021)). "Specifically, Rule 15(c) provides that an amended pleading relates back to the date of the initial pleading when, among other things, the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." *Id.* at 344-45 (quoting Fed. R. Civ. P. 15(c)(1)(B)); *see also Oetting v. Heffler*, 2015 WL 9190629, at *6 n.6 (E.D. Pa. Dec. 17, 2015) ("The relation back of claims by additional plaintiffs in a putative class action is governed by Rule 15(c)(1)(B).") (citing *In re Cmty. Bank of N. Virginia*, 622 F.3d 275, 298 (3d Cir. 2010), *as amended* (Oct. 20, 2010)). Put another way, courts "look to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds." *T Mobile Ne. LLC v. City of Wilmington*, 913 F.3d 311, 328 (3d Cir. 2019) (alteration omitted).  Relation back thus "embodie[s]" a "clear preference . . . for merits-based decision making." *Id.*

Defendants received ample fair notice of the "general fact situation" and "legal theory" presented in the amendment. *Id*. To be sure, Defendants have been on notice that this case could include options investors since the February 27, 2020 initial complaint was filed on behalf of all purchasers of "Becton securities" (common stock and options) during the Class Period. ECF No. 1.  Moreover, the prospect of an amendment to include options investors in the class definition was specifically addressed at the November 2020 hearing.[6] ECF No. 92 at 11 (representing that Plaintiff would consider amending its complaint to include BD options investors within the class definition once Plaintiff could "apply [the Court's holdings in the motion to dismiss order] to the necessary economic analysis of the options-related damages and causation and class issues with

---

[6] Accordingly, there is no "surprise" that Plaintiff seeks to amend on the proposed grounds. *Cf. Aly v. Valeant Pharms. Int'l Inc.*, 1 F.4th 168, 176 (3d Cir. 2021) ("statutes of limitations are intended to prevent the 'surprise' revival of old claims that plaintiffs failed to diligently pursue.").

the help of economic experts."). And Defendants have been on notice of the liability theory supporting the options investors' claims, since the claims of these proposed class members arise from the same alleged conduct and Exchange Act violations that give rise to the claims of BD common stock purchasers that were sustained in the MTD Order.

"The linchpin" of relation back "is notice, and notice within the limitations period." *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986). Defendants were on notice here well within the limitations period, and thus relation back applies. Indeed, a finding that the options investors' claims are time-barred here "would not comport with Rule 15's aim to encourage resolution of disputes on the merits whenever possible." *T Mobile*, 913 F.3d at 329.[7]

## III.   CONCLUSION

For the foregoing reasons, and for reasons provided in Plaintiff's opening brief, Plaintiff respectfully requests that the Court grant its Motion.

Dated: January 24, 2023

Respectfully submitted,

**CARELLA BYRNE CECCHI**
**BRODY & AGNELLO, P.C.**

s/ *James E. Cecchi*
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Sharan Nirmul
David A. Bocian
Joshua E. D'Ancona
Vanessa M. Milan (admitted *pro hac vice*)
Nathaniel C. Simon (admitted *pro hac vice*)

---

[7] Defendants' citation to *Feuerstack v. Weiner*, 2013 WL 3949234, at *2 (D.N.J. July 30, 2013) is inapposite since in *Feuerstack* the plaintiff originally brought a single state class action before attempting to convert it to a nationwide class action, and the court concluded that the amendment did not "relate back to the initial complaint because [p]laintiff failed to satisfy the notice and prejudice requirements." *Id.* at *4. Unlike *Feuerstack*, Plaintiff here seeks to amend to include claims on behalf of options investors based on the same Exchange Act violations as are already alleged, Defendants have long been on notice of the options investors' claims, and, as argued above, will suffer no cognizable prejudice from the amendment. And as the Third Circuit counsels, in conducting the relation back analysis: "the better conclusion may be that an amended complaint adding a class member as a new named plaintiff need only satisfy Rule 15(c)(1)(B) to relate back to an earlier complaint." *Cmty. Bank*, 622 F.3d at 298; *see also Royal Mile Co. v. UPMC*, 40 F. Supp. 3d 552, 592 n.24 (W.D. Pa. 2014) (citing *Community Bank* and solely applying Rule 15(c)(1)(B) in finding relation back).

Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com
decklund@carellabyrne.com

*Liaison Counsel for the Putative Class*

280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056
snirmul@ktmc.com
dbocian@ktmc.com
jdancona@ktmc.com
vmilan@ktmc.com
nsimon@ktmc.com

*Counsel for Lead Plaintiff Industriens Pensionsforsikring A/S and Lead Counsel for the Putative Class*

8

## <u>CERTIFICATE OF SERVICE</u>

I, James E. Cecchi, hereby certify that on January 24, 2023 I caused a true and correct copy of the foregoing Reply in Support of Lead Plaintiff's Motion for Leave to Amend the Third Amended Class Action Complaint to be filed electronically with the Clerk of the Court using the ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.  I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  January 24, 2023

*s/ James E. Cecchi*
James E. Cecchi
**CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for the Putative Class*

9