# CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.

### COUNSELLORS AT LAW

_____

CHARLES C. CARELLA
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI

DONALD F. MICELI
CARL R. WOODWARD, III
MELISSA E. FLAX
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON
LINDSEY H. TAYLOR
CAROLINE F. BARTLETT
ZACHARY S. BOWER+
DONALD A. ECKLUND
CHRISTOPHER H. WESTRICK*
STEPHEN R. DANEK
MICHAEL A. INNES
MEGAN A. NATALE

**5 BECKER FARM ROAD**
**ROSELAND, N.J.  07068-1739**
**PHONE (973) 994-1700**
**FAX (973) 994-1744**
**www.carellabyrne.com**

February 24, 2023

PETER G. STEWART
FRANCIS C. HAND
JAMES A. O'BRIEN, III
JOHN G. ESMERADO
STEVEN G. TYSON
MATTHEW J. CERES
MARC D. MORY
 ZACHARY A. JACOBS***


OF COUNSEL

*CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY
+MEMBER FL BAR ONLY
**MEMBER NY BAR ONLY
***MEMBER IL BAR ONLY

RAYMOND J. LILLIE
GREGORY G. MAROTTA
KEVIN G. COOPER
MARYSSA P. GEIST
JORDAN M. STEELE**
MICHAEL K. BELOSTOCK
BRIAN F. O'TOOLE**
SEAN M. KILEY
ROBERT J. VASQUEZ

<u>**VIA ECF**</u>
Hon. Cathy L. Waldor, U.S.M.J.
United States District Court
for the District of New Jersey
Martin Luther King Jr. Courthouse
50 Walnut Street
Newark, NJ 07101

> **Re:**  ***Industriens Pensionsforsikring A/S et al v.***
> ***Becton Dickinson et al.***
> **Case No. 2:20-cv-02155-SRC-CLW**

Dear Judge Waldor:

We, together with Kessler Topaz Meltzer & Check, LLP, represent Lead Plaintiff Industriens Pensionsforsikring A/S ("Plaintiff") and the putative Class in the above-referenced action.  We write to respectfully request that the Court order Defendant Becton, Dickinson and Company ("BD" or "Defendant") to fully respond to Interrogatory No. 1 (the "Interrogatory") of Plaintiff's First Set of Interrogatories to BD (the "Interrogatories," attached hereto as Exhibit A). The parties have conferred on this issue consistent with Local Civil Rule 37.1, but have not been able to reach agreement.

### <u>Background of the Action and the Present Dispute</u>

Plaintiff brings this putative class action under the federal securities laws on behalf of itself and similarly situated persons who transacted in BD securities between November 5, 2019 and February 5, 2020.  This action generally concerns the Defendants' alleged misstatements and omissions regarding BD's medical device Alaris amidst the U.S. Food and Drug Administration's (the "FDA") increasing scrutiny of Alaris defects and issues.  On August 11, 2022, the Court granted in part and denied in part the defendants' motion to dismiss. ECF No. 106.

On October 28, 2022, Plaintiff served BD with the Interrogatories.  In Interrogatory No. 1, Plaintiff requested that BD: "Identify All Meetings between You and the FDA Concerning Alaris."

February 24, 2023
Page **2** of **5**

*See* Exhibit A. Under the definitions provided in the Interrogatories, BD was instructed to state: "the Meeting's date; its location; the type of Meeting or means of communication, i.e., whether in-person, remote, telephonic, or other; all Meeting attendees or participants; all Documents created or distributed in connection with the Meeting, whether before, during or after; and the principal subject matter or topics discussed at the Meeting." *Id.*

Some eight weeks later, on December 23, 2022, BD responded to the Interrogatories. *See* Exhibit B, BD's Responses and Objections to Plaintiff's First Set of Interrogatories. As to Interrogatory No. 1, BD provided a non-substantive response, stating: "pursuant to Rule 33(d), BD will conduct a reasonable search and will produce non-privileged documents responsive to this interrogatory and sufficient to identify all meetings between BD and the FDA concerning Alaris during the Relevant Time Period." *Id.* At the time, BD had not yet produced any documents to Plaintiff, let alone documents covering BD's relevant FDA meetings.

On December 27, 2022, Plaintiff asserted in a letter to BD that BD's response to the Interrogatory was deficient because "Rule 33(d) does not permit such a 'kick the can down the road' response, as federal courts have recognized for years; instead, if Defendant wishes to invoke Rule 33(d), it must identify the specific documents that it has produced to Plaintiff that contain the information requested."  Plaintiff asserted that BD must either produce documents containing the requested information, or supplement its response to provide the basic information requested in Interrogatory No. 1.

