# EXHIBIT A

**CARELLA BYRNE CECCHI**
**OLSTEIN BRODY & AGNELLO, PC**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700

*Liaison Counsel for the Putative Class*

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Sharan Nirmul
David A. Bocian
Joshua E. D'Ancona
Vanessa M. Milan (admitted *pro hac vice*)
Nathaniel C. Simon (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Counsel for Lead Plaintiff Industriens Pensionsforsikring A/S and Lead Counsel for the Putative Class*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY, VINCENT A. FORLENZA, THOMAS E. POLEN, and CHRISTOPHER R. REIDY,<br><br>Defendants. | Case No. 2:20-cv-02155-SRC-CLW |

**LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES**
**TO DEFENDANT BECTON, DICKINSON AND COMPANY**

Pursuant to Federal Rules of Civil Procedure ("Rules") 26 and 33 and Local Rule 33.1, Lead Plaintiff Industriens Pensionsforsikring A/S ("Industriens" or "Lead Plaintiff"), by and through its undersigned counsel, propounds the following Interrogatories on Defendant Becton, Dickinson and Company ("BD" or the "Company"), and demands that Defendant answer each

Interrogatory under oath and in writing within thirty (30) days of service of these Interrogatories at the office of Kessler Topaz Meltzer & Check, LLP, or such other place as is mutually agreed.

Each of the following Interrogatories is to be read in accordance with the Definitions and Instructions as set forth below. Lead Plaintiff reserves the right to amend and/or supplement these Interrogatories.

## DEFINITIONS

1.      "Action" means the above-captioned securities class action.

2.      "Advisor" means any Person (as defined herein) who at any time during the Relevant Time Period (as defined herein) while not an "Employee," (as defined herein) was engaged or consulted by You (as defined herein) to provide research, studies, testing, opinions, conclusions, insights, analysis, review, advice, or any recommendations of any kind.

3.      "Alaris" means the medical device the Alaris™ infusion pump system, and expressly includes all Alaris-branded products, including the BD Alaris™ infusion systems, infusion software, infusion system therapies, and IV therapy sets and accessories.

4.      "All" shall include the term "Each" and vice-versa, as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside the scope of the Interrogatory.

5.      "Amended Consent Decree" means the Amended Consent Decree of Condemnation and Permanent Injunction entered on February 23, 2009 (and amended thereafter) in the matter of *United States v. Undetermined Quantity of Boxes of Signature Edition Gold Infusion Pumps, et al.*, 06-CV-1706 BEN (S.D. Cal.).

6.      "And" and "Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory all responses that might otherwise be construed to be outside the scope of the Interrogatory.

7.    "Any" shall be deemed to include and encompass the terms "Each" and "All."

8.    "BD" or the "Company" means Becton, Dickinson and Company and all of its divisions, organizational units, franchises, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, Employees (as defined herein), representatives, agents, attorneys, accountants, Advisors and all other Persons (as defined herein) acting or purporting to act on its behalf. "BD" or the "Company" expressly includes CareFusion (as defined herein) and all of its divisions, organizational units, subdivisions, affiliates, predecessors, successors, joint ventures, present and former officers, directors, Employees (as defined herein), representatives, agents, attorneys, accountants, advisors and all other Persons (as defined herein) acting or purporting to act on its behalf.

9.    "CareFusion" means CareFusion Corporation.

10.    "Communication" or "Communications" means any exchange of information, words, numbers, pictures, charts, studies, or graphs by any means of transmission, sending or receipt of information of any kind by or through any means including personal delivery, speech, writings, Documents (as defined herein), language (machine, foreign or otherwise) of any kind, computer electronics or Electronically Stored Information (as defined herein), sound, radio or video signals, telecommunication, telephone, facsimile, mail, film, photographic film of all types, or other media of any kind.  The term "Communication" also expressly includes all inquiries, discussions, conversations, correspondence, negotiations, agreements, presentations, understandings, Meetings (as defined herein), notices, requests, responses, demands, complaints, press, publicity, or trade releases.

11.    "Concern," "Concerning," or "Relating to" means referring to, describing, evidencing, reflecting upon, regarding, or constituting.

