# EXHIBIT C

James P. Smith III (admitted *pro hac vice*)
Matthew L. DiRisio (admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
jpsmith@winston.com
mdirisio@winston.com

Matthew A. Sklar
Omar A. Bareentto
**MCCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444
msklar@mccarter.com
obareentto@mccarter.com

*Counsel for Defendants Becton, Dickinson and
Company and Thomas E. Polen*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY, and THOMAS E. POLEN,<br><br>Defendants. | Case No. 2:20-cv-02155-SRC-CLW<br><br>Hon. Stanley R. Chesler, District Court Judge<br><br>Hon. Cathy L. Waldor, Magistrate Judge |

### DEFENDANTS' SUPPLEMENTAL RESPONSES AND OBJECTIONS
### TO LEAD PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 33 and Rule 33.1 of the

Local Rules of the United States District Court for the District of New Jersey ("Local Rules"),

Defendant Becton Dickinson and Company, Inc. ("BD"), by and through its undersigned counsel, hereby serve the following supplemental objections and responses (the "Responses") to Lead Plaintiff's First Set of Interrogatories to Defendant Becton, Dickinson and Company, served on October 28, 2022 (the "Interrogatories" or each a "Interrogatory") in the above-captioned action (the "Action").  These Responses are designated "Confidential" in accordance with the terms of the Discovery Confidentiality Order, dated November 2, 2022 (ECF No. 121).

## **GENERAL OBJECTIONS**

The General Objections set forth below apply to the Interrogatories generally and to each Definition, Instruction, and Interrogatory included in the Interrogatories.  Unless otherwise stated, the General Objections have the same force and effect as if set forth in full in response to each Definition, Instruction, and Interrogatory.  Any objection to a Definition or Instruction shall also apply equally to any other Definition, Instruction, or Interrogatory that incorporates that Definition or Instruction.  The fact that a General Objection is not specified in this Response does not constitute a waiver of that objection or otherwise preclude BD from raising that objection at a later time.

1.    BD objects to the Interrogatories and Instructions on the ground and to the extent that they purport to impose obligations on BD that exceed the requirements of the FRCP, the Local Rules, and/or the common law.

2.    BD's responses herein do not in any way constitute an adoption of Plaintiff's purported Definitions of words or phrases contained in the Interrogatories.  BD objects to the Definitions set forth in the Interrogatories on the ground and to the extent that they: (a) change the ordinary and customary meaning of any word or phrase; (b) alter the scope of discovery under the FRCP; (c) define terms differently than such terms are defined under the FRCP, the Local Rules and/or common law; and/or (d) are overbroad, argumentative, prejudicial, improper, vague and/or

2

ambiguous.  BD's responses to the Interrogatories do not constitute acquiescence or agreement to any Definitions proposed by Lead Plaintiff or Lead's Plaintiff's use of any other undefined terms, or that any characterization of law or fact contained in, or purported or implied legal or factual predicate for, any Interrogatory is accurate.

3.    BD objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, lacking in particularity, or oppressive and call for information that is neither relevant to the claims, defenses or subject matter of, nor proportional to the needs of, this Action, as well as to the extent that they are unduly burdensome because they would impose a significant expense and inconvenience on BD.  By agreeing to provide certain information, BD does not concede that any of the Interrogatories seek information that is relevant to the claims, defenses or subject matter of this Action or otherwise is appropriate for discovery in this Action.

4.    BD objects to the Interrogatories to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous.  In responding and objecting to any Interrogatory, BD does not admit the correctness or accuracy of any such allegations or assertions.

5.    BD objects to the Interrogatories on the ground and to the extent that they seek information containing or relating to confidential business, financial, proprietary or commercially sensitive information and/or information protected by the privacy and/or confidentiality laws, provisions and/or regulations of any state(s), including, without limitation, information subject to any confidentiality agreements, provisions and/or contracts.  BD will provide such information only in accordance with the terms set forth in the Discovery Confidentiality Order, dated November 2, 2022 (ECF 121), including that order's provisions governing confidential

information, and the Stipulation and Order Regarding Electronically Stored Information, dated Nov. 2, 2022 (ECF 120) ("ESI Protocol").

