# EXHIBIT B



**Driving progress
through partnership**

**Melissa A. Geist**
Direct Phone:  +1 609 514 5978
Email:  mgeist@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

March 20, 2023

**Via Electronic Mail**

Joshua D'Ancona
KESSLERTOPAZ METZLER CHECK LLP
280 King of Prussia Rd.
Radnor, PA 19087

**RE:  INDUSTRIENS PENSIONSFORSIKRING A/S v. BECTON, DICKINSON AND COMPANY, et al., D.N.J. Case No. 2:20-cv-02155-SRC-CLW**

Dear Joshua:

I am writing in regards to the subpoena to non-party SoftwareCPR issued by your office in the above-referenced litigation ("the Subpoena").  As explained in my email to you dated Friday, March 10, 2023, after review of the Subpoena and documents provided to me from SoftwareCPR, we have concluded that SoftwareCPR is unable to produce documents in response to the Subpoena as those documents are subject to privilege.  Specifically, on November 1, 2019, Michelle Quinn, Esquire, who at the time was in-house counsel for Becton, Dickinson and Company LLC ("BD") and specifically Chief Regulatory Counsel for the company, retained SoftwareCPR to assist her and the BD Legal Team in providing legal advice to the company relating to the Alaris Infusion Pump System.  As a result, all written and oral communications between SoftwareCPR and BD relating to that engagement, as well as any documents that may have been generated by SoftwareCPR as a result of the engagement, are privileged.  *See, e.g., United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961); *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 668 (3d Cir. 2003); *Cottillion v. United Ref. Co.*, 279 F.R.D. 290, 299 (W.D. Pa. 2011).  Further, the Consulting Agreement SoftwareCPR entered into with BD prohibits SoftwareCPR from disclosing BD's confidential information to a third party absent Court order.

Even if the documents were not subject to privilege and entitled to protection from disclosure, the Subpoena is overly broad and beyond the scope of what may be relevant in this case.  For instance, the proposed class period for the above-referenced litigation is November 5, 2019 through February 2, 2020, yet the Subpoena requests documents from the period May 1, 2019 through June 30, 2021, which is significantly earlier and well beyond the proposed class period.  In fact, after reviewing the Third Amended Complaint and the allegations therein, it appears clear that any documents that post-date February 6, 2020 are not relevant to the claims in the action.  Finally, it also appears that the documents requested in the Subpoena should be sought from BD, who is actually a party to the litigation.  Pursuant to the controlling case law in the District of New Jersey, the proper vehicle for obtaining such documents is through discovery to BD.  *See, e.g., Centrix Fin. Liquidating Trust v. Nat'l Union Int'l Co. of Pittsburgh, P.A. (In re Centrix Fin., LLC)*, Civ. No. 12-6471, 2012 U.S. Dist. LEXIS 179131, *17-18 (D.N.J. Dec.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

Diane A. Bettino ♦Office Administrative Partner ♦ A Limited Liability Partnership formed in the State of Delaware

Joshua D'Ancona
March 20, 2023
Page 2

**ReedSmith**

18, 2012) (quashing subpoenas to nonparties in part because information was already available to defendants and/or could be obtained from a party).

I have enclosed herewith SoftwareCPR's general and specific objections to the Subpoena. I would be happy to discuss our position at a mutually convenient time in the hope of avoiding unnecessary motions practice.

Very truly yours,

*/s/ Melissa A. Geist*

Melissa A. Geist

MAG:al

Enclosure

**ReedSmith**