# EXHIBIT C

| | |
|---|---|
| **From:** | Geist, Melissa A. <MGeist@ReedSmith.com> |
| **Sent:** | Thursday, April 6, 2023 9:50 AM |
| **To:** | Vanessa Milan |
| **Cc:** | Josh D'Ancona; Sharan Nirmul; Nathaniel Simon; Lanphear, Jamie L. |
| **Subject:** | RE: SoftwareCPR Subpoena |

**\*External E-Mail\***

Good morning, Vanessa:

Thank you for your patience as we worked to provide responses to your questions. For ease of reference I have included SoftwareCPR's responses below to each of your questions based on our investigation to date, and we reserve the right to modify any of these responses as may be necessary and appropriate. Kindly note that I am out of the office for the holiday/spring break and traveling, but back in beginning on Tuesday of next week if you would like to discuss.

Regards,

Melissa

1. When did SoftwareCPR's engagement with Becton Dickinson begin, and when did it end? 11/1/2019-2/28/2021.
2. What was the scope of work for the engagement? Assist in providing legal counsel to BD involving certain issues relating to BD's Alaris Infusion Pump System, FDA regulatory and litigation strategies relating to the Alaris product line. This language is a direct quote from the engagement letter sent to SoftwareCPR from counsel at BD.
3. Identify the principal employees of SoftwareCPR, including their titles, who performed work related to the engagement. John Murray - Partner, Greg Sando - Consultant, Stan Hamilton - Consultant, Brian Pate – Partner and General Manager (Please note that Brian Pate's role was more of a project management-type role).
4. Identify any attorney(s) employed by SoftwareCPR who performed work related to the engagement. None.
5. Describe with as much detail as possible the work performed by SoftwareCPR under the engagement. The work done was per the scope of the quested engagement by counsel to assist in advising BD on current regulatory issues and strategies relating to Alaris; see response to question no. 2.
6. Confirm that documents responsive to the subpoena are in the possession, custody or control of SoftwareCPR. Yes.

    a. Confirm whether those documents include

        i. communications with Becton Dickinson and/or Yes

        ii. documents kept internally at SoftwareCPR, including but not limited to notes, analyses, memoranda and meeting or call preparatory materials. Yes

1

8. Identify the Becton Dickinson employees, including their titles if known, with whom SoftwareCPR communicated concerning the engagement. Multiple employees at BD were involved but the principal BD employees were Bhupesh Mahendru (Sr. Dir. QRA Management), Keith McLain (VP of Quality for Medication Management Solutions), Sameer Pathak (Sr. Manager, Software Engineering), Madonna Omens (Quality Engineer), and Vince Crisologo, and Seema Garg; these individuals regularly reported to in-house counsel at BD based on counsel and advice provided by SoftwareCPR.

9. Identify any persons or entities copied on communications between SoftwareCPR and Becton Dickinson concerning Alaris who were not employed by SoftwareCPR or Becton Dickinson. Based on our review, none.

10. Was an attorney representing Becton Dickinson copied on or present for each communication between Becton Dickinson and SoftwareCPR?  See response to question no. 7; attorneys who were part of the in-house legal department at BD were informed of Software CPR's advice and counsel as requested by the company to assist counsel in providing legal and regulatory strategies to BD.

11. Did SoftwareCPR attend any meetings with the FDA concerning Alaris?  No.

**Melissa A. Geist**
+1 609 514 5978
mgeist@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540
Telephone: +1 609 987 0050
Facsimile: +1 609 951 0824

*Follow us on [Drug & Device Law Blog](#); [Life Sciences Legal Update](#)*