# EXHIBIT D

**KESSLER**TOPAZ
**MELTZER**CHECK LLP
A T T O R N E Y S   A T   L A W

Writer's Direct Dial: 484-270-1465
E-Mail: snirmul@ktmc.com
*Please reply to the Radnor Office*

April 11, 2023

**VIA EMAIL**

Matthew L. DiRisio
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166-4193

>    Re:  ***Industriens v. Becton, Dickinson and Company*, et al., Case No. 2:20-cv-02155-SRC-CLW (DNJ)**

Dear Matthew:

We write regarding Plaintiff's Subpoena (the "Subpoena") to non-party Crisis Prevention & Recovery, LLC d/b/a SoftwareCPR ("SoftwareCPR"), served and noticed on January 9, 2023.

As you know, you contacted us on January 20, 2023 regarding the Subpoena and requested a 30-day extension to the original January 23 return date on SoftwareCPR's behalf, stating "if [] acceptable, I will convey to Brian [Pate] [of SoftwareCPR] and whomever he retains." We confirmed the extension was acceptable. You emailed us again regarding this Subpoena on February 17 to introduce us to SoftwareCPR's retained counsel, and subsequently received SoftwareCPR's counsel's response requesting another extension to March 10 to respond.

On March 10, 2023, counsel for SoftwareCPR asserted in an email to Plaintiff without factual basis that all responsive documents within its possession, custody, or control were protected by the attorney-client privilege and/or the work product doctrine. On March 20, 2023, SoftwareCPR served Plaintiff with its Responses and Objections (the "Responses") to the Subpoena. The Responses and an accompanying letter formally asserted that all responsive documents within SoftwareCPR's possession were privileged and/or protected from disclosure.

Plaintiff then met and conferred with counsel for SoftwareCPR regarding the Responses. During this call, counsel for SoftwareCPR represented that she had communicated and would continue to communicate with Becton Dickinson regarding the Responses, and asserted that all responsive documents sought by the Subpoena were protected by the work product doctrine and/or the attorney-client privilege held by Becton Dickinson. In follow-up communications, SoftwareCPR has not withdrawn its blanket assertion of Becton Dickinson's privilege.

280 King of Prussia Road, Radnor, Pennsylvania 19087  T. 610-667-7706  F. 610-667-7056  info@ktmc.com
One Sansome Street, Suite 1850, San Francisco, California 94104  T. 415-400-3000  F. 415-400-3001  info@ktmc.com
WWW.KTMC.COM

April 11, 2023
Page 2

Plaintiff understands from SoftwareCPR that Becton Dickinson maintains that all relevant and responsive materials in SoftwareCPR's possession are privileged and/or protected, and that Becton Dickinson has therefore instructed SoftwareCPR not to produce such information to Plaintiff.  As we have explained to SoftwareCPR, we find it implausible that every document in SoftwareCPR's possession is protected from disclosure. Indeed, SoftwareCPR's "'[b]lanket assertions [of privilege] do not suffice'" in establishing privilege, much less here where the scope of the asserted privilege is extraordinarily broad.  *In re B & C Seafood LLC*, 431 F. Supp. 3d 533, 536 (D.N.J. 2019) (quoting *In re Riddell Concussion Reduction Litig.*, 2016 WL 7108455, at *6 (D.N.J. Dec. 5, 2016)); *see also UPMC v. CBIZ, Inc.*, 2018 WL 1542423 (W.D. Pa. Mar. 29, 2018), *on reconsideration in part,* 2018 WL 2107777 (W.D. Pa. May 7, 2018) ("[C]laims of privilege 'must be asserted document by document, rather than as a single, blanket assertion.'") (quoting *United Sates v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990)); *Donovan Realty, LLC v. Campers Inn Holding Corp.*, 2022 WL 4586132, at *4 (E.D. Pa. Sept. 29, 2022) (rejecting movant's "blanket or conclusory assertions of privilege").  Rather, the "party claiming protection must demonstrate the precise manner in which a document is protected." *B & C Seafood*, 431 F. Supp. 3d at 536.

We further believe that Becton Dickinson has violated Federal Rule of Civil Procedure ("Rule") 26 by improperly interfering with the Subpoena and unduly delaying Plaintiff's efforts to obtain responsive information.  Rule 45 does not contemplate nor allow an adversarial party to advise a non-party as to how and whether to respond to a Subpoena, "no matter the reasons." *Price v. Trans Union, L.L.C.*, 847 F. Supp. 2d 788, 794 (E.D. Pa. 2012); *Fox Indus., Inc. v. Gurovich*, 2006 WL 2882580 (E.D.N.Y. Oct. 6, 2006) (finding that party interference with third-party subpoenas amounted to "abuse of process"); *Robbins & Myers, Inc. v. J.M. Huber Corp.*, 2011 WL 3359998, at *2 (W.D.N.Y. Aug. 3, 2011) (ordering the production of documents where court found "improper interference" with a nonparty subpoena by a party); *Moses v. Am. Apparel Retail, Inc.*, 2015 WL 4665968 (W.D. Tenn. Aug. 6, 2015) (imposing sanctions after a party advised nonparties not to produce any documents or provide any information in response to subpoenas).

To the extent Becton Dickinson believes that it holds an attorney-client privilege or a work product protection over responsive documents in SoftwareCPR's possession, it should have filed a motion to quash upon receiving notice of the Subpoena. *Price*,  847 F. Supp. 2d at 795-96; *Teri v. Oxford Mgmt. Servs., Inc.*, 2008 WL 11435689, at *7 (E.D.N.Y. Sept. 30, 2008) ("If [d]efendants had proper objections to materials sought, their proper course should have been a motion to quash the subpoena.").  It has not done so to date and instead has improperly advised SoftwareCPR to assert a blanket privilege on its behalf with regard to all responsive documents in SoftwareCPR's possession.  As set forth above, this is a clear violation of Rule 26, and Plaintiff demands that Becton Dickinson cease and desist its interference with SoftwareCPR's obligation to comply with Plaintiff's Subpoena.  To the extent that Becton Dickinson believes it has a legally protected interest in any of the responsive documents in SoftwareCPR's possession, it should promptly file a motion to quash that lays out in detail the documents in SoftwareCPR's possession over which it claims a cognizable privilege and the specific legal and factual basis for its claims.

Please let us know by Thursday, April 13 whether Becton Dickinson will cease its interference with SoftwareCPR's compliance with Plaintiff's Subpoena or if it will move to quash

April 11, 2023
Page 3

the Subpoena.  Alternatively and in consideration of the fact that it has been three months since Plaintiff served the Subpoena, we intend to promptly raise Becton Dickinson's improper interference with the Subpoena with Magistrate Judge Waldor.  We are available to meet and confer this week.  Plaintiff reserves all rights.



Sincerely,

Sharan Nirmul



**Cc:**    All Counsel of Record (via email); and
Melissa Geist, Esq. and Jamie Lanphear Esq.,
Counsel for SoftwareCPR (via email).