# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated, | Case No. 2:20-cv-02155-SRC-CLW |
| Plaintiff, | Hon. Stanley R. Chesler District Court Judge |
| v. | Hon. Cathy L. Waldor Magistrate Judge |
| BECTON, DICKINSON AND COMPANY and THOMAS E. POLEN, Defendants. | |

**DECLARATION OF JAN ØSTERGAARD ON BEHALF OF INDUSTRIENS PENSIONSFORSIKRING A/S IN SUPPORT OF (I) CLASS REPRESENTATIVE'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (II) CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

I, Jan Østergaard, declare as follows:

1.    I am the Head of Real Assets for Industriens Pensionsforsikring A/S ("Industriens"), the Court-appointed Lead Plaintiff and Class Representative in this securities class action ("Action").[1] I submit this Declaration in support of Class

---

[1]    Unless otherwise defined in this Declaration, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated as of December 19, 2023 (ECF No. 182-2). By Opinion and Order issued June 9, 2020 (ECF No. 24), the Court appointed Industriens as Lead Plaintiff and subsequently, by Opinion and Order issued August 3, 2023 (ECF No. 168), the Court appointed Industriens as Class Representative.

1

Representative's Motion for Final Approval of Settlement and Plan of Allocation and Class Counsel's Motion for Attorneys' Fees and Litigation Expenses, including an award to Industriens commensurate with the time it dedicated to this Action, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). I have personal knowledge of the matters set forth in this Declaration and, if called upon, I could and would testify competently thereto.

2.　　Based in Copenhagen, Denmark, Industriens is one of Denmark's largest pension funds and provides pension services for industrial employees. Industriens currently manages the pension savings for more than 440,000 members in approximately 8,000 companies. At the end of 2022, Industriens had roughly DKK 217 billion (approximately USD $31 billion) in assets under management.

## I.　　**Industriens' Oversight of the Action on Behalf of the Class**

3.　　From the outset of the litigation four years ago, Industriens has been committed to actively prosecuting this case and to maximizing the recovery for the Class. Further, Industriens has understood that, as a class representative, it owed a fiduciary duty to all members of the Class to provide fair and adequate representation and worked with Court-appoint Class Counsel, Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"), to prosecute the case vigorously, consistent with good faith and meritorious advocacy.

2

4.     On behalf of Industriens, I and my colleagues at Industriens have closely supervised and carefully monitored the progress of this Action and the prosecution of the Action by Class Counsel. My colleagues and I have received, reviewed, and responded to periodic updates and other correspondence from Kessler Topaz regarding the case. We have reviewed and commented on court filings and other material documents throughout the case. We also participated in discussions with attorneys from Kessler Topaz regarding litigation strategy and significant developments in the Action. In addition, we worked with Class Counsel to respond to discovery requests, including by drafting and finalizing interrogatory responses, and searching for and producing potentially relevant documents in a process supported through multiple meetings with counsel and internal personnel regarding our document search and collection efforts.

5.     In connection with Lead Plaintiff's class certification motion, I prepared for and provided testimony at the deposition of Industriens under Fed. R. Civ. P. 30(b)(6), which was conducted virtually on April 12, 2023. Preparations for this deposition included numerous internal communications with relevant Industriens personnel and several meetings with counsel.

6.     I authorized and closely followed all settlement negotiations, including the three mediation sessions in August, September and October 2023 and the negotiations following the third mediation that eventually resulted in the Settlement.

3

Further, Industriens has reviewed the briefs and other documents related to the Settlement, including those that are presently being submitted in support of (i) final approval of the Settlement and approval of the Plan of Allocation; and (ii) Class Counsel's motion for an award of attorneys' fees and expenses.

## II.    Industriens Endorses Approval of the Settlement

7.    Based on its involvement throughout the prosecution and resolution of the Action, Industriens believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Class. Industriens believes that the Settlement represents an excellent recovery for the Class, particularly given the substantial risks of continuing to prosecute the claims in this case through the completion of merits discovery (including the remaining depositions), expert discovery, summary judgment, and trial and obtaining a recovery or judgment larger than the proposed Settlement. Therefore, Industriens strongly endorses approval of the Settlement by the Court.

## III.    Industriens Supports Class Counsel's Motion for Attorneys' Fees and Litigation Expenses

8.    While it is understood that the ultimate determination of Class Counsel's attorneys' fees and expenses rests with the Court, Industriens supports Class Counsel's request for attorneys' fees in the amount of 25% of the Settlement Fund. This percentage fee request is consistent with the retainer agreement entered into by Industriens and Class Counsel at the outset of the Action. Moreover,

4

Industriens takes seriously its role as Class Representative to ensure that the attorneys' fees are fair in light of the result achieved for the Class, the work performed by Class Counsel, and the substantial risks involved in the Action. Here, Industriens believes that the requested fee is fair and reasonable in light of the $85 million recovery obtained for the Class, the excellent work performed by Class Counsel over the course of the past four years, and the risks and challenges undertaken by Class Counsel in litigating the Action.

9.      Industriens further believes that the litigation expenses requested by Plaintiff's Counsel are reasonable, and represent costs and expenses necessary for the successful prosecution and resolution of this case.

10.     Based on the foregoing, and consistent with its obligation to the Class to obtain the best result at the most efficient cost, Industriens fully supports Class Counsel's request for attorneys' fees and Litigation Expenses.

11.     Industriens understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA. For this reason, in connection with Class Counsel's request for Litigation Expenses, Industriens seeks reimbursement for the time it dedicated to representing the Class in this Action.

12.     My primary responsibility at Industriens involves overseeing all of Industriens' private investments. Additionally, during the course of the Action, I was

5

principally assisted by Uffe Berg, Chief Legal Consultant, in efforts concerning this case.

13.    The time that my colleagues and I devoted to the representation of the Class in this Action was time that we otherwise would have expected to spend on other work for Industriens and, thus, represented a cost to Industriens. Industriens seeks reimbursement in the amount of $84,856.40 for the time of the following Industriens' personnel:

| Personnel | Hours | Rate[2] | Total |
|---|---|---|---|
| Jan Østergaard | 120 | $249.87 | $29,984.40 |
| Uffe Berg | 400 | $137.18 | $54,872.00 |
| TOTALS | 520 | | $84,856.40 |

## IV.    Conclusion

14.    In conclusion, Industriens was closely involved throughout the prosecution and settlement of the claims in the Action and strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents an excellent recovery for the Class. Industriens further supports Class Counsel's request for attorneys' fee and Litigation Expenses, in light of the work performed, the excellent recovery obtained for the Class, and the attendant litigation risks. And finally, Industriens requests reimbursement for its costs under the PSLRA as set forth above.

---

[2]    The hourly rates used for purposes of this request are based on the annual compensation of the respective personnel who worked on this Action.

6

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, this _12_ day of March, 2024.

_____
Jan Østergaard

*Head of Real Assets*
*Industriens Pensionsforsikring A/S*

7