**CARELLA BYRNE CECCHI BRODY & AGNELLO, PC**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700

*Liaison Counsel for the Class*

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Sharan Nirmul
David A. Bocian
Joshua E. D'Ancona
Margaret E. Mazzeo
Vanessa M. Milan (admitted *pro hac vice*)
Nathaniel C. Simon (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706

*Counsel for Class Representative Industriens Pensionsforsikring A/S and Class Counsel for the Class*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BECTON, DICKINSON AND COMPANY and THOMAS E. POLEN,<br><br>Defendants. | Case No. 2:20-cv-02155-SRC-CLW<br><br>Hon. Stanley R. Chesler, District Court Judge<br><br>Hon. Cathy L. Waldor, Magistrate Judge |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
(A) CLASS REPRESENTATIVE'S MOTION FOR FINAL APPROVAL OF
SETTLEMENT AND PLAN OF ALLOCATION; AND (B) CLASS
COUNSEL'S MOTION FOR ATTORNEYS' FEES
<u>AND LITIGATION EXPENSES</u>**

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ........................................................................1

II.   THE CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT
      FOR APPROVAL OF THE MOTIONS ........................................................4

      A.    The Class's Reaction to the Settlement Has Been Favorable ...............4

      B.    The Class's Reaction Also Supports Approval of Class Counsel's
            Request for Attorneys' Fees and Expenses ...........................................6

III.  THE LIMITED OBJECTION TO THE PLAN OF ALLOCATION IS
      WITHOUT MERIT AND SHOULD BE OVERRULED..............................7

IV.   CONCLUSION.............................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ....................................................................................5

*In re Citigroup Inc. Bond Litig.*,
296 F.R.D. 147 (S.D.N.Y. 2013) ........................................................................ 8-9

*Class Plaintiffs v. City of Seattle*,
955 F.2d 1268 (9th Cir. 1992) ................................................................................5

*Destefano v. Zynga, Inc.*,
2016 WL 537946 (N.D. Cal. Feb. 11, 2016) ..........................................................5

*In re Eros Int'l Plc Sec. Litig.*,
2023 WL 8527129 (D.N.J. Nov. 28, 2023) .............................................................8

*In re Facebook, Inc. IPO Sec. & Derivative Litig.*,
343 F. Supp. 3d 394 (S.D.N.Y. 2018), *aff'd sub nom. In re
Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020) ....................................................5

*Girsh v. Jepson*,
521 F.2d 153 (3d Cir. 1975) ....................................................................................4

*In re Global Crossing Sec. & ERISA Litig.*,
225 F.R.D. 436 (S.D.N.Y. 2004) ............................................................................8

*In re Ins. Brokerage Antitrust Litig.*,
282 F.R.D. 92 (D.N.J. 2012).....................................................................................6

*In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*,
2007 WL 4526593 (S.D.N.Y. Dec. 20, 2007).......................................................8

*In re NFL Players Concussion Injury Litig.*,
821 F.3d 410 (3d Cir. 2016) ....................................................................................4

*In re Rite Aid Corp. Sec. Litig.*,
396 F.3d 294 (3d Cir. 2005) ....................................................................................6

*In re ScheringPlough Corp. Enhance Sec. Litig.*,
  2013 WL 5505744 (D.N.J. Oct. 1, 2013) ..............................................................4

*Sullivan v. DB Invs., Inc.*,
  667 F.3d 273 (3d Cir. 2011) ..................................................................................8

*Varacallo v. Mass. Mut. Life Ins. Co.*,
  226 F.R.D. 207 (D.N.J. 2005)................................................................................5

*Whiteley v. Zynerba Pharms., Inc.*,
  2021 WL 4206696 (E.D. Pa. Sept. 16, 2021).................................................... 4-5

*In re Wilmington Tr. Sec. Litig.*,
  2018 WL 6046452 (D. Del. Nov. 19, 2018)...........................................................6

Court-appointed Class Representative Industriens Pensionsforsikring A/S ("Class Representative"),[1] on behalf of itself and the Court-certified Class, and Class Counsel respectfully submit this reply memorandum in further support of: (i) Class Representative's Motion for Final Approval of Settlement and Plan of Allocation (ECF No. 187); and (ii) Class Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF No. 188) (together, the "Motions").

