**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>BECTON, DICKINSON AND COMPANY and THOMAS E. POLEN,<br><br>                              Defendants. | Case No. 2:20-cv-02155-SRC-CLW<br><br>Hon. Stanley R. Chesler<br>District Court Judge<br><br>Hon. Cathy L. Waldor<br>Magistrate Judge |

**ORDER APPROVING PLAN OF ALLOCATION OF**
**NET SETTLEMENT FUND**

This matter is before the Court on Class Representative's motion to determine whether the proposed plan for allocating the Net Settlement Fund ("Plan of Allocation") created by the Settlement achieved in the above-captioned securities class action ("Action") should be approved. The Court having considered all matters submitted to it; and it appearing that notice substantially in the form approved by the Court, which advised Class Members of the Plan of Allocation, was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the proposed Plan of Allocation,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated as of December 19, 2023 (ECF No. 182-2) ("Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3.      Notice of Class Representative's motion for approval of the Plan of Allocation was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying the Class of the motion for approval of the proposed Plan of Allocation satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      Over 221,000 Postcard Notices and 4,500 Notice Packets (i.e., the Notice and Claim Form) were mailed to potential Class Members and Nominees, and the Notice which included the Plan of Allocation was posted on the Settlement website, www.BectonSecuritiesSettlement.com.

5.    While there was one objection to the Plan of Allocation received after the deadline, the Court understands that objection has since been withdrawn. (ECF No. 194). The Court nevertheless considers it pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure for the sake of completeness. The Court finds and concludes that the objection is without merit, and it is hereby overruled.

6.    The Court hereby finds and concludes that the formula for the calculation of the claims of Claimants as set forth in the Plan of Allocation provides a fair and reasonable basis upon which to allocate the proceeds of the Net Settlement Fund among Class Members with due consideration having been given to administrative convenience and necessity.

7.    The Court hereby finds and concludes that the Plan of Allocation is, in all respects, fair and reasonable to the Class. Accordingly, the Court hereby approves the Plan of Allocation proposed by Class Representative.

8.    Any appeal or any challenge affecting this Court's approval of the Plan of Allocation shall in no way disturb or affect the finality of the Judgment.

9.    There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 22nd day of April, 2024.

_____
s/ Cathy L. Waldor
The Honorable Cathy L. Waldor
United States Magistrate Judge

3