**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>                   Plaintiff,<br><br>    v.<br><br>BECTON, DICKINSON AND COMPANY and THOMAS E. POLEN,<br><br>                   Defendants. | Case No. 2:20-cv-02155-SRC-CLW<br><br>Hon. Stanley R. Chesler<br>District Court Judge<br><br>Hon. Cathy L. Waldor<br>Magistrate Judge |

**ORDER AWARDING ATTORNEYS' FEES**
**AND LITIGATION EXPENSES**

This matter is before the Court on Class Counsel's motion for an award of attorneys' fees and Litigation Expenses. The Court having considered all matters submitted to it; and it appearing that notice substantially in the form approved by the Court, which advised of Class Counsel's request for an award of attorneys' fees and Litigation Expenses, was mailed to all Class Members who or which could be identified with reasonable effort, and that a summary notice substantially in the form approved by the Court was published in *The Wall Street Journal* and transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of December 19, 2023 (ECF No. 182-2) ("Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3. Notice of Class Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Class Members who or which could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Class Counsel is hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund and $843,144.64 in payment of Plaintiff's Counsel's litigation expenses plus interest (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Class

Counsel shall allocate the attorneys' fees awarded among Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and payment of expenses from the Settlement Fund, the Court has considered and found that:

A. The Settlement has created a fund of $85,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claims will benefit from the Settlement that occurred because of the efforts of Plaintiff's Counsel;

B. The fee sought has been reviewed and approved as reasonable by Class Representative, a sophisticated investor that actively supervised the Action;

C. Over 221,000 Postcard Notices and 4,500 Notice Packets (i.e., the Notice and Claim Form) were mailed to potential Class Members and Nominees stating that Class Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $1,000,000, and there have been no objections to the requested attorneys' fees and expenses;

D. Plaintiff's Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

E.      The Action raised a number of complex issues;

F.      Had Class Counsel not achieved the Settlement there would remain a significant risk that Class Representative and the other members of the Class may have recovered less or nothing from Defendants;

G.      Plaintiff's Counsel devoted over 29,000 hours, with a lodestar value of $15,527,405.50, to achieve the Settlement; and

H.      The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.      Class Representative is hereby awarded $84,856.40 as reimbursement for its reasonable costs and expenses directly related to its representation of the Class in the Action.

7.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

8.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

9.      There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

SO ORDERED this 22nd day of April, 2024.

_____
s/ Cathy L. Waldor
The Honorable Cathy L. Waldor
United States Magistrate Judge

5