# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| INDUSTRIENS PENSIONSFORSIKRING A/S, Individually and On Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>BECTON, DICKINSON AND COMPANY and THOMAS E. POLEN,<br><br>                    Defendants. | Case No. 2:20-cv-02155-SRC-CLW<br><br>Hon. Stanley R. Chesler<br>District Court Judge<br><br>Hon. Cathy L. Waldor<br>Magistrate Judge |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *Industriens Pensionsforsikring A/S v. Becton, Dickinson and Company, et al.*, Case No. 2:20-cv-02155-SRC-CLW ("Action");

WHEREAS, by Opinion and Order dated August 3, 2023, this Court certified the Action to proceed as a class action on behalf of a class of all persons and entities who, from November 5, 2019 to February 5, 2020, inclusive, purchased or otherwise acquired Becton, Dickinson and Company ("BD") common stock or call options, or sold BD put options, and were damaged thereby;[1]

---

[1]  Excluded from the Class are: (i) Defendants; (ii) present or former executive officers of BD or any of BD's subsidiaries or affiliates, members of BD's Board of Directors, and members of the immediate families of each of the foregoing (as defined in 17 C.F.R. § 229.404, Instructions (1)(a)(iii) and (1)(b)(ii)); (iii) any of the

WHEREAS, (a) Court-appointed Lead Plaintiff and Class Representative Industriens Pensionsforsikring AS ("Class Representative"), on behalf of itself and the Court-certified Class; and (b) defendants BD and Thomas E. Polen (together, "Defendants") have entered into a Stipulation and Agreement of Settlement dated December 19, 2023 ("Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court ("Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

WHEREAS, by Order dated January 18, 2024 ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the Action and proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to

---

foregoing individuals' and entities' legal representatives, heirs, successors, or assigns; and (iv) any entity in which any Defendant has a controlling interest. Also excluded from the Class are any persons and entities who or which submitted a request for exclusion from the Class that was accepted by the Court as listed on Exhibit 1 hereto.

object to the Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on April 22, 2024 ("Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on December 21, 2023; and (b) the Postcard Notice, Notice, and Summary Notice, all of which were filed with the Court on March 18, 2024.

3. **Notice** – The Court finds that the dissemination and posting of the Postcard Notice and Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4. **CAFA Notice** - The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied. Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the

United States of America, and the Attorneys General of all States in which Class Members reside. The notice contained the documents and information required by 28 U.S.C. § 1715(b)(1)-(8).

5. **Objections** – There are no objections to the Settlement. While there was one objection to the Plan of Allocation received after the deadline, the Court understands that objection has since been withdrawn. (ECF No. 194). The Court nevertheless considered it for the sake of completeness, and as set forth in the Court's Order Approving Plan of Allocation of Net Settlement Fund, concluded that the objection was without merit and overruled it.

6. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the Settlement Amount; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Class. Specifically, the Court finds that: (a) Class Representative and Class Counsel have adequately represented the Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Class; and the proposed attorneys' fee award; and (d) the

Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

7. The Action and all of the claims asserted against Defendants in the Action by Class Representative and the other Class Members are hereby dismissed in their entirety with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Class Representative, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

9. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Class Representative and each of

the other Class Members, whether or not the Class Member executes and delivers a Claim or shares in the Net Settlement Fund, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, and anyone claiming through or on behalf of any of them, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting, commencing, or instituting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants' Releasees. This release shall not apply to any person or entity listed on Exhibit 1.

(b) Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Class Representative and the other Plaintiff's Releasees, and shall forever be barred and

enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff's Releasees. This release shall not apply to any person or entity listed on Exhibit 1.

(c) Pursuant to the PSLRA, upon entry of this Judgment, all claims by any individual or entity for contribution or indemnity arising out of the Action, however such claims are denominated, shall be barred against the Releasees.

10. Notwithstanding paragraphs 9(a) – (c) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **No Admissions** – Neither this Judgment, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the

8

Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

 (a) shall be evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

 (b) shall be evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

 (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder, or may refer to or file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim or otherwise to enforce the terms of the Settlement.

13. **Settlement Fund** – The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $85,000,000.00 to the Settlement Fund.

14. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

15. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Class Counsel for attorneys' fees and Litigation Expenses. Neither such orders, nor any appeal or challenge affecting the approval of the Plan of Allocation and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, shall in any way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

16. **Modification of the Agreement of Settlement** – Without further approval from the Court, Class Representative and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Class Representative and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

17. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Class Representative, the other Class Members, and Defendants, and Class Representative and Defendants shall

11

revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on November 13, 2023, as provided in the Stipulation.

18. **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 22nd day of April, 2024.

                                                           _____s/ Cathy L. Waldor_____
                                                           The Honorable Cathy L. Waldor
                                                           United States Magistrate Judge

# Exhibit 1

List of Persons and Entities Excluded from
the Class Pursuant to Request

1. Louise L. Bailey
   Tuscaloosa, AL

2. Joan L. Bechthold

3. Debbie A. Brennan
   Farr West, UT

4. Marc J. Cappelli

5. Joan Cissel
   Louisville, KY

6. John Scott Evans
   Greely, Ontario
   Canada

7. Gene Lynn Findley
   Tuscaloosa, AL

8. Margaret K. Findley
   Louise L. Bailey, Executrix
   Tuscaloosa, AL

9. Judith Anne Hamley

10. Geoffrey Frederick Kingston

11. Joseph Lommen

12. Sharon W. Lout
    Houston, TX

13. Norah Jean Love

14. Eve McDonald

15. Gwen Diane O'Donnell
    Nicholas Fitzgerald Lomasney JT TEN
    Larchmont, NY

16. Steven Sauder

17. Vivian Spicer Turnbull
    Silver Spring, MD

18. John and Tannie Zuiderveen

19. Malta Pension Investments
    St. Julians, Malta