On December 30, 2022, Plaintiff and BD met and conferred regarding this issue. Afterwards, BD agreed to supplement its response, which it did on January 13, 2023.  *See* Exhibit C, BD's Supplemental Responses and Objections to Plaintiff's First Set of Interrogatories. In its supplemental response, "[b]y way of interim further response," BD provided only information about the dates of certain meetings—namely, a list of seventeen dates of "scheduled meetings between representatives of the FDA and representatives of BD to address issues related to Alaris." *Id.* BD did not identify meeting attendees or any other information requested in Interrogatory No. 1. *Id.* BD "expressly reserve[d] the right to supplement this response pending, and subsequent to, the production of responsive documents and reassert[ed] its objection under Rule 33(d)." *Id.*

Four days later, on January 17, 2023, Plaintiff emailed BD requesting to meet and confer about BD's supplemental response.  BD responded that it was "happy to meet and confer" but asked that Plaintiff "identify the issues [it] would like to raise (or questions you may have) prior to scheduling it."  The next day, Plaintiff did so, explaining its position that BD's supplemental response remained deficient because it merely identified scheduled meeting dates, but still did not "identify any attendees at any of the meetings [that BD has] now identified" or other information called for in Interrogatory No. 1.  BD did not agree to meet and confer or otherwise respond.

Having received no response from BD, Plaintiff emailed BD on January 24, 2023 again requesting that BD meet and confer about the issue or, in the alternative, respond and "confirm [its] position on whether [it] will provide the missing responsive information (and if so by when), or else that the parties are at an impasse regarding [this issue]." BD did not respond.

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION

February 24, 2023
Page **3** of **5**

On February 10, 2023, Plaintiff again wrote to BD and requested BD's position, stating: "Your Supplemental Response identified the dates of 17 meetings with the FDA as requested, but . . . failed to provide any other information called for in the Interrogatory, including: (i) the Meeting location, (ii) the type of Meeting, (iii) the attendees or participants, (iv) the documents created or distributed in connection with the Meeting, and (v) the principal subject matter or topics covered at the Meeting." Plaintiff further noted that if BD again did not respond, it would "assume that that the parties are at an impasse and will submit the dispute to [the Court]."

On February 22, 2023, as BD had still failed to respond to Plaintiff's January 18, January 24, and February 10 emails regarding BD's deficient responses to Interrogatory No. 1, Plaintiff provided BD one last chance to cure the ongoing deficiency and informed BD by email that it would bring the present issue to the Court under the Court's Civil Case Management Order ¶ 7 and L. Civ. Rule 37.1 on this date, Friday, February 24, at 5PM. Plaintiff requested Defendant to provide its position in writing in accordance with the Court's Civil Case Management Order ¶ 7(e) by February 24 at 12PM for inclusion in this letter. Plaintiff stated that once BD provided its ¶ 7(e) position, Plaintiff would include it in the draft and share the entire joint submission for BD's review before filing. BD declined to provide an insert with its position, but sent the email attached hereto as "Exhibit D" at 4:36 PM ET on February 24. In Plaintiff's view, BD's last minute offer to provide certain additional responsive information "as soon as practicable" is too vague and indeterminate to fulfill BD's obligations under Rule 33, and is a particularly inadequate response given the fact that BD has now had nearly four months to respond to Interrogatory No. 1.

To date, BD has produced 90 documents, none of which directly relate to BD's meetings with the FDA concerning issues related to Alaris, and none of which have been specifically identified as responsive to Interrogatory No. 1 as required by Rule 33(d).

### **Plaintiff's Position**

Plaintiff served Interrogatory No. 1 on October 28, 2022 to seek basic information—the "who, what, where and when"—about BD's Alaris-related meetings with the FDA. The relevance of the requested information is beyond dispute. BD's supplemental response served January 13, 2023, states the dates of certain "scheduled meetings" with the FDA but nothing further, while reserving the right to supplement again following document productions under Rule 33(d). The response is deficient because BD: (i) has not fully responded in writing to the call of the Interrogatory as required under Rule 33(b), and (ii) cannot rely on Rule 33(d) to supplant its Rule 33(b) obligations since it has not produced any responsive documents.