12.     As used herein, "Document" or "Documents" has the broadest possible meaning under Rule 34(a), and includes electronic or computerized data compilations; electronic file backup tapes; hard drives and images of hard drives; all drafts; agreements; Communications; correspondence; letters; memoranda; records; presentations; books; reports; transcripts or summaries of conversations or interviews; diaries; graphs; charts; diagrams; tables; photographs; recordings; tapes; telegrams; facsimiles; microfilms; minutes; transcripts or summaries of Meetings (as defined herein) or conferences; records and reports of consultants; press releases; stenographic, handwritten or any other notes; workpapers; checks and check vouchers; check stubs or receipts; and any paper or writing of whatever description, including any computer database or information contained in any computer although not yet printed out.  This definition specifically includes written or otherwise memorialized exchanges and/or messages in electronic messaging or chat applications, including text messages, instant messages, emails, internet message board posts, tweets, Blackberry messages, iMessages, Bloomberg messages, WhatsApp messages, Skype Messages, Slack messages, Microsoft Teams messages, and Zoom messages. A draft or non-identical copy of any Document is a separate Document within the meaning of this term.

13.     "Electronic Media" means any magnetic or other storage media device used to record ESI (as defined herein).  Electronic Media devices may include computer memories, hard disks, diskettes, floppy disks, memory sticks, thumb drives, CDs, CD-ROMs, DVDs, DVD-ROMs, personal digital assistant devices (e.g. Palm Pilot, BlackBerry, iPad, iPhone, or "smart phone" devices), magnetic tapes of all types, microfiche, or any other vehicle for digital storage or transmittal, including but not limited to, any containers or labels appended to, or relating to, any physical original or copy of such storage device.

14.     "Electronically-Stored Information" or "ESI" includes the following:

(i)    all items covered by Rule 34(a)(1)(A), including both information that is fixed in a tangible form and information that is stored in a medium from which it can be retrieved and examined;

(ii)    information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.);

(iii)    files, information, or data saved on backup tapes or hard drives;

(iv)    internal or external web sites; and

(v)    output resulting from the use of any software program, including word processing Documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, instant messenger (or similar programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; activity listings of electronic mail receipts and transmittals; and all items stored on computer memories, hard disks, diskettes, floppy disks, CD-ROMs, DVD-ROMs, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, including personal digital assistants (e.g., iPhone, iPad), hand-held wireless devices (e.g., BlackBerry) or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all Documents requested herein.

15.    "Employee" means any Person (as defined herein) who at any time during the Relevant Time Period (as defined herein) acted or purported to act on behalf of You (as defined herein), including all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, Advisors, and consultants.

16.    "FDA" means the U.S. Food and Drug Administration.

17.    "Identify" when used in reference to a natural person means to state: the person's full name; present or last known business and/or home addresses and phone numbers; current employer; and to the extent such persons are or were employed by You (as defined herein), their title, a short description of their responsibilities, the division or department they worked in, time period of their employment, and their direct supervisor.

18.    "Identify" when used in reference to a Document means to state, to the extent reasonably accessible: its formal or informal title(s); its date(s) of preparation; its date(s) of use; the identity of the Person(s) (as defined herein) who signed it or under whose name the Document was issued; the author(s), addressee(s) and recipient(s) of the Document; the form of the Document (e.g., memorandum, email, text); the substance of the Document; and its present or last known custodian. If a Document has been produced in discovery, identifying by Bates number is sufficient.

19.    "Identify" when used in reference to a Meeting (defined herein) means to state:  the Meeting's date; its location; the type of Meeting or means of communication, i.e. whether in-person, remote, telephonic, or other; all Meeting attendees or participants; all Documents created or distributed in connection with the Meeting, whether before, during or after; and the principal subject matter or topics discussed at the Meeting.

6

20.    "Include" or "Including" means including without limitation.

21.    "Meeting" means the contemporaneous presence of any natural persons (including by telephone, video conference, or instant messaging) for any purpose, whether or not such presence was by chance or prearranged, and whether or not the Meeting was formal or informal or occurred in connection with some other activity. The term "Meeting" also includes agendas, meeting invites, calendar events, pre-meeting packages, meeting materials, presentations, notes, emails, minutes and/or recordings related to such Meetings and Documents sufficient to identify the attendees at the Meeting.

22.    "Person" or "Persons" means natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

23.    "You" or "Your" means the responding party, BD, and all other Persons acting or purporting to act on the responding party's behalf, including Employees, in-house and outside attorneys, accountants, representatives, agents, Advisors, or other Persons purporting to act on the responding party's behalf.

## INSTRUCTIONS

1.    The following instructions are an integral part of these Interrogatories and apply to each of them, as well as to any other discovery requests incorporating these instructions.

2.    Lead Plaintiff demands that BD or Person(s) with knowledge of the subject matter herein and able to bind BD with his or her answers, verify the answers to the Interrogatories under oath.

3.    Pursuant to Rule 26(e), You must continue to supplement each Interrogatory response once information, Documents, and/or data responsive to each Interrogatory becomes available, and even after the close of the discovery period in the Action.

4.      These Interrogatories are directed toward BD, and any of its parents, subsidiaries, predecessors, successors, and present and former divisions and affiliates; and each of its present or former agents, Employees, directors, officers, Advisors, or anyone acting or purporting to act on its behalf or under its control.