6.      BD objects to the Interrogatories to the extent that they (i) call for information provided to a governmental entity or regulator on a confidential basis and/or subject to the protections applicable to a governmental or regulatory investigation or inquiry, including, but not limited to, information compiled for law enforcement purposes, communications with a governmental entity, or information produced in response to a subpoena or otherwise requested by a governmental entity; or (ii) could interfere with any ongoing governmental investigation or prosecution.

7.      BD objects to the Interrogatories on the ground and to the extent they seek documents and/or information protected by the attorney-client privilege, the attorney work product doctrine and/or any other applicable privilege or doctrine (collectively, "Privilege").   Any inadvertent provision or disclosure of such information is not intended to and shall not waive any Privilege.

8.      BD objects to these Interrogatories pursuant to Federal Rule of Civil Procedure 33(d) to the extent the information sought in the Interrogatories may be obtained by examining BD's business records, including electronically stored information ("ESI"), and answering the Interrogatories would require the BD to engage in burdensome and expensive research.   If information and/or documents containing the answers to these Interrogatories exist and are reasonably accessible to BD, they will be provided (in the case of information) and/or produced (in the case of documents), subject to BD's general and specific objections and in accordance with the terms set forth in the Discovery Confidentiality Order.

4

9.     BD objects to the Interrogatories to the extent that they purport to require BD to conduct anything beyond a reasonable and diligent search for information from readily accessible files at BD, including electronically stored information ("ESI") from centralized, readily accessible sources at BD where responsive information reasonably would be expected to be found.

10.    BD objects to the Interrogatories to the extent that they purport to require BD to provide information that (i) is not in BD' possession, custody, or control, including insofar as they seek personal information about any individual; (ii) is available from a more comprehensive, more convenient, more efficient, less burdensome, or less expensive means than the Interrogatories; or (iii) is publicly or otherwise equally available to or already in the possession, custody, or control of Plaintiff or Plaintiff's affiliated entities, employees, agents, managers, attorneys, or other representatives.  Subject to its objections in this Response, in responding to the Interrogatories, BD will search only for information in its possession, custody, or control as of the date of the Interrogatories.

11.    BD objects to the Interrogatories to the extent they seek information outside the time period covered by the allegations in the Complaint.

12.    Any undertaking to meet and confer regarding, or to search for or provide information in response to, any Interrogatory remains subject to the objections in this Response and shall not be construed as an admission that such information exists.

13.    BD' Response reflects only the current state of BD' knowledge or information regarding the information Plaintiff has requested.  Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the Response. Without in any way obligating itself to do so, BD expressly reserves the right to revise, amend, correct, supplement, clarify, or modify its Response as further information becomes available.

5

14.     Regardless of whether BD provides information in response to the Interrogatories, BD reserves the right (but does not assume the obligation) to: (i) revise, correct, supplement, amend, modify, or clarify the content of this Response in accordance with Applicable Rules and court orders; (ii) provide additional responsive information in the future; (iii) object to further discovery in this Action; (iv) use or rely upon any information provided in this Action in any hearing, proceeding, or trial; (v) use or rely upon subsequently discovered information or information omitted from this Response as a result of a mistake, error, oversight, or inadvertence in any hearing, proceeding, or trial; and (vi) challenge the authenticity or admissibility of any information in any hearing, proceeding, or trial.

15.     These responses are made solely for the purpose of discovery in this action.  In responding to the Interrogatories, BD does not concede the relevant, materiality or admissibility of any Interrogatory, its subject matter, or the subject matter of the information or documents sought therein.  Defendants' responses are made subject to and without waiving or intending to waive, any questions or objections as to the competency, relevance, materiality, privilege and/or admissibility as evidence or for any other purpose of any of the responses given herein or the subject matter thereof, in any proceeding, including the trial of this action or any subsequent proceeding; and said responses are made specifically subject to the right to object to any discovery proceeding involving or relating to the subject matter of the Interrogatories responded to herein.

16.     This Preliminary Statement is incorporated in each of the following Responses to specific Interrogatories as if fully reasserted therein, and each of the following responses is made expressly subject to, and without waiver of, the paragraphs of this Preliminary Statement.

**OBJECTIONS TO DEFINITIONS**

1.      Defendants object to the Definitions and Instructions to the extent that they conflict with and/or purport to impose obligations on Defendants that are greater than or inconsistent with those under the FRCP and any other applicable laws, rulings or pronouncements of the Court.