## I.   PRELIMINARY STATEMENT

As detailed in Class Representative's and Class Counsel's opening papers in support of the Motions filed on March 18, 2024 (ECF Nos. 187-189) ("Opening Papers"), the proposed Settlement—providing for an $85,000,000 cash payment in exchange for the resolution of all claims asserted in the Action against Defendants— is an excellent result for the Class. The Settlement accounts for the risks of continued litigation as well as the delay and substantial expense of litigating the Action through the completion of discovery, summary judgment, trial, and the inevitable post-trial appeals. The Settlement is also the result of protracted arm's-length negotiations, including three mediation sessions before a highly experienced and respected

---

[1]   Capitalized terms not defined in this reply memorandum have the meanings set forth in the Stipulation and Agreement of Settlement dated as of December 19, 2023 (ECF No. 182-2), or in the Declaration of Joshua E. D'Ancona in Support of (I) Class Representative's Motion for Final Approval of Settlement and Plan of Allocation; and (II) Class Counsel's Motion for Attorneys' Fees and Litigation Expenses dated March 18, 2024 (ECF No. 189).

mediator, and ultimately, the issuance of a mediator's proposal that the Action be resolved for the Settlement Amount. The Settlement Amount (after deduction of Court-approved fees and expenses) will be distributed fairly to Class Members pursuant to the Plan of Allocation developed in consultation with Class Representative's damages expert. Likewise, Class Counsel's request for a 25% fee[2] and Litigation Expenses is fair and reasonable considering the result achieved for the Class, the extent and caliber of the work performed by Plaintiff's Counsel, and the significant risks presented by the litigation.

In accordance with the Court's January 18, 2024 Order Preliminarily Approving Settlement and Providing for Notice (ECF No.186), the Court-authorized Claims Administrator, JND Legal Administration ("JND"), conducted an extensive notice campaign, including mailing 221,334 Postcard Notices and 4,558 Notice Packets to potential Class Members and Nominees, publishing a summary notice in *The Wall Street Journal* and over *PR Newswire*, and posting relevant information and documents related to the Settlement—including the Opening Papers—on the

---

[2] If approved, a 25% fee would result in a modest multiplier of approximately 1.4 on Plaintiff's Counsel's lodestar. As set forth in the previously filed Fee and Expense Memorandum, through March 1, 2024, Plaintiff's Counsel devoted over 29,000 hours to the Action, resulting in a lodestar of $15,527,405.50. ECF No. 188-1 at 10-11. Since that date, Class Counsel has continued to expend time on the Action and, if the Settlement is approved, will continue to expend time on the Action through the completion of the administration of the Settlement and distribution of the Net Settlement Fund.

case website, www.BectonSecuritiesSettlement.com.[3] Defendants also issued notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 *et seq*. ECF No. 189 at 60, n.16. The above notice efforts have informed Class Members of the Settlement, the Plan of Allocation, and the requested fees and Litigation Expenses, as well as their options in connection with the Settlement. *See, e.g.*, Initial Segura Decl., Exs. 1-3.

Following this robust notice campaign, there have been __*no*__ objections to the Settlement or the requested attorneys' fees and Litigation Expenses, and __*just one*__ objection to the Plan of Allocation. The sole objection relates to the minimum payment provision contained in the Plan of Allocation. As described in Section III below, this type of provision is a common and beneficial feature of allocation plans and minimum payment provisions are routinely approved by courts. In addition, out of the tens of thousands of potential Class Members that received notice of the Settlement, only 19 requests for exclusion have been received, further underscoring the positive reaction of the Class. *See* Supp. Segura Decl., ¶ 7.[4]

---

[3]    *See* Supplemental Declaration of Luiggy Segura Regarding: (A) Continued Dissemination of Notice; (B) Update on Call Center Services and Settlement Website; and (C) Report on Requests for Exclusion Received ("Supp. Segura Decl.") attached as Exhibit 1, ¶¶ 3-5, as well as the previously filed Declaration of Luiggy Segura dated March 15, 2024 (ECF No. 189-2) ("Initial Segura Decl.").

[4]    It is worth noting that two of the requests for exclusion do not appear to be from Class Members according to the information provided with the requests, and 17 of the requests for exclusion have not provided enough information to determine whether the individuals are Class Members.

## II. THE CLASS'S REACTION PROVIDES ADDITIONAL SUPPORT FOR APPROVAL OF THE MOTIONS

In their Opening Papers, Class Representative and Class Counsel demonstrated that the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses are fair and reasonable and warrant the Court's approval. Now that the time for objecting or requesting exclusion has passed, the Class's reaction also clearly supports approval.