First, Rule 33(b) obligates BD to "fully" respond to interrogatories "in writing under oath." Fed. R. Civ. P. 33(b)(3). BD has failed to fully respond in writing to this Interrogatory insofar as it has not stated, for each meeting with the FDA, the basic facts Plaintiff has requested: (i) the meeting location, (ii) the type of meeting (in-person, telephonic, hybrid, etc.), (iii) the meeting attendees or participants, (iv) the documents created or distributed in connection with the meeting, and (v) the principal subject matter or topics covered at the meeting. Where, as here, a party fails to "fully" respond in writing, but the information requested is relevant and clearly in the party's

February 24, 2023
Page **4** of **5**

possession, courts routinely compel a complete response. *See, e.g.*, *Cosmetic Warriors Ltd. v. Lush Day Spa, LLC*, 2013 WL 5536048, at *3 (D.N.J. Oct. 4, 2013) (granting motion to compel defendant to "fully" respond to interrogatory when initial response was not complete and "the relevance of the information [wa]s clearly explained"); *Asta Funding, Inc. v. Your Wellbeing, LLC*, 2012 WL 2299391, at *4 (D.N.J. June 14, 2012) ("[d]efendants must either respond to the [i]nterrogatories by providing the information requested, or if they do not possess the knowledge required to answer the Interrogatories, they must provide a certification to that effect.").

Second, Defendant cannot rely on Rule 33(d) in lieu of a substantive response now because it has not produced any documents responsive to Interrogatory No. 1. Rule 33(d) allows a party to respond to an interrogatory by reference to documents, but only if: (i) the referenced documents are "business records"; (ii) the answer may be determined by reference to those business records; (iii) the burden of deriving or ascertaining the answer will be "substantially the same" for either party; and (iv) the responding party "specif[ies] the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d).

"The level of specificity required" to properly invoke Rule 33(d) "is not trivial and 'generally requires an answering party to point to specific documents, by name or bates number, and not pointing the requesting party generally to document productions.'" *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, 2020 WL 13169418, at *1, n.1 (E.D. Pa. Apr. 24, 2020) (quoting *Samsung Elecs. Am., Inc. v. Chung*, 321 F.R.D. 250, 282 (N.D. Tex. 2017)); *see also Graco, Inc. v. PMC Glob., Inc.,* 2011 WL 1114233, at *35 (D.N.J. Mar. 24, 2011) ("the Court finds Graco's response to be insufficient and directs Graco to 'specify the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them' by referencing specific responsive documents by Bates number rather than categories of documents"); *Monterey Commc'ns., LLC v. Atl. Tele-Network Int'l, Inc.*, 2021 WL 7700712, at *2 (D.V.I. Apr. 14, 2021) (a party must "identi[f]y the specific document by Bates label that contains the information requested.").

BD's assertion that it "reserves the right to supplement this response pending, and subsequent to, the production of responsive documents" under Rule 33(d) does not nearly meet the requirements of Rule 33(d). *Parks, LLC v. Tyson Foods, Inc.*, 2015 WL 5042918, at *4 (E.D. Pa. Aug. 26, 2015) (held nearly identical answers to interrogatories—that the responding party "would produce responsive documents"—"are insufficient under Rule 33."). BD does not specify documents containing the information requested in the Interrogatory, much less in a way that would allow Plaintiff to locate and identify the documents as readily as BD could. And of course, BD has produced no documents to Plaintiff that cover the information requested.

Indeed, because BD has not produced documents that contain the requested information, its response is nothing more than a promise to provide the information called for in Interrogatory No. 1 at an indeterminate future date. But this is not permissible; "the Rule requires more than a promise to produce certain unspecified records at some future time." *Parks,* 2015 WL 5042918,

February 24, 2023
Page **5** of **5**

at *4 ("[a] party relying on the procedure in Rule 33(d) must specify the responsive records in sufficient detail within thirty days after being served with the interrogatory."); *see also Schreiber v. Eli Lilly & Co.*, 2007 WL 9821904, at *2 (E.D. Pa. Mar. 19, 2007) ("In any responses in which Lilly has used Rule 33(d) without knowing that the answer to the [i]nterrogatory is contained in the documents, Lilly should revise the response so that it does not use Rule 33(d)."); *Walt Disney Co. v. DeFabiis,* 168 F.R.D. 281, 284 (C.D. Cal. 1996) (holding that responding to an interrogatory by agreeing to "provide documents in accordance with Rule 33(d)" does not comply with the Rule).

Defendant has now had months to obtain and provide the basic, limited, and relevant information requested by Interrogatory No. 1. Defendant should no longer be permitted to avoid and defer disclosing it. Accordingly, Plaintiff respectfully requests that the Court order Defendant to cure its deficient response to Interrogatory No. 1 promptly, by either: (i) fully responding to Interrogatory No. 1 in writing; or (ii) producing and identifying documents sufficient to satisfy Rule 33(d).

Respectfully submitted,

*/s/ James E. Cecchi*

CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.

cc:    Counsel of Record

CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO
A PROFESSIONAL CORPORATION