5.      In responding to these Interrogatories, You must furnish all requested information, not subject to a valid objection, that is known by, possessed by, or available to You, Your counsel, or any consultants, representatives, agents, or others acting on Your behalf.

6.      If You cannot answer any of the Interrogatories in full after exercising due diligence in attempting to secure the information necessary to do so, answer to the fullest extent possible, providing all information available to You as of the date of Your response to these Interrogatories, explain why You cannot answer the remainder, and state the nature of the information or knowledge that You cannot furnish.

7.      An evasive or incomplete answer may be deemed to be a failure to answer and may render You and Your counsel liable for the expenses of a motion to compel a complete answer, including reasonable attorneys' fees.

8.      You must object separately to each subpart, and if You object to less than all the subparts of a numbered Interrogatory then You must answer the remaining subparts.  In addition, if You object to an Interrogatory or a subpart thereof as calling for information which is beyond the scope of discovery, You must answer the Interrogatory or subpart thereof to the extent that it is not objectionable.

9.      For each Interrogatory and subpart of each Interrogatory, if the information furnished in Your answer is not within Your knowledge, Identify each Person for whom the information is a matter of knowledge, if known.

8

10.     If You object to any of the Definitions or Instructions applicable to these Interrogatories, state Your specific objection in Your response and clearly indicate whether You are complying with the definition or instruction notwithstanding Your objection.

11.     For each Interrogatory for which information is withheld on a claim of privilege or otherwise, please provide a privilege log identifying the Documents or information withheld in accordance with Rule 26(b)(5).

12.     If You encounter any ambiguity in construing an Interrogatory, or the definition or instruction relevant to the Interrogatory, set forth the matter deemed "ambiguous" and the construction chosen or used in responding.

13.     Unless a word or term has been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a specific custom and usage definition in Your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition.

14.     If You object to any Interrogatory on the ground of overbreadth, You are instructed to respond to the Interrogatory as narrowed to conform to your objection.

15.     In no event should any response be left blank.  If the response to any Interrogatory is, for example, "none" or "not applicable," such statement should be written as a response.

## RELEVANT TIME PERIOD

The Interrogatories herein refer to the period from January 1, 2018 to May 31, 2020, inclusive (the "Relevant Time Period"), and expressly seek all information that relates to such period, even though prepared or published outside of the Relevant Time Period.

## INTERROGATORIES

## INTERROGATORY NO. 1

Identify All Meetings between You and the FDA Concerning Alaris.

**INTERROGATORY NO. 2**

Identify Any Advisor that You consulted, engaged or retained in connection with Alaris-related matters and the scope of their work for You.

**INTERROGATORY NO. 3**

Identify All Person(s) at BD who had principal responsibilities for ensuring, monitoring or assessing compliance with the Amended Consent Decree.

Dated: October 28, 2022

*s/ Sharan Nirmul*
Sharan Nirmul
David A. Bocian
Joshua E. D'Ancona
Vanessa M. Milan (admitted *pro hac vice*)
Nathaniel C. Simon (admitted *pro hac vice*)
**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
dbocian@ktmc.com
jdancona@ktmc.com
vmilan@ktmc.com
nsimon@ktmc.com

*Counsel for Lead Plaintiff Industriens
Pensionsforsikring A/S and Lead Counsel for the
Putative Class*

James E. Cecchi
**CARELLA BYRNE CECCHI**
**OLSTEIN BRODY & AGNELLO, PC**
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for the Putative Class*

10

## CERTIFICATE OF SERVICE

I, Sharan Nirmul, hereby certify that on October 28, 2022, a true and correct copy of the

foregoing Lead Plaintiff's First Set of Interrogatories was sent via electronic mail to the recipients

listed below.

| **MCCARTER & ENGLISH, LLP** | **WINSTON & STRAWN LLP** |
|---|---|
| Matthew A. Sklar | James P. Smith III (admitted *pro hac vice*) |
| Omar A. Bareentto | Matthew L. DiRisio (admitted *pro hac vice*) |
| Four Gateway Center | |
| 100 Mulberry St. | 200 Park Avenue |
| Newark, NJ 07102 | New York, New York 10166 |
| Telephone: (973) 622-4444 | Telephone: (212) 294-6700 |
| Facsimile: (973) 624-7070 | Facsimile: (212) 294-4700 |
| msklar@mccarter.com | jpsmith@winston.com |
| obareentto@mccarter.com | mdirisio@winston.com |

*Counsel for Defendants*

Dated: October 28, 2022                              *s/ Sharan Nirmul*
                                                       Sharan Nirmul