2.      Defendants object to the definition of the term "Advisor" as overly broad, and on the grounds that "research, studies, testing, opinions, conclusions, insights, analysis, review, advice, or any recommendations of any kind" is vague and ambiguous.

3.      Defendants object to the definition of the term "Alaris" as overly broad, vague, ambiguous and not proportional to the needs of the case.  Defendants will construe the term "Alaris" to mean the Alaris infusion pump system.

4.      Defendants object to the definitions of the terms "BD," the "Company" "Defendants," and "You" or "Your" to the extent that they (a) include persons not controlled by BD; (b) include persons not relevant to the subject matter of this Action; (c) improperly purport to seek information from distinct entities that are not parties to the case and are not controlled by BD; and/or (d) seek information, documents, or things that are not within BD's possession, custody, or control.  Defendants will interpret "BD" and the "Company" to mean Becton, Dickinson and Company.

5.      Defendants object to the definition of the terms "Communication" or "Communications" to the extent it purports to impose obligations beyond those required under the FRCP, the Local Rules and/or common law.

6.      Defendants object to the definition of the term "Document" to the extent it purports to impose obligations beyond those required under the FRCP, the Local Rules and/or common law.  Defendants will only produce drafts of responsive documents if the drafts are themselves responsive and not privileged.  Defendants will construe the term "Document" to be equal in scope

7

to the usage of the term "documents or electronically stored information" in FRCP 34(a)(1)(A) as limited by FRCP 26(b)(2)(B).

7.      Defendants object to the definition of the terms "Electronic Media" and "ESI" as they could be read to imply an obligation to produce ESI from sources that are not reasonably accessible within the meaning of the FRCP 26(b)(2)(B), and therefore purports to impose obligations on Defendants beyond those required or permitted by applicable rules or law, including but not limited to the FRCP, the Local Rules, common law and/or the ESI Protocol.

8.      Defendants object to the definition of the term "Employee" as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it includes anyone who "acted or purported to act on behalf of [BD]," including "all present and former officers, directors, executives, partners, principals, managers, staff personnel, accountants, agents, representatives, in-house attorneys, independent contractors, advisors, and consultants."  Defendants will interpret "Employees" as directors, officers and employees of BD during the Relevant Time Frame.

9.      Defendants object to the definition of "Identify" when used in reference to a Document, Meeting, or natural person to the extent it purports to impose obligations beyond those required under the FRCP, the Local Rules and/or common law.

10.      Defendants object to the definition of "Meeting" as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it includes "instant messaging," "agendas, meeting invites, calendar events, pre-meeting packages, meeting materials, presentations, notes, emails, minutes and/or recordings related to such Meetings and documents sufficient to identify the attendees at the Meeting."  Defendants will interpret "Meetings" to mean two or more people coming together, in person or remotely, to discuss one or more topics.

## OBJECTIONS TO INSTRUCTIONS

1. Defendant objects to Instruction Nos. 4 and 5 as overly broad, unduly burdensome, not proportional the needs of the case, exceeding the requirements under the FRCP, and on the grounds that "parents, subsidiaries, predecessors, successors, and present and former divisions and affiliates," "agents, Employees, directors, officers, Advisors," and "You, Your counsel, or any consultants, representatives, agents, or others" are vague and ambiguous. Defendants will interpret the Requests as applying only to documents within the Company's possession, custody or control.

2. Defendants object to Instruction Nos. 6 through 10, 12, and 14 to the extent they purport to impose upon Defendants any requirements, discovery obligations or duties beyond those required by the FRCP, Local Rules or any other applicable statute, rule, regulation, common law or Court ruling in this action.

## OBJECTION TO THE RELEVANT TIME PERIOD

Defendants object to the Relevant Time Period stated in the Interrogatories, which purports to require Defendants to provide information relevant to the time period from "January 1, 2018 to May 31, 2020 inclusive" as overly broad, unduly burdensome and disproportionate to the extent that it extends beyond the putative class period and the proposed Relevant Time Period applicable to the Lead Plaintiff's First Set of Requests for Production. Defendant is prepared to meet and confer on the appropriate time frame governing responses to these Interrogatories.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1

Identify All Meetings between You and the FDA Concerning Alaris.