### A. The Class's Reaction to the Settlement Has Been Favorable

The Third Circuit instructs district courts to consider the reaction of the class in determining whether to approve a class action settlement. *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).[5] Thus, under *Girsh*, courts consider whether "the number of objectors, in proportion to the total class, indicates that the reaction of the class to the settlement is favorable." *In re ScheringPlough Corp. Enhance Sec. Litig.*, 2013 WL 5505744, at \*2 (D.N.J. Oct. 1, 2013); *see also In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 438 (3d Cir. 2016) (finding factor favored settlement where "only approximately 1% of class members objected and approximately 1% of class members opted out").

Here, the absence of an objection by any Class Member to the Settlement itself strongly supports its approval. *Whiteley v. Zynerba Pharms., Inc.*, 2021 WL

---

[5]   Unless otherwise noted, all internal quotation marks, citations, and other punctuation are omitted, and all emphasis is added.

4206696, at *3 (E.D. Pa. Sept. 16, 2021) (finding lack of objections to be "persuasive evidence of the fairness and adequacy of the proposed settlement," which "weighs in favor of a final approval"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 235 (3d Cir. 2001) ("[t]he vast disparity between the number of potential class members who received notice of the Settlement and the number of objectors creates a strong presumption . . . in favor of the Settlement"). In particular, the absence of objections from institutional investors, who possessed ample means and incentive to object to the Settlement if they deemed it unsatisfactory, strongly suggests the Settlement's fairness. *See, e.g., In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020).[6]

Likewise, the reaction of the Class also supports approval of the Plan of Allocation where, as here, only one objection was received. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1284-85 (9th Cir. 1992) (confirming district court's approval of plan of allocation as fair, reasonable, and adequate over one objection).

---

[6]   Additionally, the fact that only nineteen requests for exclusion were received following extensive notice efforts further supports approval of the Settlement. *See, e.g., Varacallo v. Mass. Mut. Life Ins. Co.*, 226 F.R.D. 207, 221, 251 (D.N.J. 2005) (where only 0.06% of class members opted out of the class favored approval of the settlement); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *14 (N.D. Cal. Feb. 11, 2016) (noting "low number of exclusions" supports reasonableness of a securities class action settlement).

Moreover, as discussed in Section III below, the limited objection to the Plan of Allocation's minimum payment provision lacks merit and should be rejected.

**B.    The Class's Reaction Also Supports Approval of Class Counsel's Request for Attorneys' Fees and Expenses**

The reaction of the Class similarly supports Class Counsel's motion for an award of attorneys' fees and Litigation Expenses. The lack of objections is strong evidence that the requested fees and expenses are reasonable. *See e.g.*, *In re Wilmington Tr. Sec. Litig.*, 2018 WL 6046452, at *8 (D. Del. Nov. 19, 2018) (finding no objections to settlement or attorneys' fees weighed in favor of the fee request); *see also In re Ins. Brokerage Antitrust Litig.*, 282 F.R.D. 92, 121 (D.N.J. 2012) ("The absence of substantial objections by Settlement Class members to the fees requested by Class Counsel strongly supports approval."); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (describing settlement where only two objections to fee request as a "rare phenomenon").

And, as with the Settlement, the lack of any objections by institutional investors further confirms the reasonableness of Class Counsel's fee and expense request. Institutional investors are sophisticated, and often have their own in-house legal departments and access to experienced outside lawyers. They know how to object to fee requests when appropriate. It is telling that none did so here. *See, e.g.*, *id.*, 396 F.3d at 305 (that "a significant number of investors in the class were sophisticated institutional investors that had considerable financial incentive to

object had they believed the requested fees were excessive" and did not do so, supported approval of request).

Accordingly, the favorable reaction of the Class provides strong support for the Settlement, the Plan of Allocation, and Class Counsel's request for attorneys' fees and Litigation Expenses and warrants the Court's approval of the Motions.

## III. THE LIMITED OBJECTION TO THE PLAN OF ALLOCATION IS WITHOUT MERIT AND SHOULD BE OVERRULED

The sole objection, dated April 1, 2024 (ECF No. 190), was submitted by John R. Evans, who purchased 75 shares of Becton common stock during the Class Period. *See* ECF No. 190, at 2.[7] As set forth in his objection, Mr. Evans criticizes "the $10 limitation for recovery." *Id*., at 1.