**RESPONSE:**

BD incorporates the foregoing General Objections as if fully set forth herein and further objects to Interrogatory No. 1 to the extent that (i) the applicable time period is overbroad, unduly

9

burdensome, and calls for information that is neither relevant to the claims, defenses or subject matter of, nor proportional to the needs of, this Action; (ii) it seeks information protected by disclosure by Privilege (iii) it is duplicative and cumulative insofar as it seeks information otherwise sought by Lead Plaintiff's First Set of Requests for Production, including but not limited to Request Nos. 4 and 5; and (iv) document requests or depositions would be a more practical means of obtaining the information sought including, but not limited to, Lead Plaintiff's First Set of Requests for Production.

Subject to the foregoing Specific Objections and Defendant's General Objections, Objections to Definitions, Objections to Instructions and Objections to Relevant Time Period (hereafter referred to collectively as the "General Objections"), BD responds as follows: pursuant to Rule 33(d), BD will conduct a reasonable search and will produce non-privileged documents responsive to this interrogatory and sufficient to identify all meetings between BD and the FDA concerning Alaris during the Relevant Time Period.

**SUPPLEMENTAL RESPONSE:**

BD incorporates its prior response and objections to this Interrogatory as if fully set forth herein. BD expressly reserves the right to supplement this response pending, and subsequent to, the production of responsive documents and reasserts its objection under Rule 33(d). By way of interim further response, and subject to amendment as discovery progresses (including, among other things, with respect to attendees), BD states that scheduled meetings between representatives of the FDA and representatives of BD to address issues related to Alaris occurred, without limitation, on the following dates within the relevant time period:

- February 5, 2019;
- February 21, 2019;
- February 28, 2019;

10

- March 12, 2019;
- March 15, 2019;
- May 30, 2019;
- June 26, 2019;
- June 28, 2019;
- July 10, 2019;
- July 26, 2019;
- August 23, 2019;
- August 26, 2019;
- September 6, 2019;
- October 31, 2019;
- December 12, 2019;
- January 31, 2019;
- February 3, 2020.

Dated: January 13, 2023                          Respectfully submitted,

**MCCARTER & ENGLISH, LLP**

 /s/ *Matthew A. Sklar*
Matthew A. Sklar
Omar A. Bareentto
Four Gateway Center
100 Mulberry St.
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
msklar@mccarter.com
obareentto@mccarter.com

**WINSTON & STRAWN LLP**
James P. Smith III (admitted *pro hac vice*)
Matthew L. DiRisio (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
jpsmith@winston.com
mdirisio@winston.com

*Counsel for Defendants Becton, Dickinson and Company and Thomas E. Polen*

11

## CERTIFICATE OF SERVICE

I, Matthew A. Sklar, hereby certify that on January 13, 2023, caused a true and correct copy of the foregoing Defendants' Supplemental Responses and Objections to Lead Plaintiff's First Set of Interrogatories was sent via electronic mail to the recipients listed below.

| | |
|---|---|
| Sharan Nirmul | James E. Cecchi |
| David A. Bocian | **CARELLA BYRNE CECCHI** |
| Joshua E. D'Ancona | **OLSTEIN BRODY & AGNELLO, PC** |
| Vanessa M. Milan (admitted *pro hac vice*) | 5 Becker Farm Road |
| Nathaniel C. Simon (admitted *pro hac vice*) | Roseland, NJ 07068-1739 |
| **KESSLER TOPAZ** | Telephone: (973) 994-1700 |
| **MELTZER & CHECK, LLP** | Facsimile: (973) 994-1744 |
| 280 King of Prussia Road | jcecchi@carellabyrne.com |
| Radnor, PA 19087 | |
| Telephone: (610) 667-7706 | |
| Facsimile: (610) 667-7056 | |
| snirmul@ktmc.com | |
| dbocian@ktmc.com | |
| jdancona@ktmc.com | |
| vmilan@ktmc.com | |
| nsimon@ktmc.com | |

Dated: January 13, 2023                **MCCARTER & ENGLISH, LLP**

    */s/ Matthew A. Sklar*
    Matthew A. Sklar
    Omar A. Bareentto
    Four Gateway Center
    100 Mulberry St.
    Newark, NJ 07102
    Telephone: (973) 622-4444
    Facsimile: (973) 624-7070
    msklar@mccarter.com
    obareentto@mccarter.com