As set forth at ¶ 93 of the Notice, "[i]f an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant." This minimum payment threshold of $10.00 is a standard provision in class action settlement allocation plans, is fair and reasonable, and will benefit the Class as a whole by eliminating payments to claimants for whom the cost of processing claims, printing and mailing checks, and related follow up would be

---

[7]    Mr. Evans' transactions calculate to a recognized loss of $1,785.40 pursuant to the Plan of Allocation. *See* Supp. Segura Decl., ¶ 8. Although the *pro rata* for eligible Class Members cannot be determined until all Claims are processed and losses calculated, it is likely that Mr. Evans' distribution amount will be greater than $10.00 and he will receive a payment from the Settlement.

disproportionate in relation to the size of their claim. *See Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 328 (3d Cir. 2011) (noting provision will "save the settlement fund from being depleted by the administrative costs associated with claims unlikely to exceed those costs"); *see also In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 463 (S.D.N.Y. 2004) (noting minimum payment requirement addresses "the undeniable fact that claims-processing costs money, which comes out of the settlement fund" and "[c]lass counsel are entitled to use their discretion to conclude that, at some point, the need to avoid excessive expense to the class as a whole outweighs the minimal loss to the claimants who are not receiving their de minimis amounts of relief"). Courts in this District, including this Court, have routinely approved minimum payment provisions in plans of allocation. *See, e.g.*, *In re Eros Int'l Plc Sec. Litig.*, 2023 WL 8527129 (D.N.J. Nov. 28, 2023), (approving plan including $10 minimum payment (*see* notice at ECF No. 89-3, p. 20)); Order, *In re Novo Nordisk Sec. Litig.*, No. 3:17-cv-00209-ZNQ-LHG (D.N.J. July 13, 2022), ECF No. 362 (same (*see* notice at ECF No. 350-9, p. 22)); Order, *In re Allergan Generic Drug Pricing Sec. Litig.*, No. 2:16-cv-09449 (CLW) (D.N.J. Nov. 22, 2021), ECF No. 236 (same (*see* notice at ECF No. 231-5, p. 21)).[8]

---

[8]     Minimum payment thresholds greater than the $10.00 proposed here have also been approved. *See, e.g.*, *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 2007 WL 4526593, at *12 (S.D.N.Y. Dec. 20, 2007) (approving $50 minimum threshold); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 158

In sum, Mr. Evans provides no convincing reason to deviate from the inclusion of this standard payment provision here. Accordingly, the Court should reject this objection.

## IV.   CONCLUSION

For these reasons, and those set forth in their Opening Papers, Class Representative and Class Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses, including Class Representative's request for costs incurred in representing the Class in the Action. Copies of: (i) the [Proposed] Judgment Approving Class Action Settlement; (ii) the [Proposed] Order Approving Plan of Allocation of Net Settlement Fund; and (iii) the [Proposed] Order Awarding Attorneys' Fees and Litigation Expenses are submitted herewith.

Dated:  April 15, 2024

Respectfully submitted,

s/ *James E. Cecchi*

**CARELLA BYRNE CECCHI BRODY & AGNELLO, PC**
James E. Cecchi
Donald A. Ecklund
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

Sharan Nirmul
David A. Bocian
Joshua E. D'Ancona
Margaret E. Mazzeo
Vanessa M. Milan (admitted *pro hac vice*)
Nathaniel C. Simon (admitted *pro hac vice*)
**KESSLER TOPAZ
  MELTZER & CHECK, LLP**

(S.D.N.Y. 2013) (approving $20 minimum threshold (*see* notice at ECF No. 160-1, p. 17)).

9

decklund@carellabyrne.com

*Liaison Counsel for the Class*

280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
snirmul@ktmc.com
dbocian@ktmc.com
jdancona@ktmc.com
mmazzeo@ktmc.com
vmilan@ktmc.com
nsimon@ktmc.com

*Counsel for Lead Plaintiff Industriens Pensionsforsikring A/S and Class Counsel for the Class*

10

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing to be electronically filed with the CM/ECF system. Those attorneys registered with the Electronic Filing System will receive notice of this filing by ECF and email. I further certify that a courtesy copy of this filing will be served upon the Court and upon objector, John R. Evans.

Dated:  April 15, 2024

*s/ James E. Cecchi*
James E. Cecchi

**CARELLA BYRNE CECCHI
BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, NJ 07068-1739
Telephone: (973) 994-1700
Facsimile: (973) 994-1744
jcecchi@carellabyrne.com

*Liaison Counsel for